**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hartman SPE, LLC, | ) | Case No. 23-11452 (___) |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |

**DECLARATION OF DAVID WHEELER IN SUPPORT OF**
**CHAPTER 11 PETITION AND FIRST DAY PLEADINGS**

I, David Wheeler, hereby declare under penalty of perjury:

1.     I submit this declaration (this "Declaration") on behalf of Hartman SPE, LLC (the "Debtor") in my capacity as the President of Hartman SPE Management, LLC ("SPE Manager"), the Debtor's sole manager.

2.     I have over 35 years of experience in the acquisition, disposition, financing, and leasing of commercial real estate investments.  I hold an MBA with a concentration in real estate from Southern Methodist University and a BS in civil engineering with an option in construction management from Texas A&M University.  Before joining the Debtor and its affiliated companies, I spent 16 years with CBRE, where I served as Vice President to the Investment Services Division and successfully completed the sale of over 9 million square feet of property throughout the South-Central U.S.  During my tenure with the Debtor and its affiliated companies, I have been involved in all aspects of the business, including operations, marketing, and finance.  I currently serve as the interim President for Silver Star Properties REIT, Inc., the Debtor's indirect parent, where my

---

[1]  The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400).  The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057.  Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

responsibilities range from sourcing investment opportunities in self-storage, shopping centers, office buildings and industrial properties, to closing, ownership transition, asset management, and disposition.

## I.    PRELIMINARY STATEMENT[2]

3.    The Debtor commenced this Chapter 11 Case on an accelerated timeline to address improper and abusive actions taken by Allen R. Hartman and Hartman vREIT XXI, Inc., a 2.47% minority member of the Debtor [3] (the "Hartman Minority Member").  Hartman Minority Member has placed a wrongful cloud on title and hindered the Debtor's ability to sell its real estate portfolio to pay down and refinance its senior secured debt that will mature on October 9, 2023.  These actions include filing a lawsuit in Texas state court alleging that its minority interest in the Debtor gives it an undivided ownership interest in the Debtor's real estate, a position clearly contrary to law. The Hartman Minority Member has gone so far as to file lis pendens against several of the Properties (*see* **Exhibit E**).  The Debtor is at serious risk of losing buyers and, when buyers are willing to close, they are requiring substantial price adjustments.  For example, the Debtor was recently required to reduce the purchase price of its Prestonwood property, which was subject to a lis pendens, by $125,000 and place **$2.7 million into escrow**.[4]  This escrow was in addition to **a $1 million** escrow the buyer had to provide to secure funding.  Another buyer recently demanded a **$1.85 million** downward price adjustment due to the cloud on title and fear of being pulled into the State Court Lawsuit.  The Debtor simply cannot afford to let this continue, prompting this case.

---

[2] Capitalized terms used in the Preliminary Statement are defined in the body of this Declaration.

[3] Allen Hartman is the controlling principal of Hartman vREIT XXI, Inc.

[4] The Prestonwood property sold for $25.45 million, which reflected a $125,000 price reduction.  The Hartman Minority Member had filed a lis pendens against this property also.

4.      The Hartman Minority Member's actions have not only alarmed title companies and potential purchasers, they have caused the Debtor to incur substantial attorneys' fees to defend against allegations of an undivided ownership in the Properties. These actions are particularly troubling since the State Court Lawsuit bears no apparent connection to ownership of the Properties.  The Debtor has filed motions to address the cloud on title, but the State Court has not ruled.

5.      Seeing no means to remove the improper cloud on title in advance of loan maturity,[5] the Debtor filed for Chapter 11 to quickly sell a portion of its portfolio[6] sufficient to permit it to refinance its secured lender with new, third-party exit financing, **pay all undisputed creditors in full,** and continue it prepetition efforts to transition its portfolio from retail, office, and industrial space to self-storage properties.

6.      The Majority Member, the SPE Manager, and the SPE Manager's two independent managers have each consented to the Debtor filing for Chapter 11 relief in order to clear the cloud on title created by the Hartman Minority Member's actions.

## II.      <u>GENERAL OVERVIEW</u>

7.      On the date hereof (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition (the "<u>Chapter 11 Petition</u>") under Chapter 11 of title 11 of the United States Bankruptcy Code commencing this Chapter 11 case (the "<u>Chapter 11 Case</u>").  I submit this Declaration in support of the Chapter 11 Petition and certain other "first day" motions (each, a "<u>First Day Pleading</u>" and collectively, the "<u>First Day Pleadings</u>").[7] I believe that the First Day Pleadings are (a) necessary

---

[5] As explained below, the Debtor has filed emergency motions with the state court, but has been unable to obtain a ruling in sufficient time to address the upcoming loan maturity.

[6] The Debtor values its portfolio at approximately $400 million.  Its prepetition secured loan has an outstanding balance of approximately $217 million.

[7]  Capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the relevant First Day Pleading.

to enable the Debtor to operate in Chapter 11 while maximizing its productivity and value, (b) a critical element in achieving a successful landing in and journey through Chapter 11, and (c) essential to maximizing the value of the Debtor's estate and maintaining its operations while it conducts the sale of portions of its real estate portfolio free and clear of all liens, claims, encumbrances, and other interests (including the cloud on title) and pursue confirmation of a plan that will refinance its current secured debt and **pay all undisputed creditors in full**.  I believe that the relief sought in the First Day Pleadings is in each case narrowly tailored and necessary to achieve these goals.

8.     Except as otherwise indicated, all statements set forth in this Declaration are based upon:  (a) my personal knowledge; (b) information supplied to me by other members of Debtor's management or its professionals that I believe in good faith to be reliable; (c) my review of relevant documents; or (d) my opinion based upon my experience in the real estate industry and knowledge of the Debtor's operations and financial condition.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

9.     This Declaration is divided into three additional parts.  *Part III* provides an overview of the Debtor, its business, its capital structure, and its prepetition indebtedness.  *Part IV* describes the circumstance surrounding the commencement of the Chapter 11 Case, and what the Debtor views as the path forward.  *Part V* discusses the First Day Pleadings.

### III.     OVERVIEW OF THE DEBTOR'S BUSINESSES AND FINANCIAL AFFAIRS

### A.     General Overview

10.     Debtor Hartman SPE, LLC is a Delaware special purpose entity formed on July 19, 2018.  It holds title to 35 parcels of commercial real estate (the "Properties") that include office,

retail, and industrial properties, with an estimated portfolio value of over $400 million.[8]   The

Properties are managed by Silver Star Property Management, Inc. (the "Property Manager")

pursuant to a Real Estate Property Management Agreement (the "Management Agreement"),

discussed below.   The majority of the Debtor's back-office and vendor-procurement services,

including management and employees, are provided by Property Manager through the

Management Agreement.

11.     The Debtor's members are Hartman XX Limited Partnership, owner of 97.53% of

the membership interests (the "Majority Member"), and Hartman vREIT XXI, Inc. (the "Hartman

Minority Member"), owner of 2.47% of the membership interests.  *The Debtor holds title to each

of its Properties, and neither Majority Member nor the Hartman Minority Member appear on

those titles.*

12.     The Debtor's business and affairs are managed by Hartman SPE Management, LLC

("SPE Manager"), a Delaware special purpose entity.   Although SPE Manager is primarily

member-managed, it has a board of managers that includes two (2) independent managers, each of

whom approved the Debtor filing its petition for relief.

13.     Silver Star Properties REIT, Inc., the Debtor's ultimate parent, is a non-traded

public REIT with approximately 4,300 shareholders located throughout the United States.[9]

B.     **The Management Agreement**

14.     The Debtor and its affiliate Silver Star Property Management, Inc., the Property

Manager, are parties to a Real Property Management Agreement dated as of October 1, 2018 (the

"**Management Agreement**") pursuant to which the Debtor appointed Property Manager to serve

---

[8] A list of the Properties is attached hereto as **Exhibit A.**
[9] An illustration of the Debtor's organizational structure is attached as **Exhibit B**.

as its managing and leasing agent for its Properties.[10] Pursuant to the Agreement, Property

Manager has full power and authority to exercise all functions and perform all duties in connection

with the operation and management of the Properties, subject to the Debtor's right to supervise

and, if it so chooses, direct Manager's actions.

15.    Tenant receipts are paid into an account with Wells Fargo that is subject to a control

agreement with KeyBank National Association ("<u>KeyBank</u>"), described below.

16.    In return for its services, the Debtor pays Property Manager:

- as base compensation, a property management fee equal to 3% of the Effective Gross Revenues[11] for the Properties as office properties and 5% of the Effective Gross Revenues for Properties classified as retail, flex or industrial properties, with a maximum overall management fee not to exceed 3.6% of the Effective Gross Revenues for all Properties. Management fees are due within 10 days after the end of each calendar month;

- if Property Manager provides leasing services, a leasing fee equal to the leasing fees charged by unaffiliated persons rendering comparable services in the same geographic location payable upon execution of the lease;

- if Property Manager supervises construction or installation of tenant improvements, a construction management fee equal to 5% of the costs of construction or installation;

- if Property Manager contracts directly with a third-party property manager, an oversight fee equal to 1% off the Effective Gross Revenues of the Property managed, but in no event will the Debtor pay both a property management fee and an oversight fee on a particular Property; and

- if Property Manager provides substantial services in connection with an asset sale, a disposition fee equal to (a) in the case of real property, the lesser of (i) one-half of the aggregate brokerage commission paid or, if none is paid, the amount that customarily would be paid, or (ii) 3% of the sales price of each property sold, and

---

[10] The Management Agreement had an initial term of one (1) year and automatically extends on an annual basis unless terminated pursuant to the terms of the agreement.  The Management Agreement is set to renew by its terms on October 1, 2023; however, Debtor and Property Manager have negotiated a one-month extension.

[11] "Effective Gross Revenues" is defined as "all payments actually collected from tenants and occupants of the Properties, exclusive of (a) security and deposits (unless and until such deposits have been applied to the payment of current or past due rent) and (b) payments received from tenants in reimbursement of expense of repairing damage caused by tenants.  Management Agreement Art. III.A.1.

(b) in the case of the sale of an asset other than real property, 3% of the sales price of such asset.

17.     Property Manager is also entitled to reimbursement of all reasonable and necessary expenses incurred or monies advanced by Property Manager in connection with its management and operations of the Properties within 15 days of request.  Property Manager, however, is not entitled to be reimbursed for its overhead, including the salaries and expenses of employees related to the management of the Properties except as provided in Article II(a)(i) of the Management Agreement.[12]  In the year preceding the Petition Date, the Debtor paid Property Manager approximately $16.5 million in fees and reimbursements.  I do not believe that Property Manager was owed any amounts under the Management Agreement as of the Petition Date and the Debtor is not seeking to assume the Management Agreement as part of its first day relief.[13]

18.     As permitted by the Management Agreement, Property Manager and Transwestern Commercial Services, L.L.C and certain of its affiliates ("Transwestern") entered into a Portfolio Sub-Management and Leasing Agreement dated as of July 28, 2023, pursuant to which Property Manager engaged Transwestern as an independent contractor for a three-year initial term, with consecutive one-year renewal, to serve as the manager and leasing agent for a subset of the Properties.  Transwestern does not maintain and has no access to funds in any bank account or operating accounts related to the Properties and it is paid by Property Manager, not the Debtor.

19.     Property Manager entered into the Portfolio Sub-Management and Leasing Agreement in order to reduce costs, stabilize and enhance property management and leasing services to Debtor's tenants, and to facilitate an orderly transition of the Debtor's portfolio from retail, office, and industrial properties into self-storage properties.

---

[12] Management Agreement Art. III.A.

[13] Property Manager, however, is not waiving any claim it may hold and has reserved all rights in that regard.

C.     **The Debtor's Capital Structure**

20.     On October 1, 2018, the Debtor closed on a term loan agreement (the "Loan Agreement") with Goldman Sachs Mortgage, as lender, in the principal amount of $259 million (the "Prepetition Loan").   The Prepetition Loan was secured by, among other things, first mortgages, deeds of trust, and similar instruments on the Debtor's fee simple interest in 39 office, retail, and industrial properties located in Houston, Dallas/Ft. Worth, and San Antonio Texas.  The mortgages were securitized and sold into the commercial mortgage backed securities market. KeyBank acts as servicer and special servicer for the debt and U.S. Bank National Association acts as certificate administrator, custodian, and trustee.

21.     The Loan Agreement had an initial maturity of October 9, 2020 (the "Maturity Date"), with three, optional one-year extension options. On October 9, 2022, the Debtor exercised the third and final one-year maturity date extension agreement to extend the Maturity Date to October 9, 2023.

22.     On October 19, 2022, the Debtor received notice of an Event of Default (as defined under the Loan Agreement) from KeyBank, as Master Servicer for U.S. Bank National Association solely in its capacity as Trustee for the benefit of the Holders of the GS Mortgage Securities Trust 2018-HART, Commercial Mortgage Pass-Through Certificates, Series 2018-HART and the RR Interest Owner.  The default arose from the Debtor's alleged noncompliance with the Loan Agreement's insurance requirements relating to a single property, which has since been sold. The Event of Default was previously waived for the sole purpose of exercising the final one-year extension option to the Loan Agreement.  The Event of Default triggered cash management provisions that have been in effect since November 2022, restricting the Debtor's access to tenant receipts from the Properties, which is discussed in the Cash Management Motion.

23.     The Prepetition Loan has a current outstanding balance of approximately $217 million.

24.     In addition to the Prepetition Loan, certain of the Properties are subject to mechanic and materialman liens, which are currently under review (the "M&M Liens").  The Debtor contemplates that all valid M&M Liens will be paid as the relevant Properties are sold or pass through the bankruptcy with respect to unsold Properties.

25.     As of the Petition Date, the Debtor estimates that its unsecured debt is approximately $14.5 million, with approximately $7.5 million owed to trade creditors and approximately $7 million in contingent, disputed debt potentially owing to Summer Energy, LLC resulting from a Final Judgement entered in the District Court of Harris County, 295th Judicial District, on March 24, 2022, which is subject to a pending appeal.

## IV.     EVENTS LEADING UP TO THE CHAPTER 11 CASE AND PATH FORWARD

### A.     Events Precipitating the Filing of the Chapter 11 Case.

26.     The Debtor is in the process of transitioning its business model from office, industrial, and retail space into self-storage and is liquidating its portfolio of Properties to facilitate the transition.  The Debtor's efforts, discussed in more detail below, have led to a substantial pay down of the Prepetition Loan and opened the door for refinancing opportunities that would pay off the Prepetition Loan, pay all undisputed claims in full, retain sufficient value for equity, and support continued operations and the ongoing transition of the Debtor's business model.  The Debtor's efforts, however, have been hampered by the actions of Allen R. Hartman and the Hartman Minority Member that holds a 2.47% interest in the Debtor.

27.     On March 20, 2023, the Hartman Minority Member and Allen R. Hartman filed *Plaintiff's Original Petition* in the District Court of Harris County Texas, commencing cause No.

2023-17944 (the "<u>State Court Lawsuit</u>" pending in the "<u>State Court</u>").  The Original Petition has

been amended twice, resulting in the Plaintiff's *Third Amended Original Petition and Petition for*

*Declaratory Relief* (the "<u>Amended Petition</u>") filed on September 4, 2023, naming the following

defendants: Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX,

Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star

Property Management, Inc., Hartman SPE, LLC (the Debtor), Hartman Income REIT, Inc. and

Hartman Retail I, DST (collectively "<u>Defendants</u>").  The current plaintiffs are the Hartman

Minority Member, Allen R. Hartman, and REIT Property Management, LLC (collectively,

"<u>Plaintiffs</u>").

28.     Although the Original Petition was filed in March 2023, the Debtor did not receive

notice of the lawsuit until July 19, 2023 when it received a copy of the petition for the first time as

an attachment to a lis pendens the Hartman Minority Member filed against one of its Properties.

The Hartman Minority Member has filed multiple lis pendens against the Debtor's Properties

(attached as **Exhibit E**).

29.     As relevant here, the Amended Petition alleges that the Hartman Minority Member,

via its 2.47% membership interest in the Debtor, owns an undivided interest in the Debtor's

Properties.  Specifically, the Hartman Minority Member alleges that:

> Plaintiff Hartman XXI owns a 2.47% interest in Hartman SPE, LLC, a wholly
> owned subsidiary of Silver Star. Hartman XXI also owns both common shares and
> operating unit in Silver Star. Therefore, pursuant to these ownership rights,
> **Hartman XXI owns an undivided interest, legal and equitable or otherwise, in
> the properties owned by Defendant Hartman SPE, LLC**.

Am. Pet. at 8 (emph. added).[14]  Indeed, *Plaintiffs' Second Amended Original Petition and Petition*

*for Declaratory Relief* went as far as to individually list the Debtor's Properties in the petition and

---

[14] Footnote 4 of the Amended Petition acknowledges that the Debtor disputes this allegation.

allege that the Hartman Minority Member owned an undivided interest, legal and equitable or otherwise, in each one.  Sec. Am. Pet. at 24-25.[15]  Although the Amended Petition no longer lists the Debtor's Properties by address, it still alleges that the Hartman Minority Member holds an ownership interest in the Properties, and the Hartman Minority Member has gone as far as to file a lis pendens against several of the Properties.[16]  Defendants filed a motion to expunge or cancel the lis pendens on July 25, 2023 and a motion to dismiss the Amended Petition on August 8, 2023, but the State Court has yet to rule.

30.    Plaintiffs' actions have placed a cloud on title and hindered the Debtor's ability to sell the Properties, which is the key to paying down the Prepetition Loan and obtaining replacement financing prior to loan maturity.  For example, in order to close on the prepetition sale of its Prestonwood Park property, the Debtor was required to reduce the purchase price by $125,000, place **$2.7 million** into escrow, and provide various indemnities, all as a direct result of the Hartman Minority Member's allegations in the State Court Lawsuit. This escrow was in addition to $1 million the buyer had to place into escrow pending resolution of the cloud on title.

31.    The Hartman Minority Member's actions have placed other pending sales at risk, including the Mission Centre, One Mason, and Walzem Properties, addressed below.  Furthermore, the ability to refinance the portfolio will likely be challenged due to these impermissible and vexatious clouds on title.

32.    Plaintiffs' actions are particularly troubling since they are fully aware that the Prepetition Loan is in default and will mature on October 9, 2023.  Despite this, Plaintiffs have continued with this course of action, leaving the Debtor with no viable option other than to file for

---

[15] True and correct copies of the Plaintiffs' Second Amended Original Petition and Petition for Declaratory Relief and the Amended Petition are attached hereto as **Exhibits C** and **D**, respectively.

[16] True and correct copies of the lis pendens are attached **Exhibit E**.

bankruptcy relief before the Prepetition Loan matures in order to preserve the purchase and sale agreements that were negotiated prepetition.[17]

33.     Because of this, in early September 2023, Debtor's management team, together with its professionals, determined that a Chapter 11 process that includes section 363 sales of Property free and clear of all liens, claims, encumbrances, and other interests (including the cloud on title) was the best and most value maximizing path forward.

34.     The Majority Member, the SPE Manager, and the SPE Manager's two independent managers have each consented to the Debtor filing for Chapter 11 relief in order to clear the cloud on title created by the Hartman Minority Member's actions.

**B.     Goals for the Chapter 11 Case**

35.     As previously explained, the Debtor is in the process of transitioning its business model from office, industrial, and retail properties into self-storage assets.  Due to the diverse nature of the Properties, ranging from industrial sites to high-end office space, the Debtor determined that the best way to maximize value is to sell the Properties on an individual basis and, as part of that process, hire brokers based on the nature and location of the Property.  This approach has been successful, with 12 Properties currently under contract and 6 more that appear close to being under contract.  Consummation of contemplated transactions will permit the Debtor to

---

[17] Although the third Amended Petition has removed the Plaintiffs' request for a declaratory judgment regarding the ownership of SPE's assets, they continue to assert an undivided ownership in the Properties.  Moreover, it does not appear that Plaintiffs have withdrawn the lis pendens.

refinance its Prepetition Loan with a third-party lender and propose a plan that will pay all undisputed claims in full.

## V.     <u>FIRST DAY PLEADINGS</u>[18]

36.     Contemporaneously with the filing of the Chapter 11 Case, Debtor filed the First Day Pleadings seeking relief related to the administration of the Chapter 11 Case and Debtor's operations. The Debtor respectfully requests that the proposed relief described in each of the First Day Pleadings be granted as critical to maximizing the value of the estate. A description of the relief requested in and the facts supporting each of the First Day Pleadings is set forth below.

A.     **Debtor's Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the (A) Sale of Real Estate Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (B) Assumption and Assignment of Executory Contracts and Unexpired Leases of Non-Residential Real Property; and (II) Granting Related Relief (the "<u>Sale Procedures Motion</u>")[19]**

    **and**

    **Omnibus Motion of the Debtor for an Order (I) Authorizing the Assumption of Real Estate Brokerage Agreements and (II) Granting Related Relief (the "<u>Motion to Assume Broker Agreements</u>")**

37.     As explained above, the Debtor holds title to 35 parcels of commercial real estate that include office, retail, and industrial properties, with an estimated portfolio value of approximately $400 million. Prepetition, the Debtor began the process of transitioning its portfolio from office, industrial, and retail space into self-storage assets and sold four properties to facilitate

---

[18] Capitalized terms used in this Section but not defined herein shall have the meanings given to them in the applicable First Day Pleading.

[19] The Debtor is requesting authority to sell up to $85 million of its Property portfolio on an interim basis to address sales it believes are likely to close in the first weeks of the case. These Properties likely to close include (but are not limited to): Regency Square ($3.24 million), One Mason Plaza ($13.5 million), Mission Centre ($12.65), Fondren Plaza ($12.85 million), Northeast Square ($5.4 million), Promenade North ($18.1 million), and Walzem ($15 million).

the transition,[20] using the proceeds to pay down its Prepetition Loan.  These efforts, which the Debtor wishes to continue during the Chapter 11 Case, have resulted in significant pay down of its secured debt.

38.     Due to the diversity of the Properties, ranging from industrial sites to high-end office space throughout Houston, Dallas/Ft. Worth, and San Antonio, the Debtor has determined, in the exercise of its business judgment, that marketing the Properties on a standalone basis will maximize the value of each Property to the estate and its creditors.[21]  The Debtor believes it unlikely that a single buyer would have an interest in all the Properties and that marketing the Properties as a single portfolio would result in a smaller pool of interested parties and a lower overall price.

39.     In this regard, on the Petition Date, the Debtor was party to agreements with various real estate agencies (each a "Broker Agreement" entered into with a "Broker") covering 30 of the 35 Properties.  The Debtor specifically chose each Broker based on the underlying nature and location of the property and the Broker's particular expertise.  The Broker Agreements are market-based contracts and with well-known companies that have conducted fulsome marketing efforts in accordance with industry standards. I believe that retaining Brokers based on the specific needs of each Property, versus a single broker to sell all, will result in not only more expeditious sales, but the highest and best offer for each Property.

40.     Under a Broker Agreement, the marketing process generally commences with the Debtor sending a packet of diligence materials for the Broker to analyze, including information on the property, its use, occupancy, cash flow, and similar matters.  The Broker then prepares a

---

[20] Prepetition, the Debtor sold the following properties: Prestonwood Park Shopping Center; Haute Harwin Fashion Center; Spring Valley Business Center; and Mitchelldale Business Park.

[21] The Debtor, however, will consider all offers, whether standalone or for a group of Properties.

confidential offering memorandum, lists the Property on a national website, and distributes flyers and other information to an extensive list of contacts.   Interested parties may then sign a confidentiality agreement to receive a copy of the offering memorandum and access to the virtual data room, with tours available upon request.

41.     A brief description of the marketing process for several of the Properties that are likely to close quickly upon approval of sale procedures is below.   In each case, the proposed purchase price is supported by the Debtor's internal assessment and broker opinions as to value and I believe that accepting each offer is a sound exercise of the Debtor's business judgment.

a.     The Debtor signed a Broker Agreement with CBRE on October 7, 2022 regarding its **Regency Square Property**.   CBRE contacted 76,685 parties, of which 31 expressed interest, 20 signed confidentiality agreements and were granted access to a virtual data room, and three requested tours.   These efforts resulted in 7 offers, and the property is currently under contract with a purchase price of **$3,238,932.70**.

b.     The Debtor signed a Broker Agreement with Marcus & Millichap on September 23, 2022 regarding its **One Mason Property** and on April 17, 2023 regarding its **Mission Centre and Fondren Road Plaza Properties.** The Debtor received at least 7 offers among the 3 properties before selecting the highest and best offers, each of which included a non-refundable earnest money deposit.   These properties are currently under contract with the same counterparty for a purchase price of **$13.5 million, $12.65 million,** and **$12.85 million**, respectively.

c.     The Debtor signed a Broker Agreement with Marcus & Millichap on May 15, 2023 regarding its **Northeast Square Property.**   The Debtor received at least two offers before placing this property under contract for a price of **$5.4 million**.

d.     The Debtor did not place its **Promenade North Property** with a broker, but instead received a significant number of indications of interest from brokers and potential buyers when it began placing other Properties on the market. The Debtor received at least 3 offers to purchase this property, which is currently under contract for **$18.1 million**.

e.     The Debtor did not place its **Walzem Property** with a broker, but instead

began receiving indications of interests when it placed other Properties for sale. The Debtor received two offers before placing the Walzem Property under contract with the owner of an adjacent property for a purchase price of **$15 million.**

42.      As a result, of the 30 Properties subject to Broker Agreements, 12 were under contract on the Petition Date and 6 appear to be close to coming under contract. A list of Properties and their current status is attached as **Exhibit A** to this Declaration.

43.      Pursuant to the Sale Procedures Motion, the Debtor seeks to establish an efficient procedure to sell Properties that were subject to Broker Agreements on the Petition Date. Under the proposed procedures, after execution of a Purchase and Sale Agreement covering a Property (or entry of an Order approving the procedures), the Debtor will file with the Court and serve upon necessary parties the (a) Sale Notice, which will include among other things a copy of the Sale Procedures Order and Purchase and Sale Agreement, and (b) Assumption and Assignment Notice, which will include among other things a copy of the Sale Procedures Order and a list of Assigned Contracts with associated Cure Amounts (if any). Parties will be given ten (10) days from service of each notice to file any objections they may have to the proposed sale and assumption and assignment. The Property will also be subject to higher and better offers during this period. As more fully set forth in the Sale Procedures Motion, all sales would be free and clear of liens, claims, encumbrances, and other interests pursuant to section 363 of the Bankruptcy Code (including the cloud on title caused by the State Court Lawsuit), with such liens, claims, encumbrances, and other interests to attach to the proceeds of the sale to the same extent, and with the same priority, as existed prior to the Petition Date.

44.      In conjunction with the Sale Procedures Motion, the Debtor filed the Motion to Assume Broker Agreements seeking authority to assume the Broker Agreements, each of which are market-based and negotiated at arm's-length and in good faith between the Debtor and each

Broker.  Assumption of the Broker Agreements will help ensure that each Broker will continue its fulsome marketing efforts, resulting in the highest and best offer for each Property.  Absent assumption of the Broker Agreements, the Brokers have no assurance that they will be paid for their efforts upon closing of a sale.

45.     I believe that the relief requested in the Sale Procedures Motion and the Motion to Assume Broker Agreements should be granted on an immediate basis.  Absent a stream-lined and efficient procedure, I believe the Debtor will lose potential purchasers through attrition because sales will not close in time to meet a buyer's financing contingencies or because the delay will cause the cost of financing to increase beyond acceptable levels.  Or, if the sales do close, the buyers will request purchase price adjustments.  This is particularly so with respect to sale contracts pending on the Petition Date.

46.     For example, prepetition, the Debtor received a correspondence from the counterparty to a pending contract on its Promenade Property, citing to the Hartman Minority Member's allegations as the basis for proposing a $1.850 million purchase price reduction to account for the cloud on title, the likelihood that buyer would be pulled into the State Court Lawsuit, and the affect the lawsuit may have on buyer's ability to obtain financing.

47.     Other counterparties to pending contracts have also voiced concern, including the potential buyer for the Debtor's Mission Centre and One Mason Properties, stating they are struggling to keep equity and debt commitments in place and requesting a downward purchase price adjustment to compensate.  Similar concerns have been expressed by the potential purchaser for the Debtor's Walzem Property who has expressed challenges in keeping its financing in place.

48.     Moreover, many of the pending sales are past their initial closing dates, forcing the Debtor to spend funds to maintain the Properties during a period when its cash has been constrained due to the restrictions placed on the Debtor by KeyBank.

49.     Accordingly, I believe that the relief requested in the Sale Procedures Motion and the Motion to Assume Broker Agreements is in the best interests of the estate and its creditors and will help maximize the value of the Debtor's estate for the benefit of its creditors.

**B.     Cash Collateral**

50.     During the Chapter 11 Case, the Debtor will need the cash generated from its operations and current cash on hand to honor obligations under its vendor contracts, maintain insurance coverage, pay taxes, and make any other payments essential to the continued management, operation, and preservation of the Debtor's business.  The ability to satisfy these expenses as and when due is necessary for the Debtor's continued operation during the pendency of this Chapter 11 Case.

51.     The Debtor requires immediate access to liquidity to ensure that it is able to operate its business during the Chapter 11 Case, preserve the value of its estate for the benefit of all parties in interest, and pursue confirmation and consummation of a plan of reorganization that will pay all undisputed creditors in full.  Without prompt access to cash collateral, the Debtor would be unable to satisfy trade payables incurred in the ordinary course of business, preserve and maximize the value of its estate, and fund the administration of the Chapter 11 Case, which would cause immediate and irreparable harm to the value of the Debtor' Properties to the detriment of all stakeholders.

52.     Prepetition, the Debtor contacted KeyBank to negotiate a consensual use of cash collateral and the granting of adequate protection.  At the time of the filing of the Bankruptcy Case,

no agreement has been reached. However, the Debtor will continue to work with KeyBank in good faith regarding the use of cash to fund the estate's expenses and request relief from the Court at the appropriate time.

**C.    The Debtor's First Day Pleadings**

53.    Contemporaneously herewith, the Debtor has filed a number of First Day Pleadings in the Chapter 11 Case seeking orders granting various forms of relief intended to facilitate the efficient administration of the Chapter 11 Case.

54.    I have reviewed each of the First Day Pleadings listed on **Exhibit F**, and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

55.    I believe that the relief requested in the First Day Pleadings is necessary to avoid immediate and irreparable harm and to allow the Debtor to operate with minimal disruption during the pendency of the Chapter 11 Case.

56.    Accordingly, for the reasons stated herein and in each of the First Day Pleadings, I respectfully request that each of the First Day Pleadings be granted in its entirety.

## VI.    CONCLUSION

57.    For all of the reasons set forth herein and in the First Day Pleadings, I respectfully request that the Court grant the relief requested in each of the First Day Pleadings.

*[Remainder of page left blank intentionally]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  September 13, 2023
        McKinney, Texas

 

*/s/ David Wheeler*
David Wheeler
President
Hartman SPE Management, LLC

# Exhibit A – List of Properties

| Property Name | Type | Primary Street Address | Listing Agent | Status | Contract Price |
|---|---|---|---|---|---|
| North Central Plaza | Office | 12655 N. Central Expressway, Dallas | CBRE, Inc. | Contract Pending | |
| Central Park | Industrial | 1901 N. Glenville Drive, Dallas | CBRE, Inc. | Contract Pending | |
| Gateway Tower | Office | 8111 LBJ Freeway, Dallas | Younger Partners | Contract Pending | |
| Parkway Plaza I&II | Office | 14110, 14114 N. Dallas Pkwy, Dallas | CBRE, Inc. | Contract Pending | |
| Commerce Plaza Hillcrest | Office | 12850 Hillcrest Rd., Dallas | SHOP Concepts, LLC* | Contract Pending | |
| Skymark Tower | Office | 1521 N. Cooper St., Dallas | Younger Partners | Contract Pending | |
| One Mason Plaza | Retail | 811, 829 & 873 South Mason Rd., Katy | Marcus & Millichap Real Estate Investment Services | Under Contract | $13,500,000 |
| Walzem Plaza | Retail | 5400 Walzem Rd., San Antonio | AFC Realty, LLC (Henry S. Miller Brokerage - Houston)* | Under Contract | $15,000,000 |
| Mission Centre | Retail | 14639 Beechnut, Houston | Marcus & Millichap Real Estate Investment Services** | Under Contract | $12,650,000 |
| Regency Square | Office | 7211 Regency, Houston | CBRE, Inc. | Under Contract | $3,238,932.70 |
| Garden Oaks | Retail | 3800-4000 N. Shepherd Dr., Houston | Jones Lang LaSalle Americas, Inc. | Under Contract | $28,500,000 |
| Northeast Square | Retail | 6-18 Uvalde Rd., Houston | Marcus & Millichap Real Estate | Under Contract | $5,400,000 |

| Property Name | Type | Primary Street Address | Listing Agent | Status | Contract Price |
|---|---|---|---|---|---|
| | | | Investment Services | | |
| Promenade North | Retail | 740-980 N. Coit Rd., Dallas | | Under Contract | $18,100,000 |
| Cornerstone | Office | 3707 FM 1960, Houston | Marcus & Millichap Real Estate Investment Services | Under Contract | $3,500,000 |
| Fondren Road Plaza | Retail | 7042-7098 Bissonnet St., Houston | Marcus & Millichap Real Estate Investment Services** | Under Contract | $12,850,000 |
| Timbercreek | Office | 5870 Hwy 6 North, Houston | Marcus & Millichap Real Estate Investment Services | Under Contract | $2,858,250 |
| Copperfield | Office | 15840 FM 529, Houston | Marcus & Millichap Real Estate Investment Services | Under Contract | $3,115,750 |
| Corporate Park Place | Office | 1333 Corporate Park Dr., Irving | Avision Young - Dallas, LLC | Under Contract | $7,400,000 |
| Tower Pavilion | Office | 2909 Hillcroft, Houston | Marcus & Millichap Real Estate Investment Services | | |
| Preserve | Office | 2010 N. Loop W., Houston | Jones Lang LaSalle Americas, Inc. | | |
| Chelsea Square | Retail | 5020 FM 1960 West, Houston | | | |
| Westheimer | Office | 11200 Westheimer Road, Houston | CBRE, Inc. | | |

| Property Name | Type | Primary Street Address | Listing Agent | Status | Contract Price |
|---|---|---|---|---|---|
| 11811 N. Freeway | Office | 11811 N Freeway, Houston | CBRE, Inc. | | |
| Northbelt Atrium I | Office | 15311 W. Vantage Pkwy, Houston | CBRE, Inc. | | |
| 3100 Timmons | Office | 3100 Timmons Lane, Houston | Goodwin Advisors, LLC | | |
| Northchase | Office | 14550 Torrey Chase Blvd., Houston | Marcus & Millichap Real Estate Investment Services | | |
| 616 FM 1960 | Office | 616 FM 1960, Houston | | | |
| 601 Sawyer | Office | 601 Sawyer, Houston | Jones Lang LaSalle Americas, Inc. | | |
| Gulf Plaza | Office | 16010 Barkers Point Lane, Houston | CBRE, Inc. | | |
| Energy Plaza I & II | Office | 8610, 8620 N. New Braunfels, San Antonio | Cushman & Wakefield U.S., Inc. | | |
| 400 North Belt | Office | 400 N. Sam Houston, Houston | | | |
| Ashford Crossing II | Office | 1880 S. Dairy Ashford Rd., Houston | CBRE, Inc. | | |
| One Technology Center | Office | 7411 John Smith Dr., San Antonio | Cushman & Wakefield U.S., Inc. | | |
| Westway I | Office | 1701 Market Place Blvd., Irving | CBRE, Inc. | | |
| Three Forest Plaza | Office | 12221 Merit Dr., Dallas | Goodwin Advisors, LLC | | |

\*   Seller and Broker Commission Agreement (buyer representation).

\*\* Seller Limited Representation Agreement (commission for specific buyer).

# Exhibit B – Organizational Structure



# Exhibit C – Second Amended Petition

Case 23-11452-MFW    Doc 3    Filed 09/13/23    Page 28 of 134

7/18/2023 4:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77647212
By: Angelica Rodriguez
Filed: 7/18/2023 4:30 PM

## CAUSE NO. 2023 - 17944

| | | |
|---|---|---|
| ALLEN R. HARTMAN and | § | IN THE DISTRICT COURT OF |
| HARTMAN vRETT XXI, Inc. | § | |
|    Plaintiffs | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SILVER STAR PROPERTIES REIT, | § | |
| INC. (F/K/A HARTMAN SHORT | § | |
| TERM INCOME PROPERTIES | § | 133RD JUDICIAL DISTRICT |
| XX, INC.), ET AL. | § | |
|    Defendants | § | |

## PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION AND PETITION FOR DECLARATORY RELIEF

Plaintiffs, **Allen R. Hartman, Hartman vREIT XXI, Inc.**, and **REIT Property Management, LLC**, file this Second Amended Original Petition complaining of Defendants, **Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc.** and **Hartman Retail I, DST (collectively "Defendants")**, and in support of this Second Amended Original Petition and Petition for Declaratory Relief would show the Court the following:

## I.
## PARTIES AND DISCOVERY CONTROL PLAN

### A. Plaintiffs

**Allen R. Hartman** is a citizen of Texas.

**Hartman vREIT XXI, Inc. ("Hartman XXI")** is a Maryland corporation which is also a citizen of Texas because it has its principal place of business in Texas. Hartman XXI is authorized to do business in Texas and is doing business in Texas.

**REIT Property Management, LLC ("RPM")** is a Texas corporation with its principal

place of business in Harris County, Texas.  RPM is authorized to do business in Texas and is doing business in Texas.

### B. **Defendants**

**Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.) ("Silver Star")** is a Maryland corporation with its principal place of business in Houston, Texas.  This Defendant is authorized to do business in Texas, and is doing business in Texas. Silver Star may be served with process via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  Defendant Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.) is a named defendant pursuant to Rule 28 of the Texas Rules of Civil Procedure. Plaintiffs invoke their right to institute this suit against whatever entity was conducting business using, or appearing to use, the name of Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.). Plaintiffs reserve their right, pursuant to Rule 28 of the Texas Rules of Civil Procedure, to substitute the true name of such entity as may become necessary.

**Hartman Income REIT Property Holdings, LLC** is a Delaware entity with its principal place of business in Houston, Texas.  This Defendant is authorized to do business in Texas, and is doing business in Texas.  Hartman Income REIT Property Holdings, LLC may be served with process via its registered agent, Michael Racusin, 2909 Hillcroft, Suite 420, Houston, Texas 75057. Defendant Hartman Income REIT Property Holdings, LLC is a named defendant pursuant to Rule 28 of the Texas Rules of Civil Procedure. Plaintiffs invoke their right to institute this suit against whatever entity was conducting business using, or appearing to use, the name of Hartman Income REIT Property Holdings, LLC.  Plaintiffs reserve their right, pursuant to Rule 28 of the Texas Rules of Civil Procedure, to substitute the true name of such entity as may become necessary.

**Hartman XXI Advisors, LLC** is a Texas entity which is authorized to do business in Texas, and which is doing business in Texas.  Hartman XXI Advisors, LLC may be served with process via its registered agent, Michael Racusin, 2909 Hillcroft, Suite 420, Houston, Texas 75057. Defendant Hartman XXI Advisors, LLC is a named defendant pursuant to Rule 28 of the Texas Rules of Civil Procedure. Plaintiffs invoke their right to institute this suit against whatever entity was conducting business using, or appearing to use, the name of Hartman XXI Advisors, LLC. Plaintiffs reserve their right, pursuant to Rule 28 of the Texas Rules of Civil Procedure, to substitute the true name of such entity as may become necessary.

**Silver Star Property Management, Inc.** is a Texas entity which is authorized to do business in Texas, and which is doing business in Texas**.**  Silver Star Property Management, Inc. may be served with process via its registered agent, Michael Racusin, 2909 Hillcroft, Suite 420, Houston, Texas 75057.  Defendant Silver Star Property Management, Inc. is a named defendant pursuant to Rule 28 of the Texas Rules of Civil Procedure. Plaintiffs invoke their right to institute this suit against whatever entity was conducting business using, or appearing to use, the name of Silver Star Property Management, Inc.  Plaintiffs reserve their right, pursuant to Rule 28 of the Texas Rules of Civil Procedure, to substitute the true name of such entity as may become necessary.

**Hartman SPE, LLC** is a Delaware entity with its principal place of business in Houston, Texas.  This Defendant is authorized to do business in Texas, and is doing business in Texas. Hartman SPE, LLC may be served with process via its registered agent, Michael Racusin, 2909 Hillcroft, Suite 420, Houston, Texas 75057.  Defendant Hartman SPE, LLC is a named defendant pursuant to Rule 28 of the Texas Rules of Civil Procedure. Plaintiffs invoke their right to institute this suit against whatever entity was conducting business using, or appearing to use, the name of

Hartman SPE, LLC.  Plaintiffs reserve their right, pursuant to Rule 28 of the Texas Rules of Civil Procedure, to substitute the true name of such entity as may become necessary.

**Hartman Income REIT, Inc.** is a Maryland entity with its principal place of business in Houston, Texas.  This Defendant is authorized to do business in Texas, and is doing business in Texas.  Hartman Income REIT, Inc. may be served with process via its registered agent, Michael Racusin, 2909 Hillcroft, Suite 420, Houston, Texas 75057.  Defendant Hartman Income REIT, Inc. is a named defendant pursuant to Rule 28 of the Texas Rules of Civil Procedure. Plaintiffs invoke their right to institute this suit against whatever entity was conducting business using, or appearing to use, the name of Hartman Income REIT, Inc.  Plaintiffs reserve their right, pursuant to Rule 28 of the Texas Rules of Civil Procedure, to substitute the true name of such entity as may become necessary.

**Hartman Retail I, DST** is a Delaware entity with its principal place of in Houston, Texas. This Defendant is not authorized to do business in Texas, but is doing business in Texas.  Hartman Retail I, DST may be served with process via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Defendant Hartman Retail I, DST is a named defendant pursuant to Rule 28 of the Texas Rules of Civil Procedure. Plaintiffs invoke their right to institute this suit against whatever entity was conducting business using, or appearing to use, the name of Hartman Retail I, DST.  Plaintiffs reserve their right, pursuant to Rule 28 of the Texas Rules of Civil Procedure, to substitute the true name of such entity as may become necessary.

C. <u>**Discovery Control Plan**</u>

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery pursuant to a Level 3 discovery plan.

## II.
## JURISDICTION

All Defendants are subject to general jurisdiction in Texas because all Defendants are at home in Texas by virtue of being a Texas entity and/or having their principal place of business in Texas. Furthermore, this Court has general jurisdiction over all Defendants because all Defendants conduct substantial business in Texas such that they have continuous and systematic contacts with the State of Texas. All Defendants are also subject to the specific jurisdiction of this Court because they consented to personal jurisdiction in Texas when they registered to do business in Texas, established a registered agent in Texas, engaged in business in Texas by employing and recruiting Texas residents, including Plaintiff Allen Hartman, for employment inside of Texas. Furthermore, this Court has specific jurisdiction over all Defendants because the vast majority of the acts and omissions which are the bases of Defendants' liability in this matter occurred in Texas.

Plaintiffs bring this suit pursuant to the common and statutory laws of the state of Texas. The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional thresholds of this court. At this time, Plaintiffs seek monetary relief in an amount over $1,000,000.00, but Plaintiffs reserve their right to modify the amount and type of relief sought.

## III.
## VENUE

Venue is proper in Harris County pursuant to §15.002(a) of the Texas Civil Practice & Remedies Code because Harris County is: (1) the county in which a substantial part of the events or omissions giving rise to the claims occurred and (2) the county of Silver Star's principal office in Texas.

## IV.
## FACTS

Plaintiff Allen Hartman is a successful Houston based real estate entrepreneur. Mr.

Hartman has founded multiple public non-traded REITS, including Hartman Short Term Income Properties XIX, Inc. ("Hartman XIX"), Hartman Short Income Properties XX, Inc. ("Hartman XX"), and Hartman vREIT XXI, Inc. (Hartman XXI").[1] Mr. Hartman was involved in the operations of these REITS and served a CEO and on Chairman of the board of directors of all of the REITs he founded, included Hartman XX and Hartman XXI.

Approximately five years ago, it was decided that many of the various Hartman REITs should be merged into a single entity. In 2020, Hartman XIX was merged into Hartman XX. In December 2022, Hartman XX changed its name to Silver Star Properties REIT, Inc.[2]

After the merger of Hartman XIX and Hartman XX, the plan had been to merge Hartman XX (now Silver Star) and Hartman XXI. Traditionally, the various Harman REITs invested in office, retail and light industrial real estate. However, in early 2023, Silver Star announced that it was shifting its focus to invest in real estate with self-storage units. And Silver Star and Hartman XXI agreed not to proceed with the contemplated merger.

Around the same time, Mr. Hartman and Silver Star decided to separate the business interests of Silver Star and Hartman XXI, which intended to continue with its traditional real estate investment strategy. Separating the businesses could involve Mr. Hartman and Hartman XXI divesting their interest in Silver Star. For example, both Mr. Hartman and Hartman XXI owned shares in Silver Star. Hartman XXI also is an owner of Hartman SPE, LLC, an entity which owns the majority of real estate in Silver Star. At one time Mr. Hartman was also CEO and Chairman of the board of Hartman XX. Mr. Hartman later became the Executive Director of Hartman XX's board of directors pursuant to a written agreement, effective July 1, 2022.

---

[1] REIT is an acronym for Real Estate Investment Trust.
[2] In the interest of simplicity, both Hartman Short Term Income Properties XX, Inc and Silver Star Properties REIT, Inc. will collectively be referred to as Silver Star.

Unfortunately, the negotiations to separate the business interests have broken down.  In a blatant attempt to gain the upper hand in the negotiations, and in violation of their contract with Mr. Hartman, on March 10, 2023, Silver Star wrongfully removed Mr. Hartman as its Executive Director and has quit paying Mr. Hartman his salary and benefits which he is owed as the Executive Director.[3]

However, Mr. Hartman remains on the board of Silver Star, which has repeatedly demanded that Mr. Hartman resign from its board. (No doubt Silver Star would like to remove Mr. Hartman from the board, but Silver Star does not have the shareholder votes necessary to remove Mr. Hartman from the board.)  In another ill-conceived power play, Silver Star is unlawfully denying Mr. Hartman information and documentation to which he is entitled as a member of the board of directors of Silver Star.  Nonetheless, Mr. Hartman intends to remain on the Silver Star board of directors to protect the interests of Silver Star's investors.

Other acts by Silver Star to attempt to gain an advantage in the negotiations include public, and baseless accusation against Mr. Hartman, including allegations of mismanagement, breach of fiduciary duty, creating a toxic work environment, etc.  However, those who have worked with Mr. Hartman have repeatedly acknowledged Mr. Hartman's expertise, work ethic, and dedication to both investors and employees, including comments such as the following from current and former employees:

- "Mr. Hartman sets examples of dedication and accountability. He is an extraordinary visionary. Under his leadership and direction the company has received world class customer service status."

- Mr. Hartman is "very well respected among the employees… Through his vision, the company has been able to set high expectations and ensure that those goals are attained."

---

[3] Pursuant to Mr. Hartman's written contract with Silver Star, for his service as Executive Director, Silver Star agreed to pay Mr. Hartman $36,000 per month plus "normal employee benefits including health insurance."  The term of the agreement began on July 1, 2022 and was "for two years unless terminated early after the first year by either party for violation of [the] agreement."  Silver Star is in breach of its obligations owed to Mr. Hartman under this contract.

- "I have worked at Hartman for almost 9 years and tried to absorb as much knowledge from this real estate expert every chance I got. I would not be as successful as I have been if it wasn't for his guidance… I am truly grateful that I was given the opportunity to lead this department and to work so closely with such a dynamic leader."

- "Mr. Hartman is a proactive, dynamic leader, who takes a hands-on approach with those that he manages… I have witnessed both his thoughtful, strategic approach to solving problems and his collaborative, servant leadership approach."

- "He has built a remarkable company that is a direct result of his passion, dedication, and persistence towards employees and stakeholders alike. His energy and work ethic are unmatched at the company. I've always known Mr. Hartman to lead from the front of the pack and take an active role in each critical element of the organization. As a guiding and supportive presence, he fights hard for his people and always takes a keen interest in their development. Particularly during trying times, he motivates and inspires teams to accomplish their aims."

Another issue which has to be resolved to separate the business interests are two loans made by Hartman XXI to Hartman XX. Effective November 1, 2019, Hartman XXI loaned Silver Star $10 million via an unsecured promissory note. The loan's annual interest rate was 10%, but increased to 18% for matured, unpaid amounts. The promissory note required interest only payments due on the first day of each month. The maturity date for this loan was of October 31, 2022. Silver Star made no payments on this note.

In 2022, Hartman XXI advanced Silver Star an additional $7,168,000. The principal amount which Silver Star owed to Hartman XXI for these two loans/advances, as of September 30, 2022, was $17,168,000. Pursuant to both the 2019 and 2022 unsecured promissory notes:

A default exists under this note if (1) Borrower fails to timely pay or perform any obligation or covenant in any written agreement between Lender and Borrower…

If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument collateral to this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately…

Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These

expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment…

It is undisputed that Defendant Silver Star is in default of its obligation for these loans/advances. As Silver Star reported to the SEC in its November 14, 2022, 10-Q:

> **The Company's unsecured promissory note payable to Hartman vREIT XXI, Inc., which has a maturity date of October 31, 2022, remains unpaid and is currently in maturity default.** (*See* p.23 of the 10-Q. Emphasis added.)

> …**the Company received advances from vREIT XXI totaling $7,168,000 which were outstanding as of September 30, 2022… The total balance of $17,168,000 as of September 30, 2022 has been included in Notes Payable**… the Company recognized interest expense on the affiliate balance in the amount of $439,000 and $262,000 for the three months ended September 30, 2022 and 2021, respectively. For the nine months ended September 30, 2022 and 2021, the Company recognized interest expense on the affiliate balance in the amount of $795,000 and $400,000, respectively… (*See* p.19 of the 10-Q. Emphasis added.)

Although Silver Star has publicly acknowledged these debts in SEC filings, Silver Star has refused to pay, or even commit to Hartman XXI that Silver Star will pay its legally binding debts.

Prior to the planned merger of Hartman XX and Hartman XXI, Plaintiff's retained Defendant Hartman XXI Advisors, LLC to essentially operate Hartman XXI, and run the day-to-day business of Hartman XXI.  Based on information and belief, Defendant Hartman XXI Advisors, LLC stored Plaintiff Hartman XXI's financial and business data on a computer system owned and/or operated by Defendant Silver Star Property Management, Inc.  As part of the process of separating the business interest of Plaintiffs and Defendants, Plaintiffs retained a third-party – Yardi Systems, Inc. ("Yardi") – to migrate Plaintiffs' financial and business data from Defendants' computer system to Plaintiffs' computer system.  However, while Yardi was in the process of doing so, Defendants instructed Yardi to stop the work it was doing. As of the filing of this Second Amended Petition, Defendants are refusing to allow Plaintiffs, or Yardi, to access Plaintiffs' financial and business records which are in Defendants' custody and/or control.

Plaintiff Hartman XXI owns a 2.47% interest in Hartman SPE, LLC, a wholly owned subsidiary of Silver Star. Hartman XXI also owns both common shares and operating unit in Silver Star. Therefore, pursuant to these ownership rights, Hartman XXI owns an undivided interest, legal and equitable or otherwise, in the properties owned by Defendant Hartman SPE, LLC. It is estimated that the value of Hartman XXI's interest in these properties exceeds $10 million.

Another issue which must be resolved it Hartman XXI's ownership interest in two properties which located at 17211 North Freeway, Houston, Texas. Although the two properties share an address, the properties are legally distinct. The legal description for one of the two properties using the address of 17211 N. Freeway is RES A BLK 1 SYRACUSE RENAISSANCE PARTNERS SEC 1 and has a Harris County Appraisal District account number of 1258790010001. The Harris County Appraisal District shows Hartman Income REIT, Inc. as the owner of RES A BLK 1 SYRACUSE RENAISSANCE PARTNERS SEC 1. The legal description for the second property using the address of 17221 North Freeway is RES 3 CYPRESS STATION SEC 1 and has a Harris County Appraisal District account number of 1082260000003. The Harris County Appraisal District shows Hartman REIT I, DST as the owner of RES 3 CYPRESS STATION SEC 1. Despite the ownership reflected by the Harris County Appraisal District, Plaintiff Hartman XXI owns an undivided interest, legal and equitable or otherwise, in these two properties because, in part, Hartman XXI paid $625,000 for the purchase and/or development of these two properties. Based on information and belief, Defendants Hartman Income REIT, Inc and Hartman Retail I, DST intend to sell these two properties without the approval and/or permission of Plaintiff Hartman XXI.

Finally, as discussed in more detail below, Defendants are refusing to cooperate with Plaintiffs in other ways which is frustrating the efforts of Plaintiffs to separate their business

interests from those of Defendants.

# V.
## CAUSES OF ACTION AND DAMAGES

### A.  Breach of Contract and Related Claims against Silver Star

i)    The Promissory Notes/Advances

Hartman XXI had enforceable contracts with Defendant Silver Star for the promissory notes/advances.    Silver Star has breached its contractual obligations to Hartman XXI by defaulting on the debt obligations owed to Hartman XXI.  Plaintiff Hartman XXI has demanded payment of these debts.  Although Silver Star has publicly acknowledged these debts in SEC filings, Silver Star has refused to pay, or even commit to Hartman XXI that Silver Star will pay its legally binding debts. Hartman XXI's damages are a natural, probable and foreseeable consequence of Silver Star's acts and omissions. Hartman XXI seeks all damages allowed by law and contract, including but not limited to actual damages, including but not limited to the principal amount due and interest for the Matured, Unpaid Amounts at 18% and 13% as appropriate, pre-judgment and post-judgment interest at the highest rate allowed by law or contract, court costs and attorney's fees.

Alternatively, Silver Star is liable to Plaintiff Hartman XXI for these promissory notes/advances pursuant to the equitable doctrine of money had and received.  Defendant Silver Star holds Hartman XXI's money, which in equity and good conscience belongs to Hartman XXI. Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages, pre-judgment and post-judgment interest at the highest rate allowed by law, and court costs and attorney's fees as damages.[4]  Hartman XXI reserves its right to seek injunctive relief as appropriate.

---

[4] *See, e.g., Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 166 (Tex. App.—El Paso 1997, no writ).

Alternatively, Silver Star is liable to Plaintiff Hartman XXI for these promissory notes/advances pursuant to the quasi-contractual doctrine of unjust enrichment. If Silver Star argues it received the money in question in a manner not governed by contract, the law implies a contractual obligation upon Silver Star to restore this benefit to Hartman XXI. Furthermore, Plaintiff may also recover under this doctrine if a contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons. Plaintiff would show that Silver Star has secured a benefit which would be unjust and unconscionable for Silver Star to retain. Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

ii)      The Executive Chairman Agreement Between Silver Star and Mr. Hartman

Plaintiff Allen R. Hartman had a contract with Silver Star for Mr. Hartman to be the Executive Chair of Silver Star's board. For his service, Silver Star contracted to pay Mr. Hartman $36,000 per month, plus "normal employee benefits including health insurance." The contract was for a term of two years, commencing July 21, 2022, "unless terminated early after the first year by either party for violation of [the] agreement." Silver Star has breached its contractual obligations owed to Mr. Hartman pursuant to this agreement. Hartman's damages are a natural, probable and foreseeable consequence of Defendant's acts and omissions. Mr. Hartman seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract, court costs and attorney's fees.

Alternatively, Silver Star is liable to Plaintiff Allen Hartman for his unpaid wages and benefits pursuant to the equitable doctrine of money had and received. Defendant Silver Star

holds Allen Hartman's money, which in equity and good conscience belongs to Allen Hartman. Plaintiff Allen Hartman seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages, pre-judgment and post-judgment interest at the highest rate allowed by law, court costs and attorney's fees as damages. Allen Hartman reserves its right to seek injunctive relief as appropriate.

Alternatively, Silver Star is liable to Plaintiff Allen Hartman his unpaid wages and benefits pursuant to the quasi-contractual doctrine of unjust enrichment. Plaintiff may recover under this doctrine if a contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons. Plaintiff would show that Silver Star has secured a benefit which would be unjust and unconscionable for Silver Star to retain. Plaintiff Allen Hartman seeks all damages allowed by law and equity, including but not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

**B. Tortious Interference with Existing Business Relations**

Plaintiff REIT Property Management, LLC ("RPM") hired Yardi Systems, Inc. to migrate Plaintiffs' financial and business data from Defendants' computer systems to Plaintiffs' computer system. More specifically, Silver Star Property Management, Inc. is the company which "owns the systems and controls the storage space" on which Plaintiffs' data is stored. Although none of the Defendants in this matter were a party to the RPM- Yardi contract, the Yardi contract notes that the "Source Client" is Silver Star Property Management Inc. Yardi began it work, but before Yardi could complete its work, Yardi advised Plaintiffs that Yardi's work was "on hold due to the instruction from Silver Star legal department. We will resume once we have been given green signal."

Plaintiff RPM will show that it had a valid contract with Yardi, that Defendant Silver Star, Defendant Silver Star Property Management, Inc. and/or Hartman XXI Advisors, LLC (and perhaps other Defendants as discovery in this matter may reveal), willfully and intentionally interfered with Plaintiff's contract with Yardi which proximately cause actual damages to Plaintiff. Defendants are liable for Plaintiffs actual damages, loss of the benefits of the contract with Yardi, exemplary damages, attorney's fees and/or attorney's fees as actual damages related Defendants' tortious interference with Plaintiff's contract.

### C.  Hartman SPE, LLC's Failure to Pay Dividends and Distribute Sales Proceeds

Hartman SPE, LLC and/or Silver Star have breached their contractual obligations owed to Hartman XXI because they have not paid certain revenue, including dividends, which they owe to Hartman XXI. Based on information and belief, it is estimated that the value of the unpaid dividends is over $3,000,000.  Additionally, Hartman SPE, LLC and/or Silver Star have not distributed to Hartman XXI its share of the proceeds from the sale of the property located at 2300 Quitman Street, Houston, TX 77026. At this time, and without a proper accounting, Hartman XXI cannot calculate the value of these unpaid sales proceeds.  Hartman XXI's damages are a natural, probable and foreseeable consequence of Defendants' acts and omissions. Hartman XXI seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract, and court costs.

Alternatively, these Defendants are liable to Plaintiff Hartman XXI for these amounts pursuant to the equitable doctrine of money had and received.  These Defendants hold Hartman XXI's money which in equity and good conscience belongs to Hartman XXI.  Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages, pre-judgment and post-judgment interest at the highest rate allowed by law,

court costs and attorney's fees as damages.    Hartman XXI reserves its right to seek injunctive relief as appropriate.

Alternatively, these Defendants are liable to Plaintiff Hartman XXI for these unpaid amounts pursuant to the quasi-contractual doctrine of unjust enrichment.  Plaintiff would show that these Defendants have secured a benefit which would be unjust and unconscionable for Silver Star to retain. Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

### D.  Hartman XXI Advisors, LLC Breach of Contract with Hartman XXI

Hartman XXI Advisors, LLC has breached the Revised Second Amended and Restated Advisory Agreement ("the Advisory Agreement") contract with Hartman XXI by refusing to return, or provide access to, Hartman XXI's financial and other business records.  The Advisory Agreement clearly states that such "records shall be the property of [Hartman XXI]…" Nonetheless, this Defendant has refused to return, or provide access to, Hartman XXI's own records.  Such refusal has damaged Hartman XXI and such damages are a natural, probable and foreseeable consequence of Defendants' acts and omissions. Hartman XXI seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract, court costs and attorney's fees.

Alternatively, this Defendant is liable to Hartman XXI pursuant to the doctrine of conversion. Hartman XXI is the owner of the records in question and is entitled to immediate possession of the records in question.  Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

### E.  Conversion of Plaintiff's Records by Silver Star Property Management, Inc.

Hartman XXI's financial and business records are stored on a computer system owned by Silver Star Property Management, Inc.  Despite a demand for the return of Hartman XXI's own financial and business records, Defendants have refused to do so. In fact, rather than return the records to Hartman XXI, Defendants have attempted to blackmail Hartman XXI and have demanded a payment of $50,000 before giving Hartman XXI its own records. Hartman XXI will show that is the owner of the records in question, and that the acts of Silver Star Property Management, Inc. have been the proximate cause of Plaintiff's injuries and damages.  Plaintiff Hartman XXI seeks all damages allowed by law.

### F.  Breach of Contract and Related Claims Arising from a $1.625M Advance to Defendant Hartman Income REIT Property Holdings, LLC

In 2020, various entities, including Plaintiff Hartman XXI, executed a Master Credit Facility Agreement with East West Bank for a $20 million revolving promissory note.  In 2021, Defendant Hartman Income REIT Property Holdings, LLC, and other entities, executed a Joinder and Agreement to Revolving Promissory Note and Master Credit Agreement ("Joinder Agreement") by which this Defendant became an additional borrower under the Master Credit Facility Agreement.[5]  Louis Fox, then the CEO of both Plaintiff Hartman XXI and Defendant Hartman Income REIT Property Holdings, LLC, executed both the Master Credit Facility Agreement and the Joinder Agreement on behalf of all the borrowers, including Plaintiff Hartman XXI and Defendant Hartman Income REIT Property Holdings, LLC.  In the Master Service Facility Agreement and the Joinder Agreement, Mr. Fox bound Plaintiff Hartman XXI as the sole Guarantor of the debts under these two agreements.

---

[5] Defendant Hartman n  Property Holdings, LLC is a wholly owned subsidiary of Defendant Silver Star.

On the same day that Hartman Income REIT Property Holdings, LLC became an additional borrower pursuant to the Joinder Agreement, Mr. Fox executed a Request for Advance of $1,625,000 from the Master Credit Facility Agreement. Again, Mr. Fox was the only signatory of this Request for Advance, including signing on behalf of Plaintiff Hartman XXI and Hartman Income REIT Property Holdings, LLC. Again, Mr. Fox agreed that Plaintiff Hartman XXI would be the Guarantor of this $1.625 million debt.

The Request for Advance does not specify which entity is to be the beneficiary of the $1.625 million. However, based on information and belief, Hartman Income REIT Property Holdings, LLC and/or Silver Star received the $1.625 million and used these funds to support their operations. Despite receiving no benefit from the use of these funds, this $1.625 million dollar debt is being carried on the books of Plaintiff Hartman XXI as its debt. Neither Hartman Income REIT Property Holdings, LLC nor Silver Star have paid back any of the principal amount of this advance, nor has Hartman Income REIT Property Holdings, LLC, or any other Defendant, paid any of the interest due on this advance. Rather, despite not being the beneficiary of the $1.625 million, Plaintiff Hartman XXI has paid, and continues to pay, the required interest payment for this advance and continues to be the guarantor of this debt.

Hartman Income REIT Property Holdings, LLC has breached its contractual obligation as an additional borrower under the Master Credit Facility Agreement and/or the Joinder Agreement by failing to repay the principal amount of this advance and/or make the interest payments owed on this advance. Such failure by this Defendant has damaged Hartman XXI and such damages are a natural, probable and foreseeable consequence of Defendants' acts and omissions. Hartman XXI seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract and court costs.

Alternatively, Defendants Hartman Income REIT Property Holdings, LLC and/or Silver Star are liable to Plaintiff Hartman XXI pursuant to the equitable doctrine of money had and received. As evidenced by Plaintiff Hartman XXI's payment of the interest owed for the $1.625 million, the Defendants hold Hartman XXI's money, which in equity and good conscience belongs to Hartman XXI. Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages, pre-judgment and post-judgment interest at the highest rate allowed by law, court costs and attorney's fees as damages. Hartman XXI reserves its right to seek injunctive relief as appropriate.

Alternatively, these Defendant are liable to Plaintiff Hartman XXI pursuant to the quasi-contractual doctrine of unjust enrichment. Plaintiff Hartman XXI would show that these Defendants have secured a benefit which would be unjust and unconscionable for Silver Star to retain. Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

### G. Shares Owed to Mr. Hartman by Silver Star Related to the 2020 Hartman Profit Sharing and Retention Plan

In 2020, Silver Star established the Hartman Profit Sharing and Retention Plan ("the Plan") for its employees. The plan included two main parts: (1) a Profit Sharing Payment paid monthly and (2) a Retention Bonus based on phantom stock. The phantom stocks represented an equivalent amount of Silver Star shares based on the Net Asset Value of Silver Star. The Retention Bonus was only payable at the end of the employee's Retention Period or other liquidity event (e.g., upon retirement, an IPO, etc.).

As part of the funding for Plan, Mr. Hartman committed over $8 million of his personal Silver Star stock to this program. In the event an employee left Silver Star before the end of the

employee's Retention Period, all or a portion of employee's Retention Bonus phantom shares should revert to Mr. Hartman. To date, considering the number of the employees who were in the Plan but have left Silver Star before the end of their Retention Period, based on information and belief, it is estimated that ownership of over $4 million of the phantom shares should have reverted to Mr. Hartman. However, Silver Star has wrongfully kept these shares.

Silver Star has breached its contractual obligation to return ownership of these shares to Mr. Hartman. Silver Star's refusal to do so has caused substantial financial damage to Mr. Hartman and such damages are a natural, probable and foreseeable consequence of this Defendant'' acts and omissions. Mr. Hartman seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract, court costs and attorney's fees.

Alternatively, Defendant Silver Star is liable to Plaintiff Allen Hartman pursuant to the equitable doctrine of money had and received. Silver Star holds Mr. Hartman's shares, which in equity and good conscience belong to Mr. Hartman. Mr. Hartman seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages, pre-judgment and post-judgment interest at the highest rate allowed by law and court costs. Mr. Hartman reserves his right to seek injunctive relief as appropriate.

Alternatively, Silver Star is liable to Plaintiff Allen Hartman pursuant to the quasi-contractual doctrine of unjust enrichment. Silver Star, by wrongfully retaining Mr. Hartman's shares, has secured a benefit which would be unjust and unconscionable for Silver Star to retain. Plaintiff Allen Hartman seeks all damages allowed by law and equity, including but not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

Alternatively, Silver Star is liable to Plaintiff Allen Hartman pursuant to the doctrine of conversion. Mr. Hartman is rightful the owner of the shares in question, and is entitled to immediate possession of the shares in question. Plaintiff Allen Hartman seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

### H.  **Defendants' Refusal to Pay for Credit Card Charges**

In support of his role as an officer and director of Silver Star, Plaintiff Allen Hartman obtained a credit card *in his name*, but which was used primarily for business expenses related to Silver Star's operations.  Until recently, Silver Star was, as per the agreement between Silver Star and Plaintiff Allen Hartman, timely paying the charges put on this credit card. However, Silver Star has not paid the bills for this credit card in a number of months.  Furthermore, based on information and belief, Silver Star does not intend to pay, or timely pay, the over $25,000 of outstanding charges on this card.

Silver Star has breached its contractual obligation to timely pay this credit card debt.  Silver Star's failure to pay this debt has damaged, and will continue to damage, Mr. Hartman.  Such damages are a natural, probable and foreseeable consequence of this Defendant'' acts and omissions. Mr. Hartman seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract, court costs and attorney's fees.

Alternatively, Silver Star is liable to Plaintiff Allen Hartman pursuant to the quasi-contractual doctrine of unjust enrichment.  Silver Star, by wrongfully retaining Mr. Hartman's shares, has secured a benefit which would be unjust and unconscionable for Silver Star to retain.

Plaintiff Allen Hartman seeks all damages allowed by law and equity, including but not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

### I. Petition for Declaratory Relief

Plaintiffs Allen Hartman, Hartman XXI and REIT Property Management, LLC petition this court for declaratory relief pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code. The purpose of a declaratory action is to establish existing rights, status, or other legal relationships.[6] Declaratory relief "may be either affirmative or negative in form."[7] Plaintiffs will show that a declaratory judgment action is appropriate for the below issues because the facts manifest the present "ripening seeds" of a controversy.[8]

Defendants have stated in writing that "no further duties exist under the terms of the Advisory Agreement." Therefore, Plaintiffs move for a declaratory judgment regarding the duties which Defendants owe Plaintiffs pursuant to the Advisory Agreement, including but not limited to the duty to return Plaintiffs' data to Plaintiffs.

Defendants have stated in writing that Defendants will not give Plaintiffs their data unless Plaintiffs pay Defendants "$50,000 to adequately compensate for the expenses incurred by the Advisor" to "store and maintain the data on its systems and physical space." Therefore, Plaintiffs move for a declaratory judgement that Plaintiffs own this data pursuant to the Advisory Agreement, and also whether Plaintiffs owe Defendants any money for the storage of Plaintiffs' data, and if so, how much Plaintiffs owe Defendants for the storage.

Defendants have stated in writing that Plaintiff Hartman XXI and/or Plaintiff Allen Hartman is "in violation of the express Aggregate Share Ownership Limit stated in Silver Star's

---

[6] Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a); *see also Allstate Ins. v. Irwin,* 627 S.W.3d 263, 269 (Tex.2021).
[7] Tex. Civ. Prac. & Rem. Code Ann. § 37.003(b);
[8] *Harris Cty. Mun. Util. Dist. No. 156 v. United Somerset Corp.,* 274 S.W.3d 133, 140 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Articles of Incorporation by exceeding the permissible threshold of beneficial or constructive ownership of 9.8% of the outstanding shares of stock." Additionally, Defendants are looking to Plaintiffs to "indemnify the Company… for this violation." Defendants have wrongfully stated, "This violation, coupled with your failure to seek a prior remedy, constitutes a serious breach of your fiduciary duties as a director of Silver Star." Defendants have further "demanded" that Plaintiff Hartman XXI and/or Plaintiff Allen Hartman "immediately rectify this violation by divesting yourself of the excess shares that exceed the Aggregate Share Ownership Limit." Defendants have threatened that if Plaintiff do not do so, Defendants will have "no choice but to take legal action to enforce the forfeiture of the shares in accordance with the provisions set forth in our Articles of Incorporation." Therefore, Plaintiffs move for a declaratory judgment that Plaintiffs are not in violation of the Aggregate Share Ownership Limit stated in Silver Star's Articles of Incorporation, that no named Plaintiffs in this matter have a duty to divest any of its Silver Star stock ownership, Plaintiffs have not violated any fiduciary duty owed to Silver Star, and that Plaintiffs owe no duty to indemnify Silver Star for any alleged violation of Silver Star's Article of Incorporation.

Silver Star has also stated in a publicly filed SEC Form 8-K that its Executive Committee "is investigating issues related to certain violations of fiduciary and other duties to the Company by Mr. Hartman." In a March 10, 2023 letter to Mr. Hartman, Silver Star wrote that it "is deeply concerned about possible conflicts of interest, self-dealing and other violations of the fiduciary and other duties you owe and have owed as an executive officer and or member of the Company's board of directors," including the following:

- "The creation of a hostile work environment…";

- "Inflated sales of company stock held by you and certain family members to the detriment of the Company;"

- "Misappropriation of funds…;"

- "The stripping of assets…;"

- "The improper, imprudent and/or wasteful use of company employees and resources on projects benefiting yourself, certain family members, and/or certain of your other investments;" and

- That Mr. Hartman the agreement by which Mr. Hartman had served as Executive Chairman of Silver Star "was likely procured by fraud."

Therefore, Plaintiff Allen Hartman moves for a declaratory judgment that he has not violated his fiduciary or other duties owed to Silver Star and that the agreement by which he served as Executive Chairman of Silver Star was not procure by fraud.

Silver Star has also accused Mr. Hartman of breaching his fiduciary duties to Silver Star, and/or negligently carrying out his duties as CEO of Silver Star related to Silver Star's business transactions involving two pieces of real estate, one known as Westway One which is located at 1707 Marketplace Blvd. Irving, Texas, and the other known as the Prestonwood Park Shopping Center which is located at 6505 - 6509 West Park Boulevard, Plano, Texas 75093. Silver Star has alleged it has suffered unspecified damages due to Mr. Hartman's alleged acts and/or omissions related to these properties and has demanded that Mr. Hartman, in his individual capacity, pay for any damages which Silver Star has suffered.  Therefore, Plaintiff Allen Hartman moves for a declaratory judgment that Silver Star has not suffered any damages related to these two properties and Mr. Hartman's alleged acts and/or omissions. Additionally, Plaintiff Allen Hartman moves for a declaratory judgment that, pursuant to Silver Star's Articles of Incorporation, By Laws,

Operating Rules, the employment agreement between Mr. Hartman and Silver Star, and any other applicable policy, rule or agreement, Mr. Hartman has no personal liability for the unspecified damages which Silver Star alleges it has sustained related to these two properties and Mr. Hartman's alleged acts and/or omissions.

As noted above, Plaintiff Hartman XXI owns a 2.47% interest in Hartman SPE, LLC, a wholly owned subsidiary of Silver Star.   Hartman XXI also owns both common shares and operating unit in Silver Star.   Therefore, pursuant to these ownership rights, XXI owns an undivided interest, legal and equitable or otherwise, in the properties listed below:

- One Mason Plaza  located at 811 South Mason Road, Katy, Texas 77450;
- Tower Pavilion located at 2909 Hillcroft Houston, TX 77057;
- The Preserve located at 2040 North Loop West, Houston Texas 77018;
- Chelsea Square located at 5020 FM 1960 West, Houston, Texas;
- Westheimer Central Plaza located 11200 Westheimer Road, Houston Texas 77042;
- Walzem Plaza Shopping Center located at 5486 - 5496 Walzem Road, San Antonio, Texas;
- 11811 N Freeway located at 11811 North Freeway, Houston Texas 77060;
- Atrium I located at 15311 Vantage Parkway West, Houston, Texas 77032;
- North Central Plaza I located at 12655 North Central Expressway, Dallas Texas 75243;
- 3100 Timmons located at 3100 Timmons Lane, Houston Texas 77027;
- Mission Centre located at 14615 Beechnut Street, Houston, Texas 7708;3
- Regency Square located at 7211 Regency Square Blvd. Houston Texas 77036;
- Central Park Business Center located at 1901 North Glenville Drive, Dallas, Texas;
- Spring Valley Business Center located at 1055, 1057, & 1059 South Sherman Street, Richardson, Texas 75081;
- Promenade North Shopping Center located at 500 - 980 North Cout Road, Richardson, Texas 75080;
- Garden Oaks Shopping Center located at 3800 North Shepherd Drive, Houston, Texas 77018
- Northeast Square located at 6 Uvalde Road, Houston, Texas 77015;
- Cornerstone Tower located at 3707 FM 1960 West, Houston, Texas 77068;
- Northchase Center located at 14550 Torrey Chase Blvd. Houston Texas 77014;
- 616 FM 1960 located at 616 FM 1960, Houston, Texas 77090;
- Gateway Tower located at 8111 LBJ Freeway, Dallas Texas 75251;
- 601 Sawyer located at 601 Sawyer, Houston, Texas 77007;
- Prestonwood (JV) 6505 - 6509 West Park Boulevard, Plano, Texas 75093;
- Haute Harwin Fashion Center located at 6959 - 6965 Harwin Drive, Houston, TX 77036;

- Fondren Road Plaza Shopping Center located at 7042 Bissonnet Street, Houston, Texas 77074;
- Parkway Plaza I & II located at 14110 and14114 North Dallas Parkway, Dallas, Texas 75254;
- Gulf Plaza located at 16010 Barkers Point Lane, Houston, Texas BARKERS POINT LANE, HOUSTON, TEX77079;
- Energy Plaza I & II located at 8610 and 8620 North New Braunfels, San Antonio Texas 78217;
- Timbercreek Atrium located at 5870 Highway 6 North, Houston, Texas 77084;
- Copperfield located at 15840 FM 529, Houston, Texas 77095;
- 400 North Belt located at 400 North Sam Houston Parkway East, Houston Texas 77060;
- Commerce Park at Hillcrest located at 12800 – 12890 Hillcrest Road, Dallas Texas 75230;
- Skymark Tower located at 1521 North Cooper Street, Arlington Texas 76011;
- Corporate Park Place located at 1333 Corporate Drive, Irving, Texas 75038;
- Ashford Crossing II located at 1880 South Dairy Ashford Drive, Houston Texas 77077;
- One Technology located at 7411 John Smith Drive, San Antonio Texas 78229;
- Westway One located at 1707 Market Plaice Boulevard, Irving, Texas; and
- Three Forest Plaza located at 12221Merit Drive, Dallas, Texas 75251.

Plaintiff Hartman XXI moves for a declaratory judgment regarding Plaintiff Hartman XXI's ownership rights in the above listed properties, included but not limited a declaratory judgment that Hartman XXI owns an undivided interest, legal and equitable or otherwise, in these properties.

Plaintiff Hartman XXI also moves for declaratory judgment regarding Hartman XXI's undivided ownership interest, legal and equitable or otherwise, in the two properties using the address of 17211 N. Freeway, Houston, Texas (i.e., Harris County Appraisals District account numbers 1258790010001 and 1082260000003), a right of an enforceable encumbrance on these properties, and/or Plaintiff Hartman XXI's right to its proper share of any proceeds realized from the sale of these properties.

## VI.
## <u>CONDITIONS PRECEDENT</u>

All conditions precedent to Plaintiffs' claims for relief have been performed, excused, or

waived.

## VII.
## NOTICE

Prior to service of the suit on Defendants, Plaintiff Hartman XXI provided written notice to Silver Star that it was in default of the unsecured promissory note, and any other applicable notes related to the money in dispute in this matter.  Plaintiffs have also provided written notice of their claims and the intent to hold Defendants liable for attorney's fees in prosecuting this action in accordance with Chapter 38 of the Texas Civil Practices & Remedies Code.

## VIII.
## REQUEST FOR JURY

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request a trial by jury.

## IX.
## PRAYER

WHEREFORE. PREMISES CONSIDERED, Plaintiffs Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC requests Defendants Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and Hartman Retail I, DST (collectively "Defendants"), be cited to appear and answer, and that upon final trial Plaintiffs have judgment against Defendants, jointly and severally, for the following:

    a.      All legal damages, including all actual damages and any out-of-pocket expense incurred by Plaintiffs;

    b.      exemplary damages;

    c.      attorney's fees;

    d.      costs of court;

e.      pre-judgment interest at the highest rate allowed by contract or law;

f.      post-judgment interest on all of the foregoing at the highest prevailing legal

rate allowed by law or contract from judgment until paid; and

g.      any and all other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

/s/ Thomas N. Lightsey III
Thomas N. Lightsey III
State Bar No. 12344010
Law Office of Thomas N. Lightsey III, P.C.
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone:    (713) 628-3612
Facsimile:     (888) 805-0068
E-mail:        Tom@Lightsey.Legal

**Attorneys for Plaintiffs**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

thomas lightsey on behalf of thomas lightsey
Bar No. 12344010
tom@lightsey.legal
Envelope ID: 77647212
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Second Amended Original Petition
Status as of 7/18/2023 4:39 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Thomas N.Lightsey | | Tom@Lightsey.Legal | 7/18/2023 4:30:07 PM | SENT |
| Thomas N.Lightsey | | Tom@Lightsey.Legal | 7/18/2023 4:30:07 PM | SENT |

# Exhibit D – Third Amended Petition

9/4/2023 8:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 79189247
By: Regina Anders
Filed: 9/5/2023 12:00 AM

**CAUSE NO. 2023 - 17944**

| | | |
|---|---|---|
| ALLEN R. HARTMAN and | § | IN THE DISTRICT COURT OF |
| HARTMAN vREIT XXI, Inc. | § | |
|    Plaintiffs | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SILVER STAR PROPERTIES REIT, | § | |
| INC. (F/K/A HARTMAN SHORT | § | |
| TERM INCOME PROPERTIES | § | 133RD JUDICIAL DISTRICT |
| XX, INC.), ET AL. | § | |
|    Defendants | § | |

**PLAINTIFFS' THIRD AMENDED ORIGINAL PETITION
AND PETITION FOR DECLARATORY RELIEF**

Plaintiffs, **Allen R. Hartman, Hartman vREIT XXI, Inc.**, and **REIT Property Management, LLC**, file this Third  Amended Original Petition complaining of Defendants, **Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc.** and **Hartman Retail I, DST (collectively "Defendants")**, and in support of this Third Amended Original Petition and Petition for Declaratory Relief would show the Court the following:

**I.
PARTIES AND DISCOVERY CONTROL PLAN**

A. **Plaintiffs**

**Allen R. Hartman** is a citizen of Texas.

**Hartman vREIT XXI, Inc. ("Hartman XXI")** is a Maryland corporation which is also a citizen of Texas because it has its principal place of business in Texas.  Hartman XXI is authorized to do business in Texas and is doing business in Texas.

**REIT Property Management, LLC ("RPM")** is a Texas corporation with its principal

place of business in Harris County, Texas.  RPM is authorized to do business in Texas and is doing business in Texas.

**B.  Defendants**

**Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.) ("Silver Star")** is a Maryland corporation with its principal place of business in Houston, Texas.  This Defendant is authorized to do business in Texas, and is doing business in Texas.  This Defendant has appeared generally and has filed an Original Answer and Counterclaims.

**Hartman Income REIT Property Holdings, LLC** is a Delaware entity with its principal place of business in Houston, Texas.  This Defendant is authorized to do business in Texas, and is doing business in Texas.   This Defendant has appeared generally and has filed an Original Answer and Counterclaims.

**Hartman XXI Advisors, LLC** is a Texas entity which is authorized to do business in Texas, and which is doing business in Texas.  This Defendant has appeared generally and has filed an Original Answer and Counterclaims.

**Silver Star Property Management, Inc.** is a Texas entity which is authorized to do business in Texas, and which is doing business in Texas**.**  This Defendant has appeared generally and has filed an Original Answer and Counterclaims.

**Hartman SPE, LLC** is a Delaware entity with its principal place of business in Houston, Texas.  This Defendant is authorized to do business in Texas, and is doing business in Texas.  This Defendant has appeared generally and has filed an Original Answer and Counterclaims.

**Hartman Income REIT, Inc.** is a Maryland entity with its principal place of business in Houston, Texas.  This Defendant has appeared generally and has filed an Original Answer and Counterclaims.

**Hartman Retail I, DST** is a Delaware entity with its principal place of in Houston, Texas. This Defendant has appeared generally and has filed an Original Answer and Counterclaims.

### C.  Discovery Control Plan

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery pursuant to a Level 3 discovery plan.

## II.
## JURISDICTION

All Defendants are subject to general jurisdiction in Texas because all Defendants are at home in Texas by virtue of being a Texas entity and/or having their principal place of business in Texas. Furthermore, this Court has general jurisdiction over all Defendants because all Defendants conduct substantial business in Texas such that they have continuous and systematic contacts with the State of Texas. All Defendants are also subject to the specific jurisdiction of this Court because they consented to personal jurisdiction in Texas when they registered to do business in Texas, established a registered agent in Texas, engaged in business in Texas by employing and recruiting Texas residents, including Plaintiff Allen Hartman, for employment inside of Texas.  Furthermore, this Court has specific jurisdiction over all Defendants because the vast majority of the acts and omissions which are the bases of Defendants' liability in this matter occurred in Texas. Additionally, this Court has both general and specific jurisdiction over all Defendants because all Defendants have appeared generally in this action.

Plaintiffs bring this suit pursuant to the common and statutory laws of the state of Texas. The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional thresholds of this court.  At this time, Plaintiffs seek monetary relief in an amount over $1,000,000.00, but Plaintiffs reserve their right to modify the amount and type of relief sought.

### III.
### VENUE

Venue is proper in Harris County pursuant to §15.002(a) of the Texas Civil Practice & Remedies Code because Harris County is: (1) the county in which a substantial part of the events or omissions giving rise to the claims occurred and (2) the county of Silver Star's principal office in Texas.

### IV.
### FACTS

Plaintiff Allen Hartman is a successful Houston based real estate entrepreneur. Mr. Hartman has founded multiple public non-traded REITS, including Hartman Short Term Income Properties XIX, Inc. ("Hartman XIX"), Hartman Short Income Properties XX, Inc. ("Hartman XX"), and Hartman vREIT XXI, Inc. (Hartman XXI").[1] Mr. Hartman was involved in the operations of these REITS and served a CEO and on Chairman of the board of directors of all the REITs he founded, included Hartman XX and Hartman XXI.

Approximately five years ago, it was decided that many of the various Hartman REITs should be merged into a single entity. In 2020, Hartman XIX was merged into Hartman XX. In December 2022, Hartman XX changed its name to Silver Star Properties REIT, Inc.[2]

After the merger of Hartman XIX and Hartman XX, the plan had been to merge Hartman XX (now Silver Star) and Hartman XXI. Traditionally, the various Harman REITs invested in office, retail, and light industrial real estate. However, in early 2023, Silver Star announced that it was shifting its focus to invest in real estate with self-storage units. And Silver Star and Hartman XXI agreed not to proceed with the contemplated merger.

---

[1] REIT is an acronym for Real Estate Investment Trust.
[2] In the interest of simplicity, both Hartman Short Term Income Properties XX, Inc and Silver Star Properties REIT, Inc. will collectively be referred to as Silver Star.

Around the same time, Mr. Hartman and Silver Star decided to separate the business interests of Silver Star and Hartman XXI, which intended to continue with its traditional real estate investment strategy.  Separating the businesses could involve Mr. Hartman and Hartman XXI divesting their interest in Silver Star.  For example, both Mr. Hartman and Hartman XXI owned shares in Silver Star.  Hartman XXI also is an owner of Hartman SPE, LLC, an entity which owns the majority of real estate in Silver Star. At one time Mr. Hartman was also CEO and Chairman of the board of Hartman XX.  Mr. Hartman later became the Executive Director of Hartman XX's board of directors pursuant to a written agreement, effective July 1, 2022.

Unfortunately, the negotiations to separate the business interests have broken down.  In a blatant attempt to gain the upper hand in the negotiations, and in violation of their contract with Mr. Hartman, on March 10, 2023, Silver Star wrongfully removed Mr. Hartman as its Executive Director and has quit paying Mr. Hartman his salary and benefits which he is owed as the Executive Director.[3]

However, Mr. Hartman remains on the board of Silver Star, which has repeatedly demanded that Mr. Hartman resign from its board. (No doubt Silver Star would like to remove Mr. Hartman from the board, but Silver Star does not have the shareholder votes necessary to remove Mr. Hartman from the board.)  In another ill-conceived power play, Silver Star is unlawfully denying Mr. Hartman information and documentation to which he is entitled as a member of the board of directors of Silver Star.  Nonetheless, Mr. Hartman intends to remain on the Silver Star board of directors to protect the interests of Silver Star's investors.

Other acts by Silver Star to attempt to gain an advantage in the negotiations include public,

---

[3] Pursuant to Mr. Hartman's written contract with Silver Star, for his service as Executive Director, Silver Star agreed to pay Mr. Hartman $36,000 per month plus "normal employee benefits including health insurance."  The term of the agreement began on July 1, 2022 and was "for two years unless terminated early after the first year by either party for violation of [the] agreement."  Silver Star is in breach of its obligations owed to Mr. Hartman under this contract.

and baseless accusation against Mr. Hartman, including allegations of mismanagement, breach of fiduciary duty, creating a toxic work environment, etc.  However, those who have worked with Mr. Hartman have repeatedly acknowledged Mr. Hartman's expertise, work ethic, and dedication to both investors and employees, including comments such as the following from current and former employees:

- "Mr. Hartman sets examples of dedication and accountability. He is an extraordinary visionary. Under his leadership and direction the company has received world class customer service status."

- Mr. Hartman is "very well respected among the employees… Through his vision, the company has been able to set high expectations and ensure that those goals are attained."

- "I have worked at Hartman for almost 9 years and tried to absorb as much knowledge from this real estate expert every chance I got. I would not be as successful as I have been if it wasn't for his guidance… I am truly grateful that I was given the opportunity to lead this department and to work so closely with such a dynamic leader."

- "Mr. Hartman is a proactive, dynamic leader, who takes a hands-on approach with those that he manages… I have witnessed both his thoughtful, strategic approach to solving problems and his collaborative, servant leadership approach."

- "He has built a remarkable company that is a direct result of his passion, dedication, and persistence towards employees and stakeholders alike. His energy and work ethic are unmatched at the company. I've always known Mr. Hartman to lead from the front of the pack and take an active role in each critical element of the organization. As a guiding and supportive presence, he fights hard for his people and always takes a keen interest in their development. Particularly during trying times, he motivates and inspires teams to accomplish their aims."

Another issue which has to be resolved to separate the business interests are two loans made by Hartman XXI to Hartman XX.  Effective November 1, 2019, Hartman XXI loaned Silver Star $10 million via an unsecured promissory note. The loan's annual interest rate was 10%, but increased to 18% for matured, unpaid amounts.  The promissory note required interest only payments due on the first day of each month. The maturity date for this loan was of October 31, 2022.  Silver Star made no payments on this note.

In 2022, Hartman XXI advanced Silver Star an additional $7,168,000. The principal amount which Silver Star owed to Hartman XXI for these two loans/advances, as of September 30, 2022, was $17,168,000.  Pursuant to both the 2019 and 2022 unsecured promissory notes:

> A default exists under this note if (1) Borrower fails to timely pay or perform any obligation or covenant in any written agreement between Lender and Borrower…

> If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument collateral to this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately…

> Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment…

It is undisputed that Defendant Silver Star is in default of its obligation for these loans/advances. As Silver Star reported to the SEC in its November 14, 2022, 10-Q:

> **The Company's unsecured promissory note payable to Hartman vREIT XXI, Inc., which has a maturity date of October 31, 2022, remains unpaid and is currently in maturity default.** (*See* p.23 of the 10-Q. Emphasis added.)

> …**the Company received advances from vREIT XXI totaling $7,168,000 which were outstanding as of September 30, 2022… The total balance of $17,168,000 as of September 30, 2022 has been included in Notes Payable**… the Company recognized interest expense on the affiliate balance in the amount of $439,000 and $262,000 for the three months ended September 30, 2022 and 2021, respectively. For the nine months ended September 30, 2022 and 2021, the Company recognized interest expense on the affiliate balance in the amount of $795,000 and $400,000, respectively… (*See* p.19 of the 10-Q. Emphasis added.)

Although Silver Star has publicly acknowledged these debts in SEC filings, Silver Star has refused to pay, or even commit to Hartman XXI that Silver Star will pay its legally binding debts.

Prior to the planned merger of Hartman XX and Hartman XXI, Plaintiff's retained Defendant Hartman XXI Advisors, LLC to essentially operate Hartman XXI, and run the day-to-day business of Hartman XXI.  Based on information and belief, Defendant Hartman XXI

Advisors, LLC stored Plaintiff Hartman XXI's financial and business data on a computer system owned and/or operated by Defendant Silver Star Property Management, Inc.  As part of the process of separating the business interest of Plaintiffs and Defendants, Plaintiffs retained a third-party – Yardi Systems, Inc. ("Yardi") – to migrate Plaintiffs' financial and business data from Defendants' computer system to Plaintiffs' computer system.  However, while Yardi was in the process of doing so, Defendants instructed Yardi to stop the work it was doing. As of the filing of this Second Amended Petition, Defendants are refusing to allow Plaintiffs, or Yardi, to access Plaintiffs' financial and business records which are in Defendants' custody and/or control.

Plaintiff Hartman XXI owns a 2.47% interest in Hartman SPE, LLC, a wholly owned subsidiary of Silver Star.  Hartman XXI also owns both common shares and operating unit in Silver Star.  Therefore, pursuant to these ownership rights, Hartman XXI owns an undivided interest, legal and equitable or otherwise, in the properties owned by Defendant Hartman SPE, LLC.[4] It is estimated that the value of Hartman XXI's interest in these properties exceeds $10 million.

Another issue which must be resolved it Hartman XXI's ownership interest in two properties which located at 17211 North Freeway, Houston, Texas. Although the two properties share an address, the properties are legally distinct.  The legal description for one of the two properties using the address of 17211 N. Freeway is RES A BLK 1 SYRACUSE RENAISSANCE PARTNERS SEC 1 and has a Harris County Appraisal District account number of 1258790010001. The Harris County Appraisal District shows Hartman Income REIT, Inc. as the owner of RES A BLK 1 SYRACUSE RENAISSANCE PARTNERS SEC 1.  The legal description for the second property using the address of 17221 North Freeway is RES 3 CYPRESS STATION SEC 1 and has a Harris County Appraisal District account number of 1082260000003.  The Harris

---

[4] Defendants dispute this undivided ownership interest.

County Appraisal District shows Hartman REIT I, DST as the owner of RES 3 CYPRESS STATION SEC 1.   Despite the ownership reflected by the Harris County Appraisal District, Plaintiff Hartman XXI owns an undivided interest, legal and equitable or otherwise, in these two properties because, in part, Hartman XXI paid $625,000 for the purchase and/or development of these two properties.   Based on information and belief, Defendants Hartman Income REIT, Inc and Hartman Retail I, DST intend to sell these two properties without the approval and/or permission of Plaintiff Hartman XXI.

Finally, as discussed in more detail below, Defendants are refusing to cooperate with Plaintiffs in other ways which is frustrating the efforts of Plaintiffs to separate their business interests from those of Defendants.

**V.**
**CAUSES OF ACTION AND DAMAGES**

**A. Breach of Contract and Related Claims against Silver Star**

i)    The Promissory Notes/Advances

Hartman XXI had enforceable contracts with Defendant Silver Star for the promissory notes/advances.    Silver Star has breached its contractual obligations to Hartman XXI by defaulting on the debt obligations owed to Hartman XXI.  Plaintiff Hartman XXI has demanded payment of these debts.  Although Silver Star has publicly acknowledged these debts in SEC filings, Silver Star has refused to pay, or even commit to Hartman XXI that Silver Star will pay its legally binding debts. Hartman XXI's damages are a natural, probable, and foreseeable consequence of Silver Star's acts and omissions. Hartman XXI seeks all damages allowed by law and contract, including but not limited to actual damages, including but not limited to the principal amount due and interest for the Matured, Unpaid Amounts at 18% and 13% as appropriate, pre-judgment and post-judgment interest at the highest rate allowed by law or

9

contract, court costs and attorney's fees.

Alternatively, Silver Star is liable to Plaintiff Hartman XXI for these promissory notes/advances pursuant to the equitable doctrine of money had and received. Defendant Silver Star holds Hartman XXI's money, which in equity and good conscience belongs to Hartman XXI. Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages, pre-judgment and post-judgment interest at the highest rate allowed by law, and court costs and attorney's fees as damages.[5] Hartman XXI reserves its right to seek injunctive relief as appropriate.

Alternatively, Silver Star is liable to Plaintiff Hartman XXI for these promissory notes/advances pursuant to the quasi-contractual doctrine of unjust enrichment. If Silver Star argues it received the money in question in a manner not governed by contract, the law implies a contractual obligation upon Silver Star to restore this benefit to Hartman XXI. Furthermore, Plaintiff may also recover under this doctrine if a contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons. Plaintiff would show that Silver Star has secured a benefit which would be unjust and unconscionable for Silver Star to retain. Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

ii)    The Executive Chairman Agreement Between Silver Star and Mr. Hartman

Plaintiff Allen R. Hartman had a contract with Silver Star for Mr. Hartman to be the Executive Chair of Silver Star's board. For his service, Silver Star contracted to pay Mr. Hartman $36,000 per month, plus "normal employee benefits including health insurance." The contract

---

[5] *See, e.g., Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 166 (Tex. App.—El Paso 1997, no writ).

was for a term of two years, commencing July 21, 2022, "unless terminated early after the first year by either party for violation of [the] agreement."  Silver Star has breached its contractual obligations owed to Mr. Hartman pursuant to this agreement. Hartman's damages are a natural, probable, and foreseeable consequence of Defendant's acts and omissions. Mr. Hartman seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract, court costs and attorney's fees.

Alternatively, Silver Star is liable to Plaintiff Allen Hartman for his unpaid wages and benefits pursuant to the equitable doctrine of money had and received.  Defendant Silver Star holds Allen Hartman's money, which in equity and good conscience belongs to Allen Hartman. Plaintiff Allen Hartman seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages, pre-judgment and post-judgment interest at the highest rate allowed by law, court costs and attorney's fees as damages.  Allen Hartman reserves its right to seek injunctive relief as appropriate.

Alternatively, Silver Star is liable to Plaintiff Allen Hartman his unpaid wages and benefits pursuant to the quasi-contractual doctrine of unjust enrichment.  Plaintiff may recover under this doctrine if a contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons. Plaintiff would show that Silver Star has secured a benefit which would be unjust and unconscionable for Silver Star to retain. Plaintiff Allen Hartman seeks all damages allowed by law and equity, including but not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

### B. <u>Tortious Interference with Existing Business Relations</u>

Plaintiff REIT Property Management, LLC ("RPM") hired Yardi Systems, Inc. ("Yardi") to migrate Plaintiffs' financial and business data from Defendants' computer systems to Plaintiffs' computer system.  More specifically, Silver Star Property Management, Inc. is the company which "owns the systems and controls the storage space" on which Plaintiffs' data is stored.   Although none of the Defendants in this matter were a party to the RPM- Yardi contract, the Yardi contract notes that the "Source Client" is Silver Star Property Management Inc.  Yardi began it work, but before Yardi could complete its work, Yardi advised Plaintiffs that Yardi's work was "on hold due to the instruction from Silver Star legal department. We will resume once we have been given green signal."

Plaintiff RPM will show that it had a valid contract with Yardi, that Defendant Silver Star, Defendant Silver Star Property Management, Inc. and/or Hartman XXI Advisors, LLC (and perhaps other Defendants as discovery in this matter may reveal), willfully and intentionally interfered with Plaintiff's contract with Yardi which proximately cause actual damages to Plaintiff. Defendants are liable for Plaintiffs actual damages, loss of the benefits of the contract with Yardi, exemplary damages, attorney's fees and/or attorney's fees as actual damages related Defendants' tortious interference with Plaintiff's contract.

Additionally and/or alternatively, Silver Star assisted and encouraged and/or assisted and abetted Defendant Silver Star Property Management, Inc. and/or Hartman XXI Advisors, LLC in tortiously interfering with RPM's contract with Yard. Plaintiffs will show that such assistance and encouragement/participation was a substantial factor in the tortious interference of RPM's contract with Yard.

## C.  Hartman SPE, LLC's Failure to Pay Dividends and Distribute Sales Proceeds

Hartman SPE, LLC and/or Silver Star have breached their contractual obligations owed to Hartman XXI because they have not paid certain revenue, including dividends, which they owe to Hartman XXI. Based on information and belief, it is estimated that the value of the unpaid dividends is over $3,000,000.  Additionally, Hartman SPE, LLC and/or Silver Star have not distributed to Hartman XXI its share of the proceeds from the sale of the property located at 2300 Quitman Street, Houston, TX 77026. At this time, and without a proper accounting, Hartman XXI cannot calculate the value of these unpaid sales proceeds.  Hartman XXI's damages are a natural, probable, and foreseeable consequence of Defendants' acts and omissions. Hartman XXI seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract, and court costs.

Alternatively, these Defendants are liable to Plaintiff Hartman XXI for these amounts pursuant to the equitable doctrine of money had and received.  These Defendants hold Hartman XXI's money which in equity and good conscience belongs to Hartman XXI.  Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages, pre-judgment and post-judgment interest at the highest rate allowed by law, court costs and attorney's fees as damages.   Hartman XXI reserves its right to seek injunctive relief as appropriate.

Alternatively, these Defendants are liable to Plaintiff Hartman XXI for these unpaid amounts pursuant to the quasi-contractual doctrine of unjust enrichment.  Plaintiff would show that these Defendants have secured a benefit which would be unjust and unconscionable for Silver Star to retain. Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but

13

not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

### D. Hartman XXI Advisors, LLC Breach of Contract with Hartman XXI

Hartman XXI Advisors, LLC has breached the Revised Second Amended and Restated Advisory Agreement ("the Advisory Agreement") contract with Hartman XXI by refusing to return, or provide access to, Hartman XXI's financial and other business records. The Advisory Agreement clearly states that such "records shall be the property of [Hartman XXI]…" Nonetheless, this Defendant has refused to return, or provide access to, Hartman XXI's own records. Such refusal has damaged Hartman XXI, and such damages are a natural, probable, and foreseeable consequence of Defendants' acts and omissions. Hartman XXI seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract, court costs and attorney's fees.

Alternatively, this Defendant is liable to Hartman XXI pursuant to the doctrine of conversion. Hartman XXI is the owner of the records in question and is entitled to immediate possession of the records in question. Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

### E. Conversion of Plaintiff's Records by Silver Star Property Management, Inc.

Hartman XXI's financial and business records are stored on a computer system owned by Silver Star Property Management, Inc. Despite a demand for the return of Hartman XXI's own financial and business records, Defendants have refused to do so. In fact, rather than return the records to Hartman XXI, Defendants have attempted to blackmail Hartman XXI and have demanded a payment of $50,000 before giving Hartman XXI its own records. Hartman XXI will

show that is the owner of the records in question, and that the acts of Silver Star Property Management, Inc. have been the proximate cause of Plaintiff's injuries and damages.  Plaintiff Hartman XXI seeks all damages allowed by law.

**F.  Breach of Contract and Related Claims Arising from a $1.625M Advance to Defendant Hartman Income REIT Property Holdings, LLC**

In 2020, various entities, including Plaintiff Hartman XXI, executed a Master Credit Facility Agreement with East West Bank for a $20 million revolving promissory note.  In 2021, Defendant Hartman Income REIT Property Holdings, LLC, and other entities, executed a Joinder and Agreement to Revolving Promissory Note and Master Credit Agreement ("Joinder Agreement") by which this Defendant became an additional borrower under the Master Credit Facility Agreement.[6]  Louis Fox, then the CEO of both Plaintiff Hartman XXI and Defendant Hartman Income REIT Property Holdings, LLC, executed both the Master Credit Facility Agreement and the Joinder Agreement on behalf of all the borrowers, including Plaintiff Hartman XXI and Defendant Hartman Income REIT Property Holdings, LLC.  In the Master Service Facility Agreement and the Joinder Agreement, Mr. Fox bound Plaintiff Hartman XXI as the sole Guarantor of the debts under these two agreements.

On the same day that Hartman Income REIT Property Holdings, LLC became an additional borrower pursuant to the Joinder Agreement, Mr. Fox executed a Request for Advance of $1,625,000 from the Master Credit Facility Agreement.  Again, Mr. Fox was the only signatory of this Request for Advance, including signing on behalf of Plaintiff Hartman XXI and Hartman Income REIT Property Holdings, LLC. Again, Mr. Fox agreed that Plaintiff Hartman XXI would be the Guarantor of this $1.625 million debt.

---

[6] Defendant Hartman Income REIT Property Holdings, LLC is a wholly owned subsidiary of Defendant Silver Star.

The Request for Advance does not specify which entity is to be the beneficiary of the $1.625 million.  However, based on information and belief, Hartman Income REIT Property Holdings, LLC and/or Silver Star received the $1.625 million and used these funds to support their operations. Despite receiving no benefit from the use of these funds, this $1.625 million dollar debt is being carried on the books of Plaintiff Hartman XXI as its debt.  Neither Hartman Income REIT Property Holdings, LLC nor Silver Star have paid back any of the principal amount of this advance, nor has Hartman Income REIT Property Holdings, LLC, or any other Defendant, paid any of the interest due on this advance. Rather, despite not being the beneficiary of the $1.625 million, Plaintiff Hartman XXI has paid, and continues to pay, the required interest payment for this advance and continues to be the guarantor of this debt.

Hartman Income REIT Property Holdings, LLC has breached its contractual obligation as an additional borrower under the Master Credit Facility Agreement and/or the Joinder Agreement by failing to repay the principal amount of this advance and/or make the interest payments owed on this advance.  Such failure by this Defendant has damaged Hartman XXI and such damages are a natural, probable, and foreseeable consequence of Defendants' acts and omissions. Hartman XXI seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract and court costs.

Alternatively, Defendants Hartman Income REIT Property Holdings, LLC and/or Silver Star are liable to Plaintiff Hartman XXI pursuant to the equitable doctrine of money had and received.  As evidenced by Plaintiff Hartman XXI's payment of the interest owed for the $1.625 million, the Defendants hold Hartman XXI's money, which in equity and good conscience belongs to Hartman XXI.  Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages, pre-judgment and post-judgment interest

at the highest rate allowed by law, court costs and attorney's fees as damages.    Hartman XXI reserves its right to seek injunctive relief as appropriate.

Alternatively, these Defendant are liable to Plaintiff Hartman XXI pursuant to the quasi-contractual doctrine of unjust enrichment.    Plaintiff Hartman XXI would show that these Defendants have secured a benefit which would be unjust and unconscionable for Silver Star to retain. Plaintiff Hartman XXI seeks all damages allowed by law and equity, including but not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

**G.** **Shares Owed to Mr. Hartman by Silver Star Related to the 2020 Hartman Profit Sharing and Retention Plan**

In 2020, Silver Star established the Hartman Profit Sharing and Retention Plan ("the Plan") for its employees.  The plan included two main parts: (1) a Profit Sharing Payment paid monthly and (2) a Retention Bonus based on phantom stock.  The phantom stocks represented an equivalent amount of Silver Star shares based on the Net Asset Value of Silver Star.  The Retention Bonus was only payable at the end of the employee's Retention Period or other liquidity event (e.g., upon retirement, an IPO, etc.).

As part of the funding for Plan, Mr. Hartman committed over $8 million of his personal Silver Star stock to this program. In the event an employee left Silver Star before the end of the employee's Retention Period, all or a portion of employee's Retention Bonus phantom shares should revert to Mr. Hartman.  To date, considering the number of the employees who were in the Plan but have left Silver Star before the end of their Retention Period, based on information and belief, it is estimated that ownership of over $4 million of the phantom shares should have reverted to Mr. Hartman.   However, Silver Star has wrongfully kept these shares.

17

Silver Star has breached its contractual obligation to return ownership of these shares to Mr. Hartman.  Silver Star's refusal to do so has caused substantial financial damage to Mr. Hartman and such damages are a natural, probable, and foreseeable consequence of this Defendant'' acts and omissions. Mr. Hartman seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract, court costs and attorney's fees.

Alternatively, Defendant Silver Star is liable to Plaintiff Allen Hartman pursuant to the equitable doctrine of money had and received.  Silver Star holds Mr. Hartman's shares, which in equity and good conscience belong to Mr. Hartman.  Mr. Hartman seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages, pre-judgment and post-judgment interest at the highest rate allowed by law and court costs.   Mr. Hartman reserves his right to seek injunctive relief as appropriate.

Alternatively, Silver Star is liable to Plaintiff Allen Hartman pursuant to the quasi-contractual doctrine of unjust enrichment.  Silver Star, by wrongfully retaining Mr. Hartman's shares, has secured a benefit which would be unjust and unconscionable for Silver Star to retain. Plaintiff Allen Hartman seeks all damages allowed by law and equity, including but not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

Alternatively, Silver Star is liable to Plaintiff Allen Hartman pursuant to the doctrine of conversion. Mr. Hartman is rightful the owner of the shares in question, and is entitled to immediate possession of the shares in question.  Plaintiff Allen Hartman seeks all damages allowed by law and equity, including but not limited to actual damages, exemplary damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

### H.  **Defendants' Refusal to Pay for Credit Card Charges**

In support of his role as an officer and director of Silver Star, Plaintiff Allen Hartman obtained a credit card *in his name*, but which was used primarily for business expenses related to Silver Star's operations.  Until recently, Silver Star was, as per the agreement between Silver Star and Plaintiff Allen Hartman, timely paying the charges put on this credit card. However, Silver Star has not paid the bills for this credit card in a number of months.  Furthermore, based on information and belief, Silver Star does not intend to pay, or timely pay, the over $25,000 of outstanding charges on this card.

Silver Star has breached its contractual obligation to timely pay this credit card debt.  Silver Star's failure to pay this debt has damaged, and will continue to damage, Mr. Hartman.  Such damages are a natural, probable, and foreseeable consequence of this Defendant'' acts and omissions. Mr. Hartman seeks all damages allowed by law and contract, including but not limited to actual damages, pre-judgment and post-judgment interest at the highest rate allowed by law or contract, court costs and attorney's fees.

Alternatively, Silver Star is liable to Plaintiff Allen Hartman pursuant to the quasi-contractual doctrine of unjust enrichment.  Silver Star, by wrongfully retaining Mr. Hartman's shares, has secured a benefit which would be unjust and unconscionable for Silver Star to retain.  Plaintiff Allen Hartman seeks all damages allowed by law and equity, including but not limited to actual damages and pre-judgment and post-judgment interest at the highest rate allowed by law.

### I.  **Petition for Declaratory Relief**

Plaintiffs Allen Hartman, Hartman XXI and REIT Property Management, LLC petition this court for declaratory relief pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code. The purpose of a declaratory action is to establish existing rights, status, or other legal

relationships.[7]  Declaratory relief "may be either affirmative or negative in form."[8]  Plaintiffs will show that a declaratory judgment action is appropriate for the below issues because the facts manifest the present "ripening seeds" of a controversy.[9]

Defendants have stated in writing that "no further duties exist under the terms of the Advisory Agreement."  Therefore, Plaintiffs move for a declaratory judgment regarding the duties which Defendants owe Plaintiffs pursuant to the Advisory Agreement, including but not limited to the duty to return Plaintiffs' data to Plaintiffs.

Defendants have stated in writing that Defendants will not give Plaintiffs their data unless Plaintiffs pay Defendants "$50,000 to adequately compensate for the expenses incurred by the Advisor" to "store and maintain the data on its systems and physical space."  Therefore, Plaintiffs move for a declaratory judgement that Plaintiffs own this data pursuant to the Advisory Agreement, and whether Plaintiffs owe Defendants any money for the storage of Plaintiffs' data, and if so, how much Plaintiffs owe Defendants for the storage.

Defendants have stated in writing that Plaintiff Hartman XXI and/or Plaintiff Allen Hartman is "in violation of the express Aggregate Share Ownership Limit stated in Silver Star's Articles of Incorporation by exceeding the permissible threshold of beneficial or constructive ownership of 9.8% of the outstanding shares of stock."  Additionally, Defendants are looking to Plaintiffs to "indemnify the Company… for this violation." Defendants have wrongfully stated, "This violation, coupled with your failure to seek a prior remedy, constitutes a serious breach of your fiduciary duties as a director of Silver Star."  Defendants have further "demanded" that Plaintiff Hartman XXI and/or Plaintiff Allen Hartman "immediately rectify this violation by

---

[7] Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a); *see also Allstate Ins. v. Irwin,* 627 S.W.3d 263, 269 (Tex.2021).
[8] Tex. Civ. Prac. & Rem. Code Ann. § 37.003(b);
[9] *Harris Cty. Mun. Util. Dist. No. 156 v. United Somerset Corp.,* 274 S.W.3d 133, 140 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

divesting yourself of the excess shares that exceed the Aggregate Share Ownership Limit." Defendants have threatened that if Plaintiff do not do so, Defendants will have "no choice but to take legal action to enforce the forfeiture of the shares in accordance with the provisions set forth in our Articles of Incorporation."   Therefore, Plaintiffs move for a declaratory judgment that Plaintiffs are not in violation of the Aggregate Share Ownership Limit stated in Silver Star's Articles of Incorporation, that no named Plaintiffs in this matter have a duty to divest any of its Silver Star stock ownership, Plaintiffs have not violated any fiduciary duty owed to Silver Star, and that Plaintiffs owe no duty to indemnify Silver Star for any alleged violation of Silver Star's Article of Incorporation.

Silver Star has also stated in a publicly filed SEC Form 8-K that its Executive Committee "is investigating issues related to certain violations of fiduciary and other duties to the Company by Mr. Hartman."  In a March 10, 2023, letter to Mr. Hartman, Silver Star wrote that it "is deeply concerned about possible conflicts of interest, self-dealing and other violations of the fiduciary and other duties you owe and have owed as an executive officer and or member of the Company's board of directors," including the following:

- "The creation of a hostile work environment…";

- "Inflated sales of company stock held by you and certain family members to the detriment of the Company;"

- "Misappropriation of funds…;"

- "The stripping of assets…;"

- "The improper, imprudent and/or wasteful use of company employees and resources on projects benefiting yourself, certain family members, and/or certain of your other investments;" and

- That Mr. Hartman the agreement by which Mr. Hartman had served as Executive Chairman of Silver Star "was likely procured by fraud."

Therefore, Plaintiff Allen Hartman moves for a declaratory judgment that he has not violated his fiduciary or other duties owed to Silver Star and that the agreement by which he served as Executive Chairman of Silver Star was not procure by fraud.

Silver Star has also accused Mr. Hartman of breaching his fiduciary duties to Silver Star, and/or negligently carrying out his duties as CEO of Silver Star related to Silver Star's business transactions involving two pieces of real estate, one known as Westway One which is located at 1707 Marketplace Blvd. Irving, Texas, and the other known as the Prestonwood Park Shopping Center which is located at 6505 - 6509 West Park Boulevard, Plano, Texas 75093. Silver Star has alleged it has suffered unspecified damages due to Mr. Hartman's alleged acts and/or omissions related to these properties and has demanded that Mr. Hartman, in his individual capacity, pay for any damages which Silver Star has suffered.  Therefore, Plaintiff Allen Hartman moves for a declaratory judgment that Silver Star has not suffered any damages related to these two properties and Mr. Hartman's alleged acts and/or omissions. Additionally, Plaintiff Allen Hartman moves for a declaratory judgment that, pursuant to Silver Star's Articles of Incorporation, By Laws, Operating Rules, the employment agreement between Mr. Hartman and Silver Star, and any other applicable policy, rule or agreement, Mr. Hartman has no personal liability for the unspecified damages which Silver Star alleges it has sustained related to these two properties and Mr. Hartman's alleged acts and/or omissions.

## VI.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiffs' claims for relief have been performed, excused, or waived.

## VII.
## NOTICE

Prior to service of the suit on Defendants, Plaintiff Hartman XXI provided written notice to Silver Star that it was in default of the unsecured promissory note, and any other applicable notes related to the money in dispute in this matter. Plaintiffs have also provided written notice of their claims and the intent to hold Defendants liable for attorney's fees in prosecuting this action in accordance with Chapter 38 of the Texas Civil Practices & Remedies Code.

## VIII.
## REQUEST FOR JURY

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request a trial by jury.

## IX.
## PRAYER

WHEREFORE. PREMISES CONSIDERED, Plaintiffs Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC requests Defendants Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and Hartman Retail I, DST (collectively "Defendants"), be cited to appear and answer, and that upon final trial Plaintiffs have judgment against Defendants, jointly and severally, for the following:

a.   All legal damages, including all actual damages and any out-of-pocket expense incurred by Plaintiffs;

b.   exemplary damages;

c.   attorney's fees;

d.   costs of court;

e.   pre-judgment interest at the highest rate allowed by contract or law;

      f.        post-judgment interest on all the foregoing at the highest prevailing legal

              rate allowed by law or contract from judgment until paid; and

  g.        any and all other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

/s/ Thomas N. Lightsey III
Thomas N. Lightsey III
State Bar No. 12344010
Law Office of Thomas N. Lightsey III, P.C.
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone:     (713) 628-3612
Facsimile:     (888) 805-0068
E-mail:        Tom@Lightsey.Legal

**Attorneys for Plaintiffs**

**Certificate of Service**

    I hereby certify that all counsel or record were served with a copy of this Response in accordance with the Texas Rules of Civil Procedure on this 4th day of September 2023.

/s/ Thomas N. Lightsey III
Thomas N. Lightsey III

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

thomas lightsey on behalf of thomas lightsey
Bar No. 12344010
tom@lightsey.legal
Envelope ID: 79189247
Filing Code Description: Amended Filing
Filing Description: Petition.Amended.3rd
Status as of 9/5/2023 9:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Thomas N.Lightsey | | Tom@Lightsey.Legal | 9/4/2023 8:03:29 PM | SENT |
| Thomas N.Lightsey | | Tom@Lightsey.Legal | 9/4/2023 8:03:29 PM | SENT |
| Barry G. Flynn | | bflynn@grsm.com | 9/4/2023 8:03:29 PM | SENT |
| Paula W.Hinton | | phinton@winston.com | 9/4/2023 8:03:29 PM | SENT |
| Michael Racusin | | mracusin@hi-reit.com | 9/4/2023 8:03:29 PM | SENT |
| Jana Tevis | | jtevis@grsm.com | 9/4/2023 8:03:29 PM | SENT |
| Robine Grant | | rgrant@winston.com | 9/4/2023 8:03:29 PM | SENT |
| Justin McGee | | jmcgee@hi-reit.com | 9/4/2023 8:03:29 PM | SENT |
| Missy Kershaw | | mkershaw@hi-reit.com | 9/4/2023 8:03:29 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 9/4/2023 8:03:29 PM | SENT |
| Viktoria Busby | | vbusby@winston.com | 9/4/2023 8:03:29 PM | SENT |
| Barry GFlynn | | bflynn@grsm.com | 9/4/2023 8:03:29 PM | SENT |

# Exhibit E –Lis Pendens

## **Regency Square**

RP-2023-274699
07/21/2023  RP1  $22.00

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

### *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and Hartman Retail I, DST* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against a property located in Harris County, Texas, with the address of 7211 Regency Square Blvd., Houston ,Texas 77036, which has the following legal description:

RES E3 F & G BLK 1, REGENCY SQ OFFICE PARK SEC 3

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

**Law Office of Thomas N. Lightsey III, P.C.**

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS *21st* day of July 2023.



Gloria Ann Compton
Notary Public – State of Texas

Return to:
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

# FILED FOR RECORD

## 12:56:41 PM

### Friday, July 21, 2023

*Teneshia Hudspeth*

## COUNTY CLERK, HARRIS COUNTY, TEXAS

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

THE STATE OF TEXAS
COUNTY OF HARRIS
    I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED; in the Official Public Records of Real Property of Harris County Texas

Friday, July 21, 2023

*Teneshia Hudspeth*

COUNTY CLERK
HARRIS COUNTY, TEXAS

## Fondren Road Plaza Shopping Center

RP-2023-300128
08/08/2023  ER   $22.00

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

### *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and  Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against a property located in Harris County, Texas, known as the Fondren Road Plaza Shopping Center, with an address of 7098 Bissonnet Street, Houston, Texas 77074, which has the following legal description:

TRS B B2 C1 & C2 BONNIE BRAE ORANGE ORCHARD

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

**Law Office of Thomas N. Lightsey III, P.C.**

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

RP-2023-300128

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _2rd_ day of August 2023.



_____
Notary Public – State of Texas

Return to:
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

RP-2023-300128

RP-2023-300128

RP-2023-300128

\# Pages 3

08/08/2023 12:17 PM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees   $22.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

## Mission Centre

RP-2023-300136
08/08/2023  ER   $22.00

RP-2023-300136

| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

### *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and  Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against, a property located in Harris County, Texas, known as the Mission Centre, with an address of 14615 Beechnut Street, Houston, Texas, 77083 which has the following legal description:

RES A3 WEST BEECHNUT PLAZA

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

**Law Office of Thomas N. Lightsey III, P.C.**

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _2nd_ day of August 2023.

GLORIA ANN COMPTON
Notary Public, State of Texas
Comm. Expires 04-20-2025
Notary ID 11999956

Notary Public – State of Texas

Return to:
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

RP-2023-300136

RP-2023-300136

# Pages 3

08/08/2023 12:19 PM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees  $22.00

RP-2023-300136

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# **One Mason Plaza Shopping Centre**

RP-2023-300173
08/08/2023   ER   $22.00

STATE OF TEXAS            §
                         §
COUNTY OF HARRIS         §

### *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and   Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against, a property located in Harris County, Texas, known as One Mason Plaza Shopping Center, with the address of 811 South Mason Road, Katy, Texas 77450, which has the following legal description:

TR 1G & RES A 1 GRAND PARKWAY PLAZA PH 2 ABST 469 HT&BRR CO SEC 5

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

**Law Office of Thomas N. Lightsey III, P.C.**

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

STATE OF TEXAS          §
                       §
COUNTY OF HARRIS       §

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

RP-2023-300173

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _2rd_ day of August 2023.



_Notary Public – State of Texas_

Return to:
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

RP-2023-300173

RP-2023-300173

RP-2023-300173

# Pages 3

08/08/2023 12:26 PM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees  $22.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.


Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# Walzem Plaza Shopping Center

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF BEXAR** | § |

### *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc., the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against a property located in Bexar County, Texas, known as Walzem Plaza Shopping Center, with an address of 5332 Walzem Road, Windcrest, Texas 78218, which has the following legal description:

NCB 15786 BLK 16 LOT NE IRR 440.64 FT OF 26

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

**Law Office of Thomas N. Lightsey III, P.C.**

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _4th_ day of August 2023.

_____
Notary Public – State of Texas

JABRIEL ALGHAFIR
Notary Public, State of Texas
Comm. Expires 06-23-2027
Notary ID 134422757

Return to:
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

**File Information**

**eFILED IN THE OFFICIAL PUBLIC eRECORDS OF BEXAR COUNTY**
**LUCY ADAME-CLARK, BEXAR COUNTY CLERK**

**Document Number:**            20230145253

**Recorded Date:**              August 08, 2023

**Recorded Time:**              12:14 PM

**Total Pages:**                3

**Total Fees:**                 $30.00

### ** THIS PAGE IS PART OF THE DOCUMENT **

### ** Do Not Remove **

Any provision herein which restricts the sale or use of the described real property because of race is invalid and unenforceable under Federal law

STATE OF TEXAS, COUNTY OF BEXAR

I hereby Certify that this instrument was eFILED in File Number Sequence on this date and at the time stamped hereon by me and was duly eRECORDED in the Official Public Record of Bexar County, Texas on: 8/8/2023 12:14 PM



Lucy Adame-Clark
Bexar County Clerk

| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

### *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc., the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against a property located in Bexar County, Texas, known as Walzem Plaza Shopping Center, with an address of 5412 Walzem Road, Windcrest, Texas 78218, which has the following legal description:

NCB 15786 BLK 16 LOT W IRR 579.67 FT OF E IRR 1244.67 FT OF N IRR 669.7 FT OF 25

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

**Law Office of Thomas N. Lightsey III, P.C.**

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS ___7th___ day of August 2023.



_____
Notary Public – State of Texas

JABRIEL ALGHAFIR
Notary Public, State of Texas
Comm. Expires 06-23-2027
Notary ID 134422757

Return to:
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

File Information

**eFILED IN THE OFFICIAL PUBLIC eRECORDS OF BEXAR COUNTY
LUCY ADAME-CLARK, BEXAR COUNTY CLERK**

| | |
|---|---|
| **Document Number:** | 20230145267 |
| **Recorded Date:** | August 08, 2023 |
| **Recorded Time:** | 12:19 PM |
| **Total Pages:** | 3 |
| **Total Fees:** | $30.00 |

## ** THIS PAGE IS PART OF THE DOCUMENT **

## ** Do Not Remove **

Any provision herein which restricts the sale or use of the described real property because of race is invalid and unenforceable under Federal law

STATE OF TEXAS, COUNTY OF BEXAR


I hereby Certify that this instrument was eFILED in File Number Sequence on this date and at the time stamped hereon by me and was duly eRECORDED in the Official Public Record of Bexar County, Texas on:
8/8/2023 12:19 PM



Lucy Adame-Clark
Bexar County Clerk

# Haute Harwin Fashion Center

RP-2023-300139
08/08/2023   ER   $22.00

STATE OF TEXAS     §
           §
COUNTY OF HARRIS    §

### *NOTICE OF LIS PENDENS*

  NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

  In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against a property located in Harris County, Texas, with an address of 6959 Harwin Drive, Houton Texas 77036, which has the following legal description:

       RES F2 BLK 1 REGENCY SQ OFFICE PARK 1

The outcome of this suit may affect title to the above describe property.

           Respectfully submitted,

           **Law Office of Thomas N. Lightsey III, P.C.**

           Thomas Nolon Lightsey III
           Attorney for Plaintiff Hartman vREIT
           XXI, Inc.

STATE OF TEXAS     §
           §
COUNTY OF HARRIS    §

  BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

RP-2023-300139

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _2nd_ day of August 2023.



_____
Notary Public – State of Texas

Return to:
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

RP-2023-300139

RP-2023-300139

# Pages 3

08/08/2023 12:19 PM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees   $22.00

RP-2023-300139

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS

## Prestonwood Park Shopping Center

STATE OF TEXAS                          §
                                        §
COUNTY OF COLLIN                         §

### *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and  Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against, a property located in Collin County, Texas, known as Prestonwood Park Shopping Center, with an address of 6505 West Park Boulevard, Plano, TX 75093, which has the following legal description:

PRESTONWOOD PARK ADDITION, BLK A, LOT 1R; REPLAT

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

Law Office of Thomas N. Lightsey III, P.C.

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _2nd_ day of August 2023.

GLORIA ANN COMPTON
Notary Public, State of Texas
Comm. Expires 04-20-2025
Notary ID 11999956

_____
Notary Public – State of Texas

Return to:
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

2023-2023000090476 08/08/2023 12:45 PM Page 3 of 3

## Collin County
### Honorable Stacey Kemp
**Collin County Clerk**

---

### Instrument Number:   2023000090476

eRecording - Real Property

LIS PENDENS

Recorded On: August 08, 2023 12:44 PM                     Number of Pages: 3

---

### " Examined and Charged as Follows: "

Total Recording: $30.00

---

### *********** THIS PAGE IS PART OF THE INSTRUMENT ***********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                   **Record and Return To:**

Document Number:    2023000090476                      CSC
Receipt Number:     20230808000324
Recorded Date/Time: August 08, 2023 12:44 PM
User:               Michelle K
Station:            cck051

---



**STATE OF TEXAS**
**COUNTY OF COLLIN**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Public Records of Collin County, Texas.

Honorable Stacey Kemp
Collin County Clerk
Collin County, TX

STATE OF TEXAS        §

                                   §

COUNTY OF COLLIN     §

### *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against, a property located in Collin County, Texas, known as Prestonwood Park Shopping Center, with an address of 6505 West Park Boulevard, Plano, TX 75093, which has the following legal description:

PRESTONWOOD PARK ADDITION, BLK A, LOT 3R; (REPLAT)

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

**Law Office of Thomas N. Lightsey III, P.C.**

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

STATE OF TEXAS       §

                              §

COUNTY OF HARRIS    §

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _2nd_ day of August 2023.

GLORIA ANN COMPTON
Notary Public, State of Texas
Comm. Expires 04-20-2025
Notary ID 11999956

Notary Public – State of Texas

<u>Return to:</u>
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

# Collin County
## Honorable Stacey Kemp
### Collin County Clerk

---

**Instrument Number:**   2023000090477

eRecording – Real Property

LIS PENDENS

Recorded On: August 08, 2023 12:45 PM

Number of Pages: 3

---

**" Examined and Charged as Follows: "**

Total Recording: $30.00

---

*********** **THIS PAGE IS PART OF THE INSTRUMENT** ***********

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**

Document Number:      2023000090477

Receipt Number:        20230808000325

Recorded Date/Time:   August 08, 2023 12:45 PM

User:                  Michelle K

Station:               cck051

**Record and Return To:**

CSC

---



**STATE OF TEXAS**
**COUNTY OF COLLIN**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Public Records of Collin County, Texas.

Honorable Stacey Kemp
Collin County Clerk
Collin County, TX

STATE OF TEXAS §
§
COUNTY OF COLLIN §

### *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against, a property located in Collin County, Texas, known as Prestonwood Park Shopping Center, with an address of 6509 West Park Boulevard, Plano, TX 75093, which has the following legal description:

PRESTONWOOD PARK ADDITION, BLK A, LOT 5

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

**Law Office of Thomas N. Lightsey III, P.C.**

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _2nd_ day of August 2023.

GLORIA ANN COMPTON
Notary Public, State of Texas
Comm. Expires 04-20-2025
Notary ID 11999956

Notary Public – State of Texas

Return to:
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

## Collin County
### Honorable Stacey Kemp
**Collin County Clerk**

---

### Instrument Number:  2023000090485

eRecording - Real Property

LIS PENDENS

Recorded On: August 08, 2023 12:49 PM                    Number of Pages: 3

---

### " Examined and Charged as Follows: "

Total Recording: $30.00

---

### *********** THIS PAGE IS PART OF THE INSTRUMENT ***********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                    **Record and Return To:**

Document Number:      2023000090485                     CSC
Receipt Number:       20230808000326
Recorded Date/Time:   August 08, 2023 12:49 PM
User:                 Michelle K
Station:              cck051

---



**STATE OF TEXAS**
**COUNTY OF COLLIN**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Public Records of Collin County, Texas.

Honorable Stacey Kemp
Collin County Clerk
Collin County, TX

STATE OF TEXAS            §
                         §
COUNTY OF COLLIN          §

## NOTICE OF LIS PENDENS

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and  Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against, a property located in Collin County, Texas, known as Prestonwood Park Shopping Center, with an address of 2300 Midway Road, Plano, TX  75093, which has the following legal description:

PRESTONWOOD PARK ADDITION, BLK A, LOT 11R (REPLAT)

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

**Law Office of Thomas N. Lightsey III, P.C.**

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

STATE OF TEXAS            §
                         §
COUNTY OF HARRIS          §

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _2nd_ day of August 2023.

GLORIA ANN COMPTON
Notary Public, State of Texas
Comm. Expires 04-20-2025
Notary ID 11999956

Notary Public – State of Texas

<u>Return to:</u>
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

## Collin County
## Honorable Stacey Kemp
### Collin County Clerk

---

### Instrument Number:   2023000090486

eRecording - Real Property

LIS PENDENS

Recorded On: August 08, 2023 12:51 PM                    Number of Pages: 3

---

### " Examined and Charged as Follows: "

Total Recording: $30.00

---

### *********** THIS PAGE IS PART OF THE INSTRUMENT ***********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                    **Record and Return To:**

Document Number:    2023000090486                        CSC

Receipt Number:     20230808000329

Recorded Date/Time: August 08, 2023 12:51 PM

User:               Michelle K

Station:            cck051

---



**STATE OF TEXAS**
**COUNTY OF COLLIN**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Public Records of Collin County, Texas.

Honorable Stacey Kemp
Collin County Clerk
Collin County, TX

# Spring Valley Business Center

STATE OF TEXAS                         §
                                       §
COUNTY OF DALLAS                       §

### *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Hartman SPE, LLC, Silver Star Property Management, Inc., Hartman Income REIT, Inc. and Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against, a property located in Dallas County, Texas, with an address of 1055 South Sherman Street, Richardson, Texas 75081, which has the following legal description:

SPRING VALLEY BUSINESS PARK BLK B LT 4 ACS 2.315

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

Law Office of Thomas N. Lightsey III, P.C.

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

STATE OF TEXAS            §
                          §
COUNTY OF HARRIS          §

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _2nd_ day of August 2023.



_Gloria Ann Compton_
Notary Public – State of Texas

Return to:
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

**Dallas County**
**John F. Warren**
**Dallas County Clerk**

---

**Instrument Number:**  202300158561

eRecording - Real Property

Recorded On: August 08, 2023 11:52 AM                         Number of Pages: 3

---

**" Examined and Charged as Follows: "**

Total Recording: $30.00

---

*********** **THIS PAGE IS PART OF THE INSTRUMENT** ***********

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                    **Record and Return To:**
Document Number:     202300158561            CSC Global
Receipt Number:         20230808000488
Recorded Date/Time:  August 08, 2023 11:52 AM
User:                          Kevin T
Station:                     CC123.dal.ccdc

---



**STATE OF TEXAS**
**COUNTY OF DALLAS**

**I hereby certify that this Instrument was** FILED **In the File Number sequence on the date/time
printed hereon, and was duly** RECORDED **in the Official Records of Dallas County, Texas.**

John F. Warren
Dallas County Clerk
Dallas County, TX

STATE OF TEXAS                          §

                                        §

COUNTY OF DALLAS                        §

## *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against, a property located in Dallas County, Texas, with an address of 1057 South Sherman Street, Richardson, Texas 75081, which has the following legal description:

SPRING VALLEY BUSINESS PARK BLK B LT 5 ACS 2.226

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

**Law Office of Thomas N. Lightsey III, P.C.**

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

STATE OF TEXAS            §

                          §

COUNTY OF HARRIS          §

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _2nd_ day of August
2023.



_Gloria Ann Compton_
Notary Public – State of Texas

<u>Return to:</u>
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

## Dallas County
## John F. Warren
**Dallas County Clerk**

---

**Instrument Number:** 202300158570

eRecording - Real Property

Recorded On: August 08, 2023 11:54 AM                    Number of Pages: 3

---

**" Examined and Charged as Follows: "**

Total Recording: $30.00

---

**\*\*\*\*\*\*\*\*\*\*\* THIS PAGE IS PART OF THE INSTRUMENT \*\*\*\*\*\*\*\*\*\*\***
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                        **Record and Return To:**

Document Number:     202300158570            CSC Global
Receipt Number:       20230808000494
Recorded Date/Time:   August 08, 2023 11:54 AM
User:                 Kevin T
Station:              CC123.dal.ccdc

---



**STATE OF TEXAS**
**COUNTY OF DALLAS**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of Dallas County, Texas.

John F. Warren
Dallas County Clerk
Dallas County, TX

STATE OF TEXAS                    §
                                 §
COUNTY OF DALLAS                 §

### *NOTICE OF LIS PENDENS*

NOTICE IS HEREBY GIVEN that Cause Number 2023-17944, *Allen R. Hartman, Hartman vREIT XXI, Inc., and REIT Property Management, LLC (Plaintiffs) vs. Silver Star Properties REIT, Inc. (f/k/a Hartman Short Term Income Properties XX, Inc.), Hartman Income REIT Property Holdings, LLC, Hartman XXI Advisors, LLC, Silver Star Property Management, Inc., Hartman SPE, LLC, Hartman Income REIT, Inc. and Hartman Retail I, DST (Defendants)* is pending in the 133rd Judicial District Court in Harris County, Texas.

In the above mentioned suit, Hartman vREIT XXI, Inc, the party which is filing this lis pendens, is affirmatively seeking various legal relief, including title to, the establishment of an interest in, and/or enforcement of an encumbrance against, a property located in Dallas County, Texas, with an address of 1059 South Sherman Street, Richardson, Texas 75081, which has the following legal description:

SPRING VALLEY BUSINESS PARK BLK B LT 6 ACS 2.142

The outcome of this suit may affect title to the above describe property.

Respectfully submitted,

**Law Office of Thomas N. Lightsey III, P.C.**

Thomas Nolon Lightsey III
Attorney for Plaintiff Hartman vREIT
XXI, Inc.

STATE OF TEXAS                    §
                                 §
COUNTY OF HARRIS                 §

BEFORE ME, the undersigned notary public, on this day personally appeared Thomas Nolon Lightsey III, know to me to be the person whose name is subscribed to this instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS _2nd_ day of August 2023.



_Gloria Ann Compton_
Notary Public – State of Texas

<u>Return to:</u>
Tom Lightsey
5151 San Felipe, Suite 400
Houston, Texas 77056

## Dallas County
## John F. Warren
### Dallas County Clerk

**Instrument Number:** 202300158694

eRecording - Real Property

Recorded On: August 08, 2023 02:20 PM                    Number of Pages: 3

**" Examined and Charged as Follows: "**

Total Recording: $30.00

*********** **THIS PAGE IS PART OF THE INSTRUMENT** ***********

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                    **Record and Return To:**

Document Number:        202300158694                    CSC Global

Receipt Number:         20230808000629

Recorded Date/Time:     August 08, 2023 02:20 PM

User:                   Blanca M

Station:                CC137.dal.ccdc



**STATE OF TEXAS**
**COUNTY OF DALLAS**

**I hereby certify that this Instrument was** FILED **In the File Number sequence on the date/time
printed hereon, and was duly** RECORDED **in the Official Records of Dallas County, Texas.**

John F. Warren
Dallas County Clerk
Dallas County, TX

# Exhibit F – List of First Day Pleadings

# List of First Day Pleadings

1.      Motion of Debtor for Interim and Final Orders (I) Authorizing Debtor to (A) Continue Using Existing Cash Management Systems, Bank Accounts and Business Forms, (B) Implement Changes to their Cash Management Systems in the Ordinary Course of Business, and (C) Continue to Perform Intercompany Transactions; and (II) Granting Related Relief

2.      Emergency Omnibus Motion of the Debtor for an Order: (I) Authorizing the Assumption of Real Estate Brokerage Agreements And (II) Granting Related Relief.

3.      Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the (A) Sale of Real Estate Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (B) Assumption and Assignment of Executory Contracts and Unexpired Leases of Non-Residential Real Property; and (II) Granting Related Relief.

4.      Motion of Debtor for Interim and Final Orders (I) Authorizing Debtors to (A) Maintain Existing Insurance Policies and Pay All Insurance Obligations Arising Thereunder, (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (C) Continue to Pay Brokerage Fees; (II) Authorizing Continuation of Insurance Premium Financing; and (III) Granting Related Relief.

5.      Debtor's Motion for Interim and Final Orders Authorizing the Debtor to Pay Certain Prepetition Taxes and Fees; and Granting Related Relief.

6.      Debtor's Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtor's Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service.

7.      Motion of Debtor for an Order (I) Authorizing Debtor to Redact Certain Personally Identifiable Information for Individual Creditors; and (II) Granting Related Relief.

8.      Application of the Debtor for Entry of an Order (I) Approving the Retention and Appointment of Epiq Corporate Restructuring, LLC as the Claims and Noticing Agent to the Debtor, Effective as of The Petition Date, and (II) Granting Related Relief.

00059174.3