**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Hartman SPE, LLC,** | **Case No. 23-11452 (___)** |
| **Debtor.**[1] | |

**MOTION OF DEBTOR FOR AN ORDER (I) AUTHORIZING DEBTOR TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS; AND (II) GRANTING RELATED RELIEF**

By this motion (this "Motion"), Hartman SPE, LLC, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"), respectfully represents as follows:

**RELIEF REQUESTED**

1.  By this Motion, and pursuant to sections 105(a), 107(c) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c), 1007-2, and 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtor to redact certain personally identifiable information for individual creditors on the list of creditors (the "Creditor Matrix"); and (ii) granting related relief.[2]

---

[1]  The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400).  The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057.  Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2]  Concurrently with this Motion, the Debtor filed an application with the Court seeking to appoint Epiq Corporate Restructuring, LLC as its claims and noticing agent.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of the Chapter 11 Case and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

4.      The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, 9007, and 9018, and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, 9013-1(m), and 9018-1(d).

## BACKGROUND

5.      On the date hereof (the "Petition Date"), the Debtor commenced a bankruptcy case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

6.      The Debtor is authorized to continue to operate its business and manage its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Case as of the date of this Motion.

8.      Additional information regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the commencement of the Chapter 11 Case, is set forth in the *Declaration of David Wheeler in Support of Chapter 11 Petition and First*

*Day Pleadings* (the "<u>First Day Declaration</u>"),[3] filed contemporaneously herewith and incorporated herein by reference.

## <u>BASIS FOR RELIEF</u>

9.      Although the public has a common law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information.  11 U.S.C. § 107(c); *see also Cendant*, 260 F.3d at 194 (noting the public's right of access "is not absolute") (internal citations and quotations omitted); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal citations and quotations omitted).

10.      Specifically, section 107 of the Bankruptcy Code enables a court to issue orders that protect parties from the potential harm that could result from disclosing confidential information.  Section 107(b) of the Bankruptcy Code provides, in pertinent part, as follows:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]

11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 (same).

11.      Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of

---

[3]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

identity theft or other unlawful injury to the individual or the individual's property:

(A)   Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].

(B)   Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

12.   The Debtor respectfully submits that it is appropriate to authorize it to redact from any paper filed or to be filed with the Court in this Chapter 11 Case the email addresses and home addresses of any of the Debtor's individual equity security holders and creditors to the extent applicable, because disclosing such information could be used by third parties, among other things, to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking who have otherwise taken steps to conceal their whereabouts.  This risk is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[4]

13.   The disclosure of the unredacted email addresses and home addresses of individual creditors is not necessary for the purpose of the relevant parties reviewing the amounts owed to those individuals as part of the chapter 11 process, and redaction would be a less intrusive way of achieving this purpose.  The right of individual creditors not to have their unredacted email addresses and home addresses disclosed would also override the legitimate interest of disclosing them to assist with the Chapter 11 Case.  The Debtor proposes to provide an unredacted version

---

[4]   The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [Docket No. 4].

of the Creditor Matrix and any other redacted, applicable filings to this Court, the U.S. Trustee,

counsel to any statutory committee appointed in the Chapter 11 Case, and other parties in interest

upon reasonable request (email being sufficient) to the Debtor or this Court that is reasonably

related to the Chapter 11 Case or as otherwise ordered by the Court.

14.    Courts in this district have stressed the importance of authorizing debtors to redact

individual creditors' personally identifiable information, including home addresses in particular.

In overruling an objection by the U.S. Trustee in *Art Van Furniture* to relief similar to that which

is being requested herein, the Honorable Judge Sontchi noted that the proposed redaction is not a

"burden of proof" issue so "much as a common sense issue."  Hr'g Tr. at 25:6–7, *In re Art Van*

*Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) [Docket No. 82].[5]  Judge

Sontchi found that "at this point and given the risks associated with having any kind of private

information out on the internet, [redaction] has really become routine [and] I think obvious relief."

*Id.* at 25:13-16. Similarly, in *Clover Technologies*, the Honorable Judge Owens overruled the U.S.

Trustee's objection, noting that:

> [t]o me it is common sense.  I don't need evidence that there is, at
> best, a risk of identity theft and worse a risk of personal injury from
> listing someone's name and address on the internet by way of the
> court's electronic case filing system and, of course, the claims
> agent's website. . . . The court can completely avoid contributing to
> the risk by redacting the addresses.  And while there is, of course,
> an important right of access we routinely redact sensitive and

---

[5]    Similarly, Judge Sontchi previously overruled the U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon to be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) [Docket No. 112].

Notably, Judge Sontchi acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public." *Id.* at 45:25-46:2, 47:22–24.  The Debtor reserves the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

> confidential information for corporate entities and redact
> individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [Docket No. 146].  And, in *Forever 21*, in overruling the U.S. Trustee's objection, the Honorable Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."  Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605].

15.     For these reasons, the Debtor respectfully submits that cause exists to authorize the Debtor to redact from any paper filed or to be filed with the Court in this Chapter 11 Case, including the Creditor Matrix, the email addresses and home addresses of the Debtor's interest holders and individual creditors, debtholders, and other creditors—because such information can be used to, among other things, perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking.

16.     Courts in this jurisdiction have granted relief similar to the relief requested herein in comparable cases.  *See, e.g.*, *In re Taronis Fuels, Inc.,* No. 22-11121 (BLS) (Bankr. D. Del. Nov. 15, 2022) [Docket No. 33] (authorizing debtors to redact certain individual addresses and other personal information); *In re Enjoy Tech., Inc.*, No. 22-10580 (JKS) (Bankr. D. Del. July 1, 2022) [Docket No. 68] (same); *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022) [Docket No. 40] (same); *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) [Docket No. 168] (same); *In re Alex and Ani, LLC*, No. 21-10918

(CTG) (Bankr. D. Del. June 11, 2021) [Docket No. 62] (same); *In re Avadim Health, Inc.*, No. 21-10883 (CTG) (Bankr. D. Del. June 2, 2021) [Docket No. 39] (same).[6]

## **NOTICE**

17.      Notice of this Motion and any order entered hereon will be provided to: (i) the Office of the United States Trustee for the District of Delaware, (ii) the Debtor's thirty (30) largest unsecured creditors, (iii) counsel to the Prepetition Lender, (iv) the Office of the United States Attorney for the District of Delaware, (v) the Internal Revenue Service, (vi) the Securities and Exchange Commission, (vii) the Office of the United States Attorney for the State of Texas, (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (ix) any other party entitled to notice pursuant to Local Rule 9013-1(m).  In light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, the Debtor submits that no further notice is required.

## **NO PRIOR REQUEST**

18.      No prior request for the relief sought herein has been made by the Debtor to this or any other court.

*[Remainder of page intentionally left blank]*

---

[6]      Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtor's proposed counsel.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter the Proposed Order in substantially the form attached hereto and (ii) grant such other and further relief as may be just and proper.

Dated: September 13, 2023
Wilmington, Delaware

Respectfully submitted,

*/s/ Mark D. Olivere*
William E. Chipman, Jr. (No. 3818)
Kristi J. Doughty (No. 3826)
Mark D. Olivere (No. 4291)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Telephone: (302) 295-0191
Facsimile:  (302) 295-0199
Email: chipman@chipmanbrown.com
        doughty@chipmanbrown.com
        olivere@chipmanbrown.com

- and-

John E. Mitchell (*pro hac vice* pending)
Michaela C. Crocker (*pro hac vice* pending)
Yelena E. Archiyan (*pro hac vice* pending)
**KATTEN MUCHIN ROSENMAN LLP**
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
Email: john.mitchell@katten.com
        michaela.crocker@katten.com
        yelena.archiyan@katten.com

*Proposed Counsel to the Debtor and Debtor in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

00059155.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hartman SPE, LLC, | ) | Case No. 23-11452 (___) |
| | ) | |
| Debtor.[1] | ) | Re: Docket No. [__] |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTOR TO REDACT CERTAIN**
**PERSONALLY IDENTIFIABLE INFORMATION FOR**
**INDIVIDUAL CREDITORS; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and

debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case") for an

order (i) authorizing the Debtor to redact certain personally identifiable information for individual

creditors from the Creditor Matrix; and (ii) granting related relief, all as more fully set forth in the

Motion; and the Court having reviewed the Motion and the First Day Declaration and having heard

the statements of counsel regarding the relief requested in the Motion at a hearing before the Court

(the "Hearing"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the Amended Standing Order; and this Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this

proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion

were appropriate under the circumstances and no other notice need be provided; and this Court

---

[1]     The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400).  The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before this

Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.        The Motion is GRANTED as set forth herein.

2.        The Debtor is authorized to redact the email addresses and home addresses, but not

the names, of the individuals listed on the Creditor Matrix and any other paper filed or to be filed

with the Court in this Chapter 11 Case; *provided,* however, that the Debtor shall provide an

unredacted version of the Creditor Matrix upon request to the U.S. Trustee, any official committee

of unsecured creditors subsequently appointed in this Chapter 11 Case, the Court, and any party in

interest upon reasonable request.  Any party in interest that is not provided with an unredacted

version of the applicable document upon request may file a motion with the Court to obtain such

document.  Each party receiving an unredacted copy of the Creditor Matrix or any other applicable

document shall keep such personally identifiable information confidential unless otherwise

required to be disclosed by law or court order.

3.        The Claims and Noticing Agent is authorized to post a version of the Creditor

Matrix on the case website, https://dm.epiq11.com/HartmanSPE, which does not specify address

information for individual creditors.

4.        Nothing contained in the Motion or this Order, nor any payment made in connection

with the authority granted by this Order, shall constitute or be construed as (i) an admission as to

the validity of any claim against the Debtor; (ii) a waiver of the Debtor's right to dispute the amount

of, basis for, or validity of any claim against the Debtor; (iii) a waiver of any claims or causes of

action that may exist against any creditor; (iv) a promise to pay any claim; (v) an approval,

assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtor and any third party under section 365 of the Bankruptcy Code; or (vi) otherwise affecting the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

5.      Nothing contained in the Motion or this Order shall be construed to (i) create or perfect, in favor of any person or entity, any interest in cash of the Debtor that did not exist as of the Petition Date, or (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

6.      Nothing herein shall create, nor is intended to create any rights in favor of or enhance the status of any claim held by any party.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

00059155.2

3