## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Hartman SPE, LLC,** | ) | **Case No. 23-11452 (___)** |
| | ) | |
| **Debtor.[1]** | ) | |
| | ) | |

### MOTION OF THE DEBTOR FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION TAXES AND FEES; AND GRANTING RELATED RELIEF

By this motion (this "<u>Motion</u>"), Hartman SPE, LLC, as debtor and debtor in possession (the "<u>Debtor</u>") in the above-captioned chapter 11 bankruptcy case (the "<u>Chapter 11 Case</u>"), respectfully represents as follows:

### <u>RELIEF REQUESTED</u>

1.      By this Motion, and pursuant to sections 105(a), 363(b), 507(a)(8), 541(d) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Debtor seeks entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "<u>Proposed Interim Order</u>") and **Exhibit B** (the "<u>Proposed Final Order</u>"), respectively, (i) authorizing, but not directing, the Debtor, in its discretion, to (a) to pay prepetition Taxes and Fees (as each is defined below) including any penalties and interest thereon, to various federal, state, county, and city taxing and

---

[1]      The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

licensing authorities (each, an "<u>Authority</u>," and collectively, the "<u>Authorities</u>") to the extent (i) the various taxes and related obligations that accrued prior to the Petition Date were not paid prepetition, were not processed prepetition, or were paid in an amount that was less than is actually owed, including amounts subsequently determined upon any audit or otherwise to be owed for periods prior to the Petition Date; (ii) any payments made prepetition were rejected, lost, or otherwise not received in full by any Authority; or (iii) any taxes and related obligations accrued or were incurred prepetition that will become due during the pendency of this case in the ordinary course of business; and (b) to continue paying Taxes and Fees to the Authorities postpetition in the ordinary course. Such relief will be without prejudice to the Debtor's right to contest the amounts of any Taxes and Fees on any grounds they deem appropriate.[2] A list of the Authorities is attached as **<u>Schedule 1</u>** to the Proposed Final Order. Although the Debtor believes the list of Authorities set forth on **<u>Schedule 1</u>** is substantially complete, the relief requested herein is to be applicable with respect to all Authorities and is not limited to those Authorities listed on **<u>Schedule 1</u>**.

2.      Further, the Debtor requests entry of an order authorizing and directing the Debtor's banks (the "<u>Banks</u>") and other financial institutions, when requested by the Debtor in its sole discretion, to receive, process, honor, and pay all prepetition and postpetition checks, drafts, and other forms of payment, including fund transfers, on account of the Taxes and Fees whether such checks or other requests were submitted prior to or after the Petition Date. The Debtor further requests that the Debtor's Banks and financial institutions be authorized to rely on the representations of the Debtor as to which checks and fund transfers should be honored and paid in respect of Taxes and Fees, provided that sufficient funds are on deposit in the applicable

---

[2]    For the avoidance of doubt, by this Motion the Debtor is not seeking authorization to pay Taxes and Fees that accrued and became payable prior to the Petition Date and are no longer payable without penalty.

accounts to cover such payments.  Finally, the Debtor requests authorization to issue checks or provide for other means of payment to the Authorities, to the extent necessary to pay Taxes and Fees

3.      As of the Petition Date, the Debtor estimates that it owes approximately $9,875,847.88 in Taxes and Fees that have accrued but are not yet due, composed entirely of current tax obligations, and which are not in respect of "catch-up" payments.  The Debtor seeks authority to pay all prepetition Taxes and Fees owed to the Authorities in the ordinary course of business, subject to the imposition of interim and final caps as discussed below.  The Debtor believes that payment of the Taxes and Fees, including any prepetition amounts, is necessary to avoid immediate and irreparable harm and should be approved pursuant to the Proposed Interim Order.  In addition, the Debtor is seeking approval of the relief requested herein on a final basis pursuant to the Proposed Final Order.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of the Chapter 11 Cases and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5.      Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

6.      The statutory predicates for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1(m).

## BACKGROUND

7.      On the date hereof (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

8.      The Debtor is authorized to continue to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.      No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Case.

10.     A detailed description of the Debtor and its business, including the facts and circumstances giving rise to the Debtor's Chapter 11 Case, is set forth in the *Declaration of David Wheeler in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration") filed contemporaneously with the Motion.[3]

## OVERVIEW OF DEBTOR'S TAX AND FEE OBLIGATIONS

11.     Prior to the Petition Date, the Debtor, in the ordinary course of business, incurred various taxes, including real property taxes, sales taxes, franchise taxes, as well as license and regulatory fees, and other fees (collectively, the "Taxes and Fees"). The Debtor remits the Taxes and Fees to various federal, state, and local authorities, including taxing and licensing authorities (collectively, the "Authorities"). The Debtor pays the Taxes and Fees to the Authorities on a periodic basis, remitting them monthly, quarterly, semiannually, or annually, depending on the

---

[3]     Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

nature and incurrence of a particular Tax or Fee.  As of the Petition Date, the Debtor's financial records indicate that approximately $411,110.00 in Taxes and Fees have accrued relating to the prepetition period, all of which will become due and payable in the first twenty-one (21) days of this Chapter 11 Case.

A.    **Real Property Taxes**

12.    The Debtor owns real property in various counties in Texas.  In the ordinary course of operating the business and owning the real property, the Debtor is required to pay real property taxes in each county on an annual basis (the "Real Property Taxes").  On average, the Debtor pays approximately $9,464,737.88 with respect to the Real Property Taxes per year.  As of the Petition Date, the Debtor's financial records indicate that it is substantially current on the payment of Real Property Taxes but, out of an abundance of caution, seeks to pay such taxes if due within the first twenty-one (21) days of the Petition Date and thereafter as necessary in the ordinary course of business.

B.    **Sales Taxes**

13.    In the ordinary course of business, the Debtor pays sales taxes on certain revenues it collects from business activities ancillary to owning its real estate business, including for example, income from parking (the "Sales Taxes").  Sales Taxes are calculated on the basis of statutorily mandated percentages of the price at which the Debtor's products or services are invoiced on a monthly basis.  The Debtor primarily pays the Sales Taxes in the State of Texas. As of the Petition Date, the Debtor's financial records indicate that the Debtor does not owe any amounts on account of past due Sales Taxes.  The Debtor estimates that approximately $110 in Sales Taxes to the Authorities will become due and payable in the first twenty-one (21) days of this Chapter 11 Case.

D.     **Franchise Taxes**

14.     The Debtor is subject to franchise taxes in the state(s) in which it operates its business (the "<u>Franchise Taxes</u>").  The Debtor estimates that approximately $411,000 in unpaid prepetition Franchise Taxes have accrued as of the Petition Date, all of which will become due and payable in the twenty-one (21) days following the Petition Date.[4]

E.     **Regulatory, Licensing, and Other Fees**

15.     In the ordinary course of business, the Debtor is obligated to pay a variety of fees related to the operations of the Debtor's business, including business licenses, registrations, and other types of permits and fees (the "<u>Fees</u>") in order to continue conducting its business.  As of the Petition Date, Fees are paid to local and state Authorities in the states in which the Debtor does business.  The Debtor typically pays the Fees quarterly or annually, or as otherwise required under applicable law.

16.     As of the Petition Date, the Debtor's financial records indicate that it is substantially current on the payment of Fees to all Authorities but, out of an abundance of caution, seeks authority to pay such fees if due within the first twenty-one (21) days of the Petition Date and thereafter as necessary in the ordinary course of business.

**BASIS FOR RELIEF**

A.     **Payment of the Taxes and Fees is Necessary and Appropriate.**

17.     There are several bases to grant the relief requested in this Motion.  First, a portion of the Taxes and Fees may be entitled to priority status under section 507(a)(8) of the Bankruptcy Code and, therefore, must be paid in full under any chapter 11 plan. *See* 11 U.S.C.

---

[4]     For taxes due for calendar year 2022, the Debtor received an extension to pay Franchise Taxes through November 15, 2023.  However, because the Debtor has not yet remitted payment of an estimated amount of $411,000 in May 2023, the Texas Secretary of State could revoke the Debtor's franchise license at any time. Accordingly, by this Motion, the Debtor seeks authority to remit payment of $411,000 to avoid forfeiture of its franchise license.

§ 1129(a)(9)(C).  Thus, payment of the Taxes and Fees at this time only affects the timing of the payment and does not prejudice the rights of general unsecured creditors.

18.     Second, liens can attach to property on which the Debtor has unpaid Taxes and Fees, thus potentially entitling the relevant Authorities to a secured claim against property of the Debtor's estate and the payment of postpetition interest and penalties.  Secured claims must be paid in full under any chapter 11 plan.  *See* 11 U.S.C. § 1129(b)(2)(A).  Payment of the Taxes and Fees will therefore affect only the timing of the payments, and not the amounts that would ultimately be payable to the applicable Authorities, and may, in some instances, allow the Debtor to avoid the payment of unnecessary interest and penalties.

19.     Third, section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtors hold, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estates under subsection (a)(1) or (a)(2) of this section only to the extent of the debtors' legal title to such property but not to the extent of any equitable interest in such property that the debtors do not hold."  11 U.S.C. § 541(d).  Some of the Taxes and Fees may constitute "trust fund" taxes that the Debtor is required to collect from third parties and hold in trust for the benefit of such Authorities and may not constitute property of the estate. *See Begier v. Internal Revenue Service*, 496 U.S. 53, 57-60 (1990) (holding that any prepetition payment of trust fund taxes is not an avoidable preference because such funds are not property of the debtors' estate); *see e.g. In re Calabrese*, 689 F.3d 312, 314 (3d Cir. 2012) (holding that sales taxes are "trust fund" taxes).  Accordingly, because the Debtor may have no equitable interest in any such trust fund taxes, payment of such Taxes and Fees would not prejudice the rights of any of the Debtor's other creditors, and the Debtor should be permitted to pay them to the relevant Authorities as they become due.

20.     Fourth, states may impose personal liability on the Debtor's directors and officers to the extent the Debtor fails to meet its obligations to remit Taxes and Fees, even if the failure to pay such Taxes and Fees was not a result of any malfeasance on their part.  *See*, *e.g.*, *John F. Olson et al.*, *Director & Officer Liability: Indemnification and Insurance* § 3:21 (2003) ("[S]ome states hold corporate officers personally liable for any sales tax and penalty owed and not paid by the corporation, regardless of cause.")  In addition, the Debtor's failure to pay certain Taxes and Fees could cause the state(s) in which the Debtor does business to challenge the Debtor's right to operate within each such state's jurisdiction.  Addressing any action taken by the state would be costly and burdensome and would be an unnecessary distraction during this Chapter 11 Case.  Therefore, it is in the best interests of the Debtor's estate to eliminate the possibility of the foregoing distractions.

21.     Fifth, the use of estate assets to pay the Taxes and Fees should be authorized under section 363(b) of the Bankruptcy Code so long as a sound business purpose exists for doing so. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (holding that the standard for considering a section 363(c) motion is "a good business reason").  Courts emphasize that the business judgment rule is not an onerous standard. *In re Touer Air, Inc.*, 416 F. 3d 299, 238 (3d Cir. 2005) (stating that [o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task"); *In re AbitibiBowater*, 418 B.R. 815, 831 (Bankr. D. Del. 2009) (the business judgment standard is "not a difficult standard to satisfy").  The Debtor has a strong business purpose for paying the Taxes and Fees.  Indeed, failure to pay the Taxes and Fees jeopardizes the Debtor's ability to continue to operate and may subject the Debtor's directors and officers to personal liability.  Furthermore, Authorities may audit the Debtor if the Taxes and Fees are not timely paid.  Such audits would needlessly divert the

Debtor's attention from its Chapter 11 efforts.  In addition, some Authorities may also seek to impose liens on the Debtor's assets due to unpaid "trust fund" taxes, which liens would require time, effort, and expense for the Debtor to challenge and remove.

22.     Bankruptcy courts in this District have relied on these authorities and precedent to authorize the payment of prepetition tax obligations. *See, e.g., In re Advantage Holdco, Inc., Case No. 20-11259 (JTD) (Bankr. D. Del. June 30, 2020) (authorizing debtors to pay prepetition taxes in the ordinary course of business); In re Hertz Corp., Case No. 20-11218 (MFW) (Bankr. D. Del. June 24, 2020) (same); In re Exide Holdings, Inc., Case No. 20-11157 (CSS) (Bankr. D. Del. June 18, 2020); In re Melinta Therapeutics, Inc., Case No. 19-12748 (LSS) (Bankr. D. Del. Jan. 30, 2020) (same); In re Charming Charlie Holdings Inc., Case No. 19-11534 (CSS) (Bankr. D. Del. July 12, 2019) (same); In re EdgeMarc Energy Holdings, LLC, Case No. 19-11104 (BLS) (Bankr. D. Del. May 16, 2019) (same); In re Pernix Sleep, Inc., Case No. 19-10323 (CSS) (Bankr. D. Del. Feb. 21, 2019) (same); In re Novum Pharma, LLC, Case No. 19-10209 (KJC) (Bankr. D. Del. Feb. 5, 2019) (same).*[5]

23.     Without question, the payment of the Taxes and Fees is necessary here.  It is in the best interests of the Debtor's estate that the Taxes and Fees be paid on time to avoid any disruptions.  Delayed payment of the Taxes and Fees may cause the Authorities to take precipitous action, including a marked increase in state audits, a flurry of lien filings, and significant administrative maneuvering at the expense of the Debtor's time and resources.  Prompt and regular payment of the Taxes and Fees will avoid this unnecessary governmental action.  Based on the foregoing, the Debtor submits that the relief requested herein is in the best

---

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtor's proposed counsel.

interests of the Debtor, its estate, its creditors, its stakeholders, and other parties-in-interest and, therefore, should be granted.

**B.      Cause Exists to Authorize the Debtor's Financial Institutions to Honor Checks and Electronic Funds Transfer.**

24.      The Debtor has sufficient funds to pay the amounts described in this Motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations, debtor-in-possession financing and/or anticipated access to cash collateral.  In addition, under the Debtor's accounting and cash management system, the Debtor can readily identify checks or wire transfer requests as relating directly to payment of the Taxes and Fees.  Accordingly, the Debtor believes that prepetition checks and transfers other than those for the Taxes and Fees will not be honored inadvertently.  The Debtor submits that any financial institution should be authorized to rely on the representations of the Debtor with respect to whether any check drawn or transfer request issued by the Debtor prior to the Petition Date should be honored pursuant to this Motion, and this Court should authorize all applicable Banks and financial institutions, when requested by the Debtor, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested herein.

## <u>RESERVATION OF RIGHTS</u>

25.      Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a promise to pay any claim, (v) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtor and any third party under section 365 of the Bankruptcy Code or (vi) otherwise affecting the Debtor's rights under section 365 of the Bankruptcy Code to assume or

reject any executory contract or unexpired lease.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.  Accordingly, the Debtor reserves all its rights and defenses related to its ability to contest the amount or basis of any Taxes and Fees that may be due to the various Authorities.

## DEBTOR HAS SATISFIED BANKRUPTCY RULE 6003(b)

26.     Bankruptcy Rule 6003 provides that, to the extent that relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to twenty-one (21) days after the Petition Date. Fed. R. Bankr. P. 6003.  The Debtor submits that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, as described herein, and that Bankruptcy Rule 6003 has been satisfied.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

27.     The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtor seeks in this Motion is necessary for the Debtor to operate without interruption and to preserve value for its estate.  Accordingly, the Debtor respectfully requests that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

28.     Notice of this Motion and any order entered hereon will be provided to: (i) the Office of the United States Trustee for the District of Delaware, (ii) the Debtor's thirty (30) largest unsecured creditors, (iii) counsel to the Prepetition Lender, (iv) any other parties having asserted liens against the Properties, (v) the Office of the United States Attorney for the District of Delaware, (vi) the Internal Revenue Service, (vii) the Securities and Exchange Commission, (viii) the Office of the United States Attorney for the State of Texas, (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002, (x) the Authorities, (xi) the Banks, and (xi) any other party entitled to notice pursuant to Local Rule 9013-1(m).  In light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, the Debtor submits that no further notice is required.

## NO PRIOR REQUEST

29.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter the Proposed

Interim Order and Proposed Final Order in substantially the forms attached hereto and (ii) grant

such other and further relief as may be just and proper.

Dated: September 13, 2023          Respectfully submitted,
Wilmington, Delaware

                                   /s/ Mark D. Olivere
                                   William E. Chipman, Jr. (No. 3818)
                                   Kristi J. Doughty (No. 3826)
                                   Mark D. Olivere (No. 4291)
                                   **CHIPMAN BROWN CICERO & COLE, LLP**
                                   Hercules Plaza
                                   1313 N. Market Street, Suite 5400
                                   Wilmington, DE 19801
                                   Telephone: (302) 295-0191
                                   Facsimile:  (302) 295-0199
                                   Email: chipman@chipmanbrown.com
                                        doughty@chipmanbrown.com
                                        olivere@chipmanbrown.com

                                              - and-

                                   John E. Mitchell (*pro hac vice* pending)
                                   Michaela C. Crocker (*pro hac vice* pending)
                                   Yelena E. Archiyan (*pro hac vice* pending)
                                   **KATTEN MUCHIN ROSENMAN LLP**
                                   2121 N. Pearl St., Suite 1100
                                   Dallas, TX 75201
                                   Telephone: (214) 765-3600
                                   Facsimile: (214) 765-3602
                                   Email: john.mitchell@katten.com
                                        michaela.crocker@katten.com
                                        yelena.archiyan@katten.com

                                   *Proposed Counsel to the Debtor and*
                                   *Debtor in Possession*

**Exhibit A**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Hartman SPE, LLC, | ) | Case No. 23-11452 (___) |
|  | ) |  |
| Debtor.[1] | ) | Re: Docket No. [__] |
|  | ) |  |

## INTERIM ORDER AUTHORIZING THE DEBTOR
## TO PAY CERTAIN PREPETITION TAXES AND FEES;
## AND GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case") for an order (i) authorizing the Debtor to remit and pay the Taxes and Fees, including any penalties and interest thereon, to the Authorities; and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtor is hereby authorized, but not directed, in its sole discretion, to pay all prepetition Taxes and Fees owing to Authorities in the ordinary course of its business, and to continue paying Taxes and Fees to the Authorities in the ordinary course postpetition, up to the aggregate amount of $411,110.00 during the interim period; *provided*, however, that no payments will be remitted to any Authority on account of Taxes and Fees that became payable prior to the Petition Date and are no longer payable without penalty.

3.      All applicable Banks and other financial institutions are hereby authorized, when requested by the Debtor, in its sole discretion, to receive, process, honor, and pay all prepetition and postpetition checks, drafts, and other forms of payment, including fund transfers, on account of the Taxes and Fees whether such checks or other requests were submitted prior to or after the Petition Date.

4.      The Debtor's Banks and other financial institutions are authorized to rely on the representations of the Debtor as to which checks and fund transfers should be honored and paid pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for in this Interim Order.

5.      To the extent the Debtor has not yet sought to remit payment to the Authorities, the Debtor is authorized, but not directed, to issue checks or provide for other means of payment to the Authorities, to the extent necessary to pay Taxes and Fees.

6.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any Authority.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute: (i) an admission as to the validity or priority of any claim or lien against the Debtor, (ii) a waiver of the Debtor's right to subsequently dispute such claim or lien, (iii) an undertaking, obligation, or commitment to pay any claims hereunder, or (iv) the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

8.      The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

9.      The requirements of Bankruptcy Rule 6004(a) and (h) are waived.

10.     This order shall be effective and enforceable immediately upon entry hereof.

11.     The final hearing (the "Final Hearing") on the Motion shall be held on _____ __, 2023 at __:__ a.m./p.m., prevailing Eastern Time.  Any objections or responses to the entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____ ___, 2023 (the "Objection Deadline"), and shall be served on: (i) proposed counsel for the Debtor, Katten Muchin Rosenman LLP, 2121 North Pearl Street, Suite 1100, Dallas, TX 75201, Attn: John Mitchell (john.mitchell@katten.com) and Michaela Crocker (michaela.crocker@katten.com); (ii) proposed Delaware counsel for the Debtor, Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington DE, 19801, Attn: William E. Chipman, Jr. (chipman@chipmanbrown.com); (iii)

counsel for the Prepetition Lender, [_____]; (iv) counsel to any statutory committee appointed in this Chapter 11 Case; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: John Schanne (john.schanne@usdoj.gov).  If no objections or responses are filed and served by the Objection Deadline, the Court may enter a final order without any further notice of a hearing.

12. The Debtor is hereby authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order.

13. Notwithstanding anything to the contrary in this Interim Order, any payment made or authorization hereunder shall be subject to the applicable agreed budget.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Interim Order.

**Exhibit B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **Hartman SPE, LLC,** | ) | **Case No. 23-11452 (___)** |
| | ) | |
| Debtor.[1] | ) | **Re: Docket No. [__]** |
| | ) | |

**FINAL ORDER AUTHORIZING THE DEBTOR TO**
**PAY CERTAIN PREPETITION TAXES AND FEES; A**
**ND GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case") for an order (i) authorizing the Debtor to remit and pay the Taxes and Fees, including any penalties and interest thereon, to the Authorities; and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400).  The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057.  Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtor is hereby authorized, but not directed, in its sole discretion, to pay all prepetition Taxes and Fees owing to Authorities in the ordinary course of its business, and to continue paying Taxes and Fees to the Authorities in the ordinary course postpetition.

3.      All applicable Banks and other financial institutions are hereby authorized, when requested by the Debtor, in its sole discretion, to receive, process, honor, and pay all prepetition and postpetition checks, drafts, and other forms of payment, including fund transfers, on account of the Taxes and Fees whether such checks or other requests were submitted prior to or after the Petition Date.

4.      The Debtor's Banks and other financial institutions are authorized to rely on the representations of the Debtor as to which checks and fund transfers should be honored and paid pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for this Final Order.

5.      To the extent the Debtor has not yet sought to remit payment to the Authorities, the Debtor is authorized, but not directed, to issue checks or provide for other means of payment to the Authorities, to the extent necessary to pay Taxes and Fees.

6.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any Authority.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion, the Interim Order, or this Final Order, or any payment made pursuant to the Interim Order or this Final Order shall constitute, nor is it intended to constitute: (i) an admission as to the validity or priority of any claim or lien against the Debtor, (ii) a waiver of the Debtor's rights to subsequently dispute such claim or lien, (iii) an undertaking, obligation, or commitment to pay any claims hereunder, or (iv) the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

8.      Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

9.      The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

10.     The Debtor is hereby authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order.

11.     Notwithstanding anything to the contrary in this Final Order, any payment made or authorization hereunder shall be subject to the applicable agreed budget.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Final Order.

## Schedule 1

### List of Authorities

| TAX TYPE | JURISDICTION | TAXING AUTHORITY | ADDRESS |
|---|---|---|---|
| Property | State | Dallas County Tax Office | 500 Elm Street Suite 3300 Dallas, Texas 75202 |
| Property | State | Tarrant County Tax Office | 100 E. Weatherford Street Fort Worth, Texas 76196 |
| Property | State | Harris County Tax Office | PO Box 4663 Houston, TX 77210 |
| Property | State | Fort Bend County Tax Office | 301 Jackson St. Richmond, TX 77469 |
| Property | State | Bexar County Tax Office | PO Box 839950 San Antonio, TX 78283 |
| Property | State | Collin County Tax Office | PO Box 8046 McKinney, Texas 75070 |
| Franchise | State | Texas Comptroller of Public Accounts | 111 E. 17th St. Austin, Texas 78774 |
| Sale and Use | State | Texas Comptroller of Public Accounts | 111 E. 17th St. Austin, Texas 78774 |
| Income | Federal | U.S. Department of Treasury | 1500 Pennsylvania Ave, NW Washington DC 20220 |