# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
|  | ) |  |
| **Hartman SPE, LLC,** | ) | **Case No. 23-11452 (___)** |
|  | ) |  |
| **Debtor.**[1] | ) |  |
|  | ) |  |

**MOTION OF THE DEBTOR FOR THE ENTRY OF INTERIM AND
FINAL ORDERS (I) AUTHORIZING THE DEBTOR'S PROPOSED FORM OF
ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES
FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING
UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING
<u>SERVICE; AND (IV) GRANTING RELATED RELIEF</u>**

By this motion (this "<u>Motion</u>"), Hartman SPE, LLC, as debtor and debtor in possession (the "<u>Debtor</u>") in the above-captioned chapter 11 bankruptcy case (the "<u>Chapter 11 Case</u>"), respectfully represents as follows:

## <u>RELIEF REQUESTED</u>

1.      By this Motion, and pursuant to sections 105(a), 362 and 366 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Debtor seeks entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "<u>Proposed Interim Order</u>") and **Exhibit B** (the "<u>Proposed Final Order</u>"), respectively, (i) authorizing the Debtor's proposed form of adequate assurance of postpetition payment to its utilities, as that term is used in section 366 of the Bankruptcy Code (the "<u>Utility Companies</u>"), of a two (2) week deposit for each Utility Company for a total of approximately $445,000.00 (ii) establishing procedures for

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400).  The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057.  Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's  website https://dm.epiq11.com/HartmanSPE.

resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance (defined below), and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtor solely on the basis of the commencement of this case, a debt that is owed by the Debtor for services rendered prior to the Petition Date (defined below), or on account of any perceived inadequacy of the Debtor's Proposed Adequate Assurance pending entry of the Final Order, and (iv) granting related relief.

2.      The Debtor believes that all of the relief requested herein is necessary to avoid immediate and irreparable harm and should be approved pursuant to the Proposed Interim Order. In addition, the Debtor is seeking approval of the relief requested herein on a final basis pursuant to the Proposed Final Order.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of the Chapter 11 Cases and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4.      Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

5.      The statutory bases for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1(m).

## BACKGROUND

6.      On the date hereof (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

7.      The Debtor is authorized to continue to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Case.

9.      A detailed description of the Debtor and its business, including the facts and circumstances giving rise to the Debtor's Chapter 11 Case, is set forth in the *Declaration of David Wheeler in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration") filed contemporaneously with the Motion. [2]

## THE UTILITY SERVICES

10.     In connection with the operation of its business and the management of its property, the Debtor obtains utility services, including electric, gas, water, sewer, trash removal, telephone, internet and other similar services (collectively, the "Utility Services"), from the Utility Companies covering a number of utility accounts.  The relief requested in this Motion is for all Utility Companies providing Utility Services to the Debtor and is not limited to those listed on the list of providers of Utility Services attached to the Final Order as **Schedule 1** (the "Utility Company List").  The Debtor has made an extensive and good faith effort to identify all of the Utilities that provide them Utility Services and to include them in **Schedule 1**. Nevertheless, the Debtor reserves the right to supplement **Schedule 1** by filing a notice (a

---

[2]      Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

"Supplemental Notice," and together with Schedule 1, as may be so supplemented, the "Utilities List") at a later date with the Court if necessary.

11.     On average, prior to the Petition Date, the Debtor spent approximately $884,766.00 each month on account of Utility Services, calculated as a historical average payment for the twelve months prior to the Petition Date.   As reflected on **Schedule 1**, prepetition, the Debtor has provided deposits to certain Utility Companies totaling approximately $41,312.21.   The Debtor believes that, as of the Petition Date, it is current on payments for substantially all prepetition Utility Services for which it has been invoiced.[3]

12.     Uninterrupted Utility Services are essential to the Debtor's business operations during the pendency of this Chapter 11 Case.   Should any Utility Company alter, refuse, or discontinue service, even for a brief period, the Debtor's business operations could be severely disrupted, and such disruption would jeopardize the Debtor's reorganizational efforts.   It is essential that the Utility Services continue uninterrupted.   Accordingly, the Debtor seeks to establish an orderly process for providing adequate assurance to the Utility Companies without jeopardizing the Debtor's business operations.

A.     **The Proposed Adequate Assurance.**

13.     Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may alter, refuse or discontinue a chapter 11 debtor's utility service if the utility does not receive from the debtor or the trustee adequate "assurance of payment" within thirty (30) days of the commencement of the debtor's chapter 11 case.   Section 366(c)(1)(A) of the Bankruptcy Code defines the phrase "assurance of payment" to mean, among other things, a cash deposit.

---

[3]     Prior to the Petition Date, the Debtor made multiple payments in the total amount of $537,000 on account of Utility Services which checks have not cleared as of the Petition Date.

14.     The Debtor fully intends to pay all undisputed postpetition obligations owed to the Utility Companies in a timely manner.  Additionally, the Debtor proposes to provide "assurance of payment" to Utility Companies within twenty (20) days after the Petition Date by placing a cash deposit (the "Adequate Assurance Deposit") equal to the cost of Utility Services for a period of two (2) weeks, calculated based on the historical monthly average costs over the prior twelve-month period, into a newly created, segregated account (the "Utility Deposit Account") for the benefit of any Utility Company, unless any such Utility Company agrees in writing to a lesser amount, is paid in advance for Utility Services, or already holds a deposit equal to or greater than two weeks of Utility Services.  The Debtor requests authority to fund a total amount into the Utility Deposit Account of approximately $445,000.00.  This amount represents an amount equal to approximately two (2) weeks of the Debtor's average monthly cost of Utility Services, plus an additional $2,617.00 out of an abundance of caution to provide assurance to any Utility Company that may have inadvertently been excluded from the Utility Company List.  No creditor of the Debtor shall have any interest in or lien on the Adequate Assurance Deposit or the Utility Deposit Account.

15.     Where the Debtor has already provided a Utility Company a deposit equal to, or greater than, two (2) weeks of Utility Services, the Debtor submits that such Utility Company should be deemed to have been provided with adequate assurance of payment as required by section 366 of the Bankruptcy Code.

16.     The Debtor proposes that the Adequate Assurance Deposit be maintained until the earlier of (i) entry of an order of the Court authorizing the return of the Adequate Assurance Deposit to the Debtor, (ii) the consummation of a sale of the Debtor's assets under section 363 of

the Bankruptcy Code that provides for the release of the Adequate Assurance Deposit, and (iii) the effective date of any chapter 11 plan in the Chapter 11 Case.

17.     In addition, the Debtor seeks authority to reduce the Adequate Assurance Deposit to the extent that it includes an amount on account of a Utility Company that the Debtor subsequently determines, in its sole discretion, should be removed from the Utility Services List.

18.     The Debtor submits that the availability of the Adequate Assurance Deposit, together with the Debtor's ability to pay for future Utility Services during this Chapter 11 Case in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitute adequate assurance of payment to the Utility Companies for purposes of section 366 of the Bankruptcy Code.

19.     Accordingly, the Debtor believes that no other or further assurance of payment is necessary.  If, however, a Utility Company believes that additional or alternative assurance of payment is necessary, the Debtor submits that the Utility Company must request such additional or alternative assurance of payment pursuant to the procedures described below (the "Adequate Assurance Procedures").

**B.     Additional Adequate Assurance Procedures.**

20.     To address the right of any Utility Company under section 366(c)(2) of the Bankruptcy Code to seek additional adequate assurance satisfactory to it, the Debtor proposes the following Adequate Assurance Procedures be adopted:

(a)     If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve a request (an "Additional Assurance Request") upon (i) the Debtor, 2909 Hillcroft, Suite 420, Houston, TX 77057 (Attn: David Wheeler); (ii) proposed counsel to the Debtor, Katten Muchin Rosenman LLP, 2121 North Pearl Street, Suite 1100, Dallas, TX 75201 (Attn: John Mitchell and Michaela Crocker), and Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, DE 19801 (Attn: William E. Chipman, Jr. and Mark D. Olivere); (iii) Office of

the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; and (iv) counsel to any statutory committee appointed in this Chapter 11 Case (the "Notice Parties").

(b)     Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) set forth whether the Utility Company holds any deposits or other security, and if so, in what amount; and (v) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

(c)     Upon the Debtor's receipt of an Additional Assurance Request, the Debtor shall have twenty (20) days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Company to resolve such Utility Company's request for additional assurance of payment.  The Debtor and the applicable Utility Company also may agree to extend the Resolution Period.

(d)     The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable. The Debtor may reduce the amount of the Adequate Assurance Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtor and the affected Utility Company.

(e)     If the Debtor determines that an Additional Assurance Request is not reasonable or is not able to resolve such request during the Resolution Period, the Debtor, during or promptly after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f)     Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for prepetition services, the commencement of this Chapter 11 Case, or any objections to the Proposed Adequate Assurance, or requiring the Debtor to furnish any additional deposit or other security for the continued provision of services.

**C.      Subsequent Modifications of Utility Company List and Procedures for Subsequently Identified Utility Companies.**

21.      It is possible that, despite the Debtor's efforts, certain Utility Companies have not yet been identified by the Debtor or included on the Utility Service List (each, an "Additional Utility Company" and collectively, the "Additional Utility Companies").  Thus, promptly upon the discovery of an Additional Utility Company, the Debtor will increase the Adequate Assurance Deposit by an amount equal to approximately two (2) weeks of the Debtor's estimated aggregate utility expense for each Additional Utility Company, unless such Additional Utility Company agrees in writing to a lesser amount, is paid in advance for Utility Services, or already holds a deposit equal to, or greater than, two (2) weeks of Utility Services.  In addition, the Debtor requests that the Court provide that the Additional Utility Companies are subject to the terms of the order approving this Motion on an interim basis (the "Interim Order") and a final order on this Motion (the "Final Order"), including the Adequate Assurance Procedures.

22.      Further, it is possible that during the course of this Chapter 11 Case, certain Utility Accounts with respect to which funds have been contributed to the Adequate Assurance Deposit will be closed in the ordinary course of the Debtor's business (each, a "Closed Account" and collectively, the "Closed Accounts").  The Debtor requests that if any Utility Account becomes a Closed Account during the course of this Chapter 11 Case, the Debtor shall be authorized to decrease the amount of the Adequate Assurance Deposit by withdrawing from the Utility Deposit Account the amount deposited with respect to such Closed Account to the extent no dispute regarding postpetition payments exists.

23.      The Debtor maintains that the relief requested in this Motion strikes a fair balance between protecting the rights of the Utility Companies and the rights of the Debtor under the Bankruptcy Code and the need for the Debtor to continue to receive, for the benefit of its estate,

the Utility Services upon which it depends.  The Debtor does not believe that the Utility Companies will be prejudiced by the Proposed Adequate Assurance, the requirement to provide the Debtor with uninterrupted access to Utility Services, and the procedures for resolving objections to the Proposed Adequate Assurance.

**D.      Prohibition on Altering, Refusing, or Discontinuing Service.**

24.      Pending the entry of interim and final orders with respect to this Motion and pending resolution of any Additional Assurance Request, objection, or Determination Hearing, the Utility Companies, including the Additional Utility Companies, shall be prohibited from (i) discriminating against the Debtor, (ii) altering, refusing, or discontinuing service to the Debtor, or (iii) requiring payment of a deposit or receipt or any other security for continued service other than the Adequate Assurance Deposit, as a result of the Debtor's bankruptcy filing or any outstanding prepetition invoices.

**BASIS FOR RELIEF**

25.      The policy underlying section 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtor will pay for postpetition services.  *See* H R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306; *see also In re Jones*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("'The purpose of § 366 is 'to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.'") (quoting *Begley v. Philadelphia Elec. Co.*, 760 F.2d 46, 49 (3d Cir. 1985)).  As set forth in this Motion, the relief requested in this Motion is consistent with the Bankruptcy Code's policy goals.

26.     Section 366(c) of the Bankruptcy Code was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") effective as of October 17, 2005. Section 366(c) of the Bankruptcy Code provides clarity as to what constitutes assurance of payment and what factors must be excluded from a court's determination as to the adequacy of the assurance of payment.  More specifically, section 366(c)(1) of the Bankruptcy Code defines "assurance of payment" to mean certain specified forms of security, thereby limiting a court's discretion as to what constitutes "other security" within the meaning of section 366(b) of the Bankruptcy Code.  Further, section 366(c)(1)(B) of the Bankruptcy Code affirmatively excludes from the definition of assurance of payment the availability of an administrative expense priority claim.  In addition, section 366(c)(3)(B) of the Bankruptcy Code eliminates certain factors from consideration that courts prior to the BAPCPA had used to determine whether adequate assurance of payment had been provided.[4]

27.     While section 366(c) of the Bankruptcy Code clarifies what constitutes assurance of payment and what can be considered in determining whether such assurance is adequate, it is important to recognize that Congress did not abrogate the fundamental premise of section 366(b) of the Bankruptcy Code, or the relevant case law construing such section, by enacting section 366(c) of the Bankruptcy Code.  That is, section 366(c) of the Bankruptcy Code, as with section 366(b) of the Bankruptcy Code, provides that the Court is free to determine what amount, if any, is necessary to provide adequate assurance of payment to a utility company.  While a court may no longer consider certain facts in determining what constitutes adequate assurance of payment, section 366(c) of the Bankruptcy Code continues to permit a court to determine the amount of deposit necessary to meet the adequate assurance standard.

---

[4]     Section 366(c)(4) of the Bankruptcy Code also permits a utility company to recover or offset against a prepetition security deposit without notice or an order of the court.

28.     In addition, the applicable standard for assurance of payment continues to be "adequate."  Courts construing section 366(b) of the Bankruptcy Code have long recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay.  *See*, *e.g.*, *In re Caldor, Inc. - N.Y.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment.  The statute does not require an 'absolute guarantee of payment.'") (citations omitted), *aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc. - N.Y.*, 117 F.3d 646 (2d Cir. 1997); *In re Steinebach*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance . . . . [A]ll § 366(b) requires is that a utility be protected from an unreasonable risk of nonpayment"); *In re Penn Jersey Corp.*, 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that section 366(b) of the Bankruptcy Code "contemplates that a utility receives only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").

29.     Furthermore, courts have recognized that "[i]n deciding what constitutes 'adequate assurance' in a given case, a bankruptcy court must 'focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'"  *Virginia Elec. & Power Co.*, 117 F.3d at 650 (emphasis in original) (quoting *Penn Jersey*, 72 B.R. at 985); *see also In re Penn Cent. Transp. Co.*, 467 F.2d 100, 103-04 (3d Cir. 1972) (upholding lower court's decision that no utility deposits were necessary where such deposits "would jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected").

30.     Without the Adequate Assurance Procedures, the Debtor could be forced to address numerous requests by Utility Companies in an unorganized manner at a critical period in its restructuring process when its efforts should be focused on its reorganization.  The orderly process contemplated by the Adequate Assurance Procedures is necessary for a smooth transition by the Debtor into Chapter 11 and will aid in its reorganization efforts.  Moreover, the Adequate Assurance Procedures will ensure that all parties act in good faith by establishing a fair process.

31.     Courts in this district have approved similar procedures in other cases.  *See, e.g., In re EdgeMarc Energy Holdings, LLC*, No. 19-11104 (BLS) (Bankr. D. Del. June 6, 2019) (approving adequate assurance procedures whereby the adequate assurance deposits would be "equal to approximately two weeks of Utility Services, calculated as a historical average over the past twelve (12) months"); *In re Cloud Peak Energy Inc.*, No. 19-11047 (KG) (Bankr. D. Del. May 14, 2019) (approving adequate assurance procedures whereby adequate assurance accounts would be equal to two weeks of utility services, calculated as a historical average over a 15-month period); *In re Southcross Energy Partners, L.P.*, No. 19-10702 (MFW) (Bankr. D. Del. Apr. 2, 2019) (approving adequate assurance accounts would contain two weeks of utility services, calculated as a historical average over the past 12-month period).[5]

32.     The Debtor submits that, given the foregoing, entry of the Interim Order and Final Order is consistent with, and fully satisfies, the requirements of section 366 of the Bankruptcy Code.  Far from offering the Utility Companies nominal (or even no) additional assurance of payment, the Debtor has (i) deposited significant cash amounts for the benefit of the Utility Companies, and (ii) established procedures pursuant to which the Utility Companies can seek

---

[5]     The referenced orders are voluminous in nature and are not attached to this Motion; however, in light of the requirements of Local Rule 7007-2(a)(vii), undersigned counsel has retained copies of each order, and will make them available to the Court or to any party that requests them.

greater or different security.  Such assurance of payment should significantly alleviate—if not eliminate—any concern of non-payment on the part of the Utility Companies and is thus clearly "adequate."

## RESERVATION OF RIGHTS

33.     Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a promise to pay any claim, (v) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtor and any third party under section 365 of the Bankruptcy Code or (vi) otherwise affecting the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## DEBTOR HAS SATISFIED BANKRUPTCY RULE 6003(b)

34.     Bankruptcy Rule 6003 provides that, to the extent that relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to twenty-one (21) days after the Petition Date. Fed. R. Bankr. P. 6003.  The Debtor submits that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, as described herein, and that Bankruptcy Rule 6003 has been satisfied.

## **WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

35.     The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtor seeks in this Motion is necessary for the Debtor to operate without interruption and to preserve value for its estate.  Accordingly, the Debtor respectfully requests that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, as the exigent nature of the relief sought herein justifies immediate relief.

## **NOTICE**

36.     Notice of this Motion and any order entered hereon will be provided to: (i) the Office of the United States Trustee for the District of Delaware, (ii) the Debtor's thirty (30) largest unsecured creditors, (iii) counsel to the Prepetition Lender, (iv) any other parties having asserted liens against the Properties, (v) the Office of the United States Attorney for the District of Delaware, (vi) the Internal Revenue Service, (vii) the Securities and Exchange Commission, (viii) the Office of the United States Attorney for the State of Texas, (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002, (x) the Utility Companies, (xi) the Banks, and (xi) any other party entitled to notice pursuant to Local Rule 9013-1(m).  In light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, the Debtor submits that no further notice is required.

## **NO PRIOR REQUEST**

37.     No prior request for the relief sought herein has been made by the Debtor to this or any other court.

*[Remainder of page left blank intentionally]*

WHEREFORE, the Debtor respectfully requests that the Court (i) enter the Proposed

Interim Order and Proposed Final Order in substantially the forms attached hereto and (ii) grant

such other and further relief as may be just and proper.

Dated: September 13, 2023
Wilmington, Delaware

Respectfully submitted,

*/s/ Kristi J. Doughty*
William E. Chipman, Jr. (No. 3818)
Kristi J. Doughty (No. 3826)
Mark D. Olivere (No. 4291)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Telephone: (302) 295-0191
Facsimile: (302) 295-0199
Email: chipman@chipmanbrown.com
        doughty@chipmanbrown.com
        olivere@chipmanbrown.com

- and-

John E. Mitchell (*pro hac vice* pending)
Michaela C. Crocker (*pro hac vice* pending)
Yelena E. Archiyan (*pro hac vice* pending)
**KATTEN MUCHIN ROSENMAN LLP**
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
Email: john.mitchell@katten.com
        michaela.crocker@katten.com
        yelena.archiyan@katten.com

*Proposed Counsel to the Debtor and
Debtor in Possession*

# EXHIBIT A

## Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hartman SPE, LLC, | ) | Case No. 23-11452 (___) |
| | ) | |
| Debtor.[1] | ) | Re: Docket No. [__] |
| | ) | |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR'S PROPOSED FORM OF
ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR
RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING
UTILITY COMPANIES FROM ALTERING, REFUSING, OR
DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case") for an order (i) authorizing the Debtor's proposed form of adequate assurance of payment, (ii) establishing procedures for resolving objections by Utility Companies, (iii) prohibiting utility companies from altering, refusing, or discontinuing service, and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

00059152.3

hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Motion is hereby GRANTED on an interim basis as set forth herein.

2.      Subject to the procedures described below, no Utility Company may (i) alter, refuse, terminate, or discontinue utility services to, or discriminate against, the Debtor on the basis of the commencement of this Chapter 11 Case or on account of outstanding prepetition invoices or (ii) require additional assurance of payment, other than the Adequate Assurance Deposit, as a condition to the Debtor receiving such utility services.

3.      The Debtor shall cause $445,000.00 (the "Adequate Assurance Deposit") to be deposited and held in a segregated account for the benefit of each Utility Company (the "Utility Deposit Account") within five (5) business days after entry of this Interim Order and shall maintain the Adequate Assurance Deposit in the Utility Deposit Account during the pendency of this Chapter 11 Case in accordance with the procedures set forth herein.

4.      Except as provided in this Order, with respect to the rights of the Utility Companies, no creditor of the Debtor shall have any interest in or lien on the Adequate Assurance Deposit or the Utility Deposit Account.

5.      The Adequate Assurance Deposit shall be maintained until the earlier of (i) entry of an order of the Court authorizing the return of the Adequate Assurance Deposit to the Debtor, (ii) the consummation of a sale of the Debtor's assets under section 363 of the Bankruptcy Code that provides for the release of the Adequate Assurance Deposit, and (iii) the effective date of a

chapter 11 plan in the Chapter 11 Case.

6.     Notwithstanding anything to the contrary in any other Order of this Court, including any order approving debtor-in-possession financing, the interests of any party, including but not limited to the Debtor's post-petition or pre-petition lenders, in, or lien on, the Adequate Assurance Deposit or Utility Deposit Account shall be subordinate to the Utility Companies' interest in any Adequate Assurance Deposit and Utility Deposit Account until such time as the Adequate Assurance Deposit is returned to the Debtor or as otherwise ordered by the Court.

7.     Subject to the entry of the Final Order and the Adequate Assurance Procedures set forth below, the Adequate Assurance Deposit constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code (the "Proposed Adequate Assurance") and no Utility Company shall discontinue Utility Services without complying with the following Adequate Assurance Procedures:

    (a)    If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve a request (an "Additional Assurance Request") upon (i) the Debtor, 2909 Hillcroft, Suite 420, Houston, TX 77057 (Attn: David Wheeler); (ii) proposed counsel to the Debtor, Katten Muchin Rosenman LLP, 2121 North Pearl Street, Suite 1100, Dallas, TX 75201 (Attn: John Mitchell and Michaela Crocker), and Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, DE 19801 (Attn: William E. Chipman, Jr. and Mark D. Olivere); (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; and (iv) counsel to any statutory committee appointed in this Chapter 11 Case (the "Notice Parties").

    (b)    Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) set forth whether the Utility Company holds any deposits or other security, and if so, in what amount; and (v) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment.  An Additional Assurance Request may be made at any time.

(c)     Upon the Debtor's receipt of an Additional Assurance Request, the Debtor shall have twenty (20) days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Company to resolve such Utility Company's request for additional assurance of payment.  The Debtor and the applicable Utility Company also may agree to extend the Resolution Period.

(d)     The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable. The Debtor may reduce the amount of the Adequate Assurance Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtor and the affected Utility Company.

(e)     If the Debtor determines that an Additional Assurance Request is not reasonable or is not able to resolve such request during the Resolution Period, the Debtor, during or promptly after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f)     Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for prepetition services, the commencement of this Chapter 11 Case, or any objections to the Proposed Adequate Assurance, or requiring the Debtor to furnish any additional deposit or other security for the continued provision of services.

8.     The Debtor is authorized, as necessary, to provide a copy of this Interim Order, and any final order approving the relief requested in the Motion (when and if entered) (such order, the "Final Order") to any Utility Company not listed on the Utility Service List (each, an "Additional Utility Company" and collectively, the "Additional Utility Companies"), as such Utility Companies are identified.   Promptly upon its discovery of an Additional Utility Company, the Debtor shall increase the Adequate Assurance Deposit by an amount equal to approximately two (2) weeks of the Debtor's estimated aggregate utility expense for each Additional Utility Company, unless such Additional Utility Company agrees in writing to a

lesser amount, is paid in advance for Utility Services, or already holds a deposit equal to, or greater than, two weeks of Utility Services. The Additional Utility Companies shall be subject to the terms of this Order and the Final Order, including the Adequate Assurance Procedures.

9.     If any Utility Account becomes a Closed Account during the course of this Chapter 11 Case, without the need for further order of this Court or notice to any parties, the Debtor shall be authorized to decrease the amount of the Adequate Assurance Deposit by withdrawing from the segregated account the amount deposited with respect to such Closed Account to the extent no dispute regarding postpetition payments exists.

10.     The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on _____ __, 2023 at __:__ a.m./p.m., prevailing Eastern Time. Any objections or responses to the entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____ ___, 2023 (the "<u>Objection Deadline</u>"), and shall be served on: (i) proposed counsel for the Debtor, Katten Muchin Rosenman LLP, 2121 North Pearl Street, Suite 1100, Dallas, TX 75201, Attn: John Mitchell (john.mitchell@katten.com) and Michaela Crocker (michaela.crocker@katten.com); (ii) proposed Delaware counsel for the Debtor, Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington DE, 19801, Attn: William E. Chipman, Jr. (chipman@chipmanbrown.com); (iii) counsel for the Prepetition Lender, [_____]; (iv) counsel to any statutory committee appointed in this Chapter 11 Case; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: John Schanne (John.Schanne@usdoj.gov). If no objections or responses are filed and served by the Objection Deadline, the Court may enter a final order without any further notice of a hearing.

11.     Nothing in this Interim Order constitutes a finding that any entity is or is not a

Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Company List.

12.     This Order is without prejudice to the rights of the Debtor and its estate to contest the validity, priority, or amounts of any obligations relating to the Utility Companies on any grounds it deems appropriate, and any rights of the Debtor and its estate with respect to such matters shall be reserved.

13.     Notwithstanding the relief granted in this Interim Order or any actions taken hereunder, nothing contained in this Interim Order shall be construed as a request for authority to assume any executory contract under section 365 of the Bankruptcy Code.

14.     The Debtor shall serve a copy of this Interim Order and the Motion, including the proposed Final Order, on each Utility Company listed on the Utility Company List within two (2) business days of the date this Order is entered.

15.     The terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

16.     Notwithstanding anything to the contrary in this Interim Order, any payment made or authorization hereunder shall be subject to the applicable agreed budget.

17.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

## **EXHIBIT B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Hartman SPE, LLC, | ) | Case No. 23-11452 (___) |
|  | ) |  |
| Debtor.[1] | ) | Re: Docket No. [__] |
|  | ) |  |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR'S PROPOSED**
**FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II)**
**ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS**
**BY UTILITYCOMPANIES, AND (III) PROHIBITING UTILITY COMPANIES**
**FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE;**
**AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case") for an order (i) authorizing the Debtor's proposed form of adequate assurance of payment, (ii) establishing procedures for resolving objections by Utility Companies, (iii) prohibiting utility companies from altering, refusing, or discontinuing service, and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400).  The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057.  Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      All Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services to the Debtor, or otherwise discriminating against the Debtor on account of the Debtor's bankruptcy filing or any outstanding prepetition invoices.

3.      Any Utility Company that is paid in advance for Utility Services or to which the Debtor already provided a deposit equal to, or greater than, two (2) weeks of Utility Services shall be deemed to have received adequate assurance of payment as required by section 366 of the Bankruptcy Code.

4.      Except as provided in this Final Order with respect to the rights of the Utility Companies, no creditor of the Debtor shall have any interest in or lien on the Adequate Assurance Deposit or the Utility Deposit Account.

5.      The Debtor shall maintain $445,000.00 (the "Adequate Assurance Deposit") in the Utility Deposit Account during the pendency of this Chapter 11 Case in accordance with the procedures set forth herein.

6.      The Debtor is authorized to amend, as necessary, the Utility Company List by adding or deleting a Utility Company, which amendment shall be accompanied by filing with

this Court a notice of such amendment and serving such amendment on the affected Utility Company.

7.    The Debtor is authorized, as necessary, to provide a copy of this Final Order and the Utility Service List to any Utility Company not listed on the Utility Service List (each, an "Additional Utility Company" and collectively, the "Additional Utility Companies"), as such Utility Companies are identified.  Promptly upon its discovery of an Additional Utility Company, the Debtor shall increase the Adequate Assurance Deposit by an amount equal to approximately two (2) weeks of the Debtor's estimated aggregate utility expense to each Additional Utility Company, unless such Additional Utility Company agrees in writing to a lesser amount, is paid in advance for Utility Services, or already holds a deposit equal to, or greater than, two weeks of Utility Services.  The Additional Utility Companies shall be subject to the terms of this Order, including the Adequate Assurance Procedures.

8.    A Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (i) the Debtor, in its discretion, agrees to an alternative assurance of payment; or (ii) this Court enters an order after a Determination Hearing requiring that additional adequate assurance of payment be provided to the Utility Company.

9.    If any Utility Account becomes a Closed Account during the course of the Chapter 11 Case, without the need for further order of this Court or notice to any parties, the Debtor shall be authorized to decrease the amount of the Adequate Assurance Deposit by withdrawing from the segregated account the amount deposited with respect to such Utility Account to the extent no dispute regarding postpetition payments exists.

10.    This Order is without prejudice to the rights of the Debtor and its estate to contest the validity, priority or amounts of any obligations relating to the Utility Companies on any

grounds it deems appropriate, and any rights of the Debtor and its estate with respect to such matters shall be reserved.

11.    The Debtor is authorized to reduce the Adequate Assurance Deposit to the extent that it includes an amount on account of a Utility Company that the Debtor subsequently determines, in its sole discretion, should be removed from the Utility Company List.

12.    Notwithstanding the relief granted in this Order or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Utility Company.

13.    Notwithstanding the relief granted in this Order or any actions taken hereunder, nothing contained in this Order shall be construed as a request for authority to assume any executory contract under section 365 of the Bankruptcy Code.

14.    The Debtor's service of the Motion, the Interim Order, or this Final Order upon the Utility Companies shall not constitute an admission or concession that any such entity is a utility company within the meaning of section 366 of the Bankruptcy Code, and all rights and defenses of the Debtor are reserved with respect thereto.

15.    The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

16.    Notwithstanding any Bankruptcy Rule to the contrary, this Final Order shall be immediately effective and enforceable upon its entry.

17.    Notwithstanding anything to the contrary in this Final Order, any payment made or authorization hereunder shall be subject to the applicable agreed budget.

18.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

## Schedule 1

## Utility Company List

| PROVIDER | PROVIDER ADDRESS | ACCOUNT NUMBER | SERVICES PROVIDER |
|---|---|---|---|
| Arlington Utilities | P. O. Box 90020<br>Arlington, TX  76004-3020 | ACCT#53-0348.304 ACCT#53-0349.304 ACCT#53-0350.304 ACCT#53-0353.304 | Water |
| Centerpoint Energy | P.O. Box 4981<br>Houston, TX  77210-4981 | ACCT#3975623-4ACCT#3975637-4ACCT#3975655-6 ACCT#3975669-7 ACCT#7629199-6 | Natural Gas |
| City of Dallas | Dallas Water Utilities<br>City Hall 1AN,<br>Dallas, TX  75277 | ACCT#100359300ACCT#100359307 ACCT#100359313<br>ACCT#100524236ACCT#100526624ACCT#100969554<br>ACCT#100356596ACCT#100667373ACCT#100667376 ACCT#100667383<br>ACCT#100852414 ACCT#100852552 | Water |
| City of Houston | Water Division<br>P. O. Box 1560,<br>Houston, TX  77251 | ACCT#4301-1876-1542 ACCT#8530-4679-3016ACCT#5504-8518-1345 ACCT#3280-8090-1411 ACCT#4328-5103-7023 ACCT#2335-4550-1246 ACCT#4643-1414-2090 ACCT#8550-5568-4036ACCT#1807-1101-1494 ACCT#4301-0078-1151 ACCT#8520-0242-5019 ACCT#3101-4624-1404 ACCT#3101-5168-1221 ACCT#4301-4667-1176 ACCT#4327-8173-4038 ACCT#8530-4504-8024 ACCT#4327-1409-0037 ACCT#4603-0507-2064 ACCT#4328-1099-1013ACCT#4328-1099-2011 ACCT#6104-4731-1057 ACCT#6104-5101-1221 ACCT#8530-0043-1017ACCT#5804-1591-1289 ACCT#4301-1017-1088 ACCT#8530-0030-2010 | Water |
| City of Irving-Water | P.O. Box 152288<br>Irving, TX  75015-2288 | ACCT#119961301ACCT#128254301ACCT#130764301ACCT#130765301ACCT#130766301 ACCT#130767301ACCT#130768301 | Water |
| City of Plano Utilities | P.O. Box 861990<br>Plano, TX  75086 | ACCT#302070ACCT#302071ACCT#302072 ACCT#302073ACCT#302074 ACCT#400285 | Water |
| City of Richardson | Water Department<br>P.O. Box 831907,<br>Richardson, TX  75083 | ACCT#110979-7999ACCT#110979-8023ACCT#128418-64655ACCT#139171-64547ACCT#145350-64557 ACCT#50458-64599ACCT#62336-68297 ACCT#62682-64419 ACCT#62682-64704 ACCT#62682-64619 ACCT#85598-64601 ACCT#85598-64627 ACCT#86614-66895 | Water |
| CNP UD | P.O. Box 3150<br>Houston, TX  77253-3150 | ACCT#30420-0430428001 | Water |
| CPS Energy | P. O. Box 2678<br>San Antonio, TX 8289 | 300-3416-136 300-3416-137 300-3610-926 300-0986-541 300-0986-542 300-0986-558 300-0986-561 300-0986-562 300-3754-067 300-3754-069 300-4118-572300-4224-236300-4341-120300-5126-436300-5251-281300-5263-560300-5263-564 | Electricity |
| HARRIS CO FWSD 51 | P.O. Box 24338<br>Houston, TX  772294338 | ACCT#17088-2010045104 ACCT#17088-2010054100 ACCT#17088-2010055000 ACCT#17088-2010056101 | Water |
| Harris County MUD #16 | P.O. Box 12149<br>Spring, TX  77391 | ACCT#80010-0000002181 | Water |
| Harris County MUD #81 | P.O Box 3150<br>Houston, TX  77253-3150 | ACCT#30414-0770975100 ACCT#30414-0770975300 ACCT#30414-0770975900 | Water |
| Harris County MUD 185 | P.O. Box 684000<br>Houston, Tx  77268-4000 | ACCT#60185-1850001706 | Water |
| Harris County MUD 186 | PO Box 842115<br>Houston, TX  77284 | ACCT#26042 | Water |
| Harris County WCID 116 | P.O. Box 173, DEP. 55037<br>Houston, TX  77001 | ACCT#91914 ACCT#91915 ACCT#91916 | Water |
| Mission Bend MUD #1 | P.O. Box 4824<br>Houston, TX  77210-4824 | ACCT#ELB 90137-1373711300 ACCT#ELB 90137-1373710700 | Water |
| North Belt Utility Distr. | P.O. Box 9<br>Spring, TX  77383 | ACCT#35001-0100238100 ACCT#35001-0100238200 | Water |

| PROVIDER | PROVIDER ADDRESS | ACCOUNT NUMBER | SERVICES PROVIDER |
|---|---|---|---|
| NRG Energy Inc dba Reliant Retail Services LLC | P.O. Box 650475 Dallas, TX   75265 | ACCT#20 119 933 - 8ACCT#20 100 409 - 0ACCT#21 414 603 - 7ACCT#20 077 392 - 7ACCT#20 531 478 - 4ACCT#20 525 933 - 6ACCT#21 286 700 - 6ACCT#20 120 015 - 1ACCT#21 436 639 - 5ACCT#21 436 640 - 3ACCT#20 200 399 - 2ACCT#20 227 539 - 2ACCT#20 227 541 - 8ACCT#20 227 543 - 4ACCT#20 227 544 - 2ACCT#20 227 545 - 9ACCT#20 227 546 - 7ACCT#20 227 547 - 5ACCT#20 731 402 - 2ACCT#21 305 603 - 9ACCT#20 525 940 - 1ACCT#20 732 216 - 5ACCT#21 306 659 - 0ACCT#20 458 452 - 8ACCT#20 525 936 - 9ACCT#20 525 937 - 7ACCT#20 526 533 - 3ACCT#20 202 646 - 4ACCT#20 732 220 - 7ACCT#21 019 223 - 3ACCT#21 306 650 - 9ACCT#20 100 414 - 0ACCT#20 385 866 - 7ACCT#21 286 695 - 8ACCT#20 385 868 - 3ACCT#20 735 227 - 9ACCT#20 735 228 - 7ACCT#20 735 229 - 5ACCT#21 365 393 - 4ACCT#21 405 778 - 8ACCT#20 523 457 - 8ACCT#20 119 929 - 6ACCT#20 119 930 - 4ACCT#20 119 957 - 7ACCT#20 808 886 - 4ACCT#21 314 514 - 7ACCT#20 058 533 - 9ACCT#20 385 864 - 2ACCT#20 385 865 - 9ACCT#20 385 869 - 1ACCT#20 385 870 - 9ACCT#20 385 871 - 7ACCT#20 869 570 - 0ACCT#21 184 189 - 5ACCT#21 350 572 - 0ACCT#21 306 657 - 4ACCT#21 306 658 - 2ACCT#20 385 867 - 5ACCT#21 286 697 - 4ACCT#21 287 148 - 7ACCT#21 433 803 - 0ACCT#21 433 804 - 8ACCT#21 433 805 - 5ACCT#21 433 806 - 3ACCT#21 433 807 - 1ACCT#21 434 703 - 1ACCT#21 434 711 - 4ACCT#21 434 716 - 3ACCT#21 434 923 - 5ACCT#21 434 928 - 4ACCT#21 434 930 - 0ACCT#21 386 585 - 0ACCT#21 386 595 - 9ACCT#21 386 596 - 7ACCT#21 386 597 - 5ACCT#21 386 598 - 3ACCT#21 386 599 - 1ACCT#21 386 600 - 7ACCT#21 386 601 - 5ACCT#21 386 602 - 3ACCT#21 386 603 - 1ACCT#21 386 604 - 9ACCT#21 386 605 - 6ACCT#21 396 567 - 6ACCT#21 396 573 - 4ACCT#21 396 574 - 2ACCT#20 082 950 - 5ACCT#21 305 605 - 4ACCT#21 365 673 - 9ACCT#20 115 425 - 9ACCT#20 523 458 - 6ACCT#20 450 711 - 5ACCT#20 732 215 - 7ACCT#20 735 226 - 1ACCT#20 343 485 - 7 | Electricity |
| NW Harris Co. MUD #21 | P.O. Box 2569 Spring, TX   77383 | ACCT#20720-1050011006 | Water |
| San Antonio Water System | P. O. Box 2990, San Antonio, TX  82992990 | ACCT#001408628-0287965-0003 ACCT#001408636-0287962-0003 ACCT#000114971-0114972-0001 ACCT#000312539-0312540-0001 ACCT#000312540-0312541-0001 ACCT#000312781-0312782-0001 ACCT#000312782-0312783-0001 ACCT#000312785-0312786-0001 | Water |
| TXU Energy | P. O. Box 650638 Dallas, TX   75265-0638 | ACCT#-100076200836ACCT#-100076245878ACCT#-100076245890ACCT#-900052914971ACCT#-900050879940ACCT#-900045220488ACCT#-900053351381ACCT#-100076242001ACCT#-900049591717ACCT#-100076239231ACCT#-100076239253ACCT#-100076239265ACCT#-100076246208ACCT#-100076246210ACCT#-100076246221ACCT#-100076246232ACCT#-100076246243ACCT#-100076246332ACCT#-900044799482ACCT#-900046792200ACCT#-100076246076ACCT#-100076246087ACCT#-100076246098ACCT#-100076246108ACCT#-100076246110ACCT#-100076246132ACCT#-100076246143ACCT#-100076246154ACCT#-100076246166ACCT#-100076246199ACCT#-100076246377ACCT#-100076246388ACCT#-100076246399ACCT#-100076246408ACCT#-100076385953ACCT#-100077461319ACCT#-100077461320ACCT#-100076246588 | Electricity |
| LOGIX | P. O. BOX 734120 Dallas, TX 75373 | ACCT#-41000522 ACCT#-43785646 ACCT#-43804204 | Internet, Phones |
| Granite | 100 Newport Ave Ext. Quincy, MA, 02171 | ACCT#-02916622 | Phones |
| Spectrum Enterprise | 1900 Blue Crest Ln. San Antonio, TX 78247 | ACCT#-106426601 ACCT#-061097601 ACCT#-063503101 | Internet |
| Spectrum Business | 4145 S. Falkenburg Dr. Riverview, FL 33578 | ACCT#-8260 14 146 5675593 ACCT#-8260 14 146 5572560 ACCT#-8260 13 208 1137167 | Internet |
| Comcast Business | 9602 S 300 W, Suite B Sandy, UT 84070 | ACCT#-8777 70 319 2973355 ACCT#-8777 70 210 2643108 ACCT#-8777 70 210 2305039 ACCT#-8777 70 319 1873085 ACCT#-8777 70 212 0603365 ACCT#-8777 70 203 2097979 ACCT#-8777 70 319 4465327 ACCT#-8777 70 321 1186484 ACCT#-8777 70 211 1389503 ACCT#-8777 70 211 0623779 ACCT#-8777 70 211 0454746 ACCT#-8777 70 211 0802383ACCT#-8777 70 333 1799265 ACCT#-8777 70 333 1701550 ACCT#-8777 70 319 1873069 ACCT#-8777 70 213 0640456 ACCT#-8777 70 213 0784304 ACCT#-8777 70 315 1171082 ACCT#-8777 70 319 3779124 | Internet |
| Frontier Communications | P. O. Box 740407 Cincinnati, OH 45274-0407 | ACCT#-972-550-0544-032493-5 | Internet, Phones |
| Lumen (CenturyLink) | P. O. Box 52187 Phoenix, AZ 85072 | ACCT#-89581245 | Internet |
| ATT | P. O. Box 5014, Carol Stream, IL 60197 | ACCT#-2815871508537 | Internet, Phones |
| Balcones Recycling Inc | P.O. Box 679912 Dallas, TX 75267 | 0001 | Waste |

| PROVIDER | PROVIDER ADDRESS | ACCOUNT NUMBER | SERVICES PROVIDER |
|---|---|---|---|
| Champion Waste Services LLC | P.O. Box 565808 Dallas, TX 72547 | 01-38900 | Waste |
| Community Waste Disposal LP | P.O. Box 208939 Dallas, TX 208939 | 100698 | Waste |
| Fusion Waste and Recycling | P.O. Box 794236 Dallas TX, 75379 | 000702 | Waste |
| Bruce Johnson | P.O. Box 710072 Houston TX, 77271 | 0001 | Waste |
| Moore Disposal Corporation | 34811 LBJ STE #2110 Dallas, TX 75241 | ACCT# 021598-001 | Waste |
| Republic Services 852 | P.O. Box 78829 Phoenix, AZ 78829 | ACCT#3-0794-1109490 ACCT#3-0615-4027922 ACCT#3-0615-0063673 ACCT#3-0615-0001522 ACCT#3-0853-0062290 ACCT#3-0853-0062291 ACCT#3-0853-0086581 ACCT#3-0853-0077801 ACCT#0615-001475003 ACCT#3-8053-0086581 | Waste |
| City of Richardson | P.O. Box 831907 Richardson, TX 75083 | ACCT#62682-64619 ACCT#110979-7999 ACCT#110979-8023 ACCT#124391-62527 ACCT#114793-62531 ACCT#110979-43583 ACCT#626682-64619 ACCT#110979-8032 ACCT#110797-7999 | Waste |
| Tiger Sanitation | P.O. Box 200143 San Antonio, TX 78220 | ACCT#136548 ACCT#120297 ACCT#136546 | Waste |
| Waste Management | P.O. Box 660345 Dallas, TX 75266 | CUST#24-82018-13006 | Waste |
| GFL | P.O. Box 4524 Houston, TX 77210 | ACCT#AF073524 ACCT#AB005231 ACCT#AF075169 ACCT#AB024980 ACCT#AF075168 ACCT#AB024979 ACCT#AB003025 ACCT#AB003127 ACCT#AF086415 ACCT#AB003052 ACCT#AB025118 ACCT#AB030881 ACCT#AB030882 ACCT#AF076195 ACCTT#AB030882 ACCT#AF08615 ACCT3AF073524 ACCT3AF086415 | Waste |