**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Hartman SPE, LLC, | ) Case No. 23-11452 (___) |
| | ) |
| Debtor.[1] | ) |
| | ) |

**OMNIBUS MOTION OF THE DEBTOR FOR AN ORDER:**
**(I) AUTHORIZING THE ASSUMPTION OF REAL ESTATE BROKERAGE**
**AGREEMENTS AND (II) GRANTING RELATED RELIEF**

> **YOUR RIGHTS MAY BE AFFECTED. This is an omnibus motion pursuant to Federal Rule of Bankruptcy Procedure 6006(f). Parties receiving this Motion should locate their names and their contracts listed on Annex 1 to the Proposed Order (Exhibit A to the Motion). You may obtain a copy of the Motion free of charge on the website of the Debtor's noticing and claims agent at https://dm.epiq11.com/HartmanSPE or by contacting any of the counsel below.**

Hartman SPE, LLC (the "Debtor") files this motion ("Motion") for an order, substantially in the form attached as Exhibit A ("Proposed Final Order"): (i) authorizing the Debtor to assume certain unexpired executory contracts, effective as of the Petition Date (as defined below) and (ii) granting related relief. In support of this Motion, Debtor states as follows:

**JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

---

[1]     The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.      The Debtor confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested in this Motion are sections 105(a) and 365(a) of the Bankruptcy Code, and Rules 6003, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

6.      A detailed description of the Debtor and its business, including the facts and circumstances giving rise to the Debtor's Chapter 11 Case, is set forth in the *Declaration of David Wheeler in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration") filed contemporaneously with the Motion.[2]

7.      As explained in the First Day Declaration, the Debtor holds title to 35 parcels of commercial real estate (the "Properties") that include office, retail, and industrial properties, with an estimated portfolio value of over $400 million.  Prepetition, the Debtor began the process of transitioning its portfolio from office, industrial, and retail space into self-storage and sold four properties to facilitate the transition, using the proceeds to pay down its Prepetition Loan.  These

---

[2]    Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

efforts, which the Debtor wishes to continue during the Chapter 11 Case, have resulted in significant pay down of its secured debt.

8.      Due to the diversity of the Properties, ranging from industrial sites to high-end office space throughout Houston, Dallas/Ft. Worth, and San Antonio, the Debtor has determined, in the exercise of its business judgment, that marketing the Properties on a standalone basis will maximize the value of each Property to the estate and its creditors.[3]  The Debtor believes it unlikely that a single buyer would have an interest in all the Properties and that marketing the Properties as a single portfolio would result in a smaller pool of interested parties and a lower overall price.

9.      In this regard, on the Petition Date, the Debtor was party to agreements with various real estate agencies (each a "<u>Broker Agreement</u>" entered into with a "<u>Broker</u>") covering 30 Properties.[4]  The Debtor specifically chose each Broker based on the underlying nature and location of the property and the Broker's particular expertise.  The Broker Agreements are market-based contracts with well-known companies that have conducted fulsome marketing efforts in accordance with industry standards. The Debtor believes that retaining Brokers based on the specific needs of each Property, versus a single broker to sell all, will result in not only more expeditious sales, but the highest and best offer for each Property.

10.     Under a Broker Agreement, the marketing process normally commences with the Debtor sending a packet of diligence materials for the Broker to analyze, including information on the property, its use, occupancy, cash flow, and similar matters.  The Broker then prepares a confidential offering memorandum, lists the Property on a national website, and distributes flyers and other information to an extensive list of contacts. Interested parties may then sign a

---

[3] The Debtor, however, will consider all offers, whether standalone or for a group of Properties.

[4] As reflected in Annex 1 to the Proposed Order, two of the Broker Agreements are buyer-side representations (Walzem Plaza and Commerce Plaza Hillcrest) and two are commission agreements related to a specific purchaser (Fondren Plaza and Mission Centre).

confidentiality agreement to receive a copy of the offering memorandum and access to the virtual data room, with tours being available upon request.  Additional information regarding the Broker Agreements and marketing efforts may be found in the First Day Declaration  (§II.A).

11.     As a result, of the 30 Properties placed with Brokers, 12 were under contract on the Petition Date (7 of which, with Court approval, will close in the near future) and 6 appear to be close to coming under contract.  A complete list of the Properties and their current status is attached hereto as Annex 1 to the Proposed Order.

### RELIEF REQUESTED

12.     By this Motion, the Debtor respectfully requests entry of the Proposed Order, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006(a), authorizing the Debtor to assume the Broker Agreements listed on Annex 1 to the Proposed Order, effective as of the Petition Date.  Assumption of these agreements will permit the Debtor to continue to market its Properties and give each Broker, particularly those with Properties under contract or nearly under contract on the Petition Date, comfort that they will be paid their agreed-upon commission upon Court approval of the sale of the underlying Property.[5]

### BASIS FOR RELIEF

**A.     Assumption of the Broker Agreements Reflects Sound Business Judgment**

13.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome

---

[5] Concurrently with this Motion, the Debtor has filed a motion seeking to establish expedited sale procedures with respect to Properties that were subject to Broker Agreements on the Petition Date.

property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 *Collier on Bankruptcy* ¶ 365.01[1] (15th ed. 1993)).

14.     A debtor's assumption of an executory contract or unexpired lease is generally governed by the "business judgment" standard.  Courts employ the lenient "business judgment" standard when determining whether to authorize the assumption of an unexpired lease or executory contract.  *In re AbitibiBower Inc.*, 418 B.R. 815, 831 (Bankr D. Del. 2009) (finding that a debtor's decision to assume or reject an executory contract will stand so long as a "reasonable business person would make a similar decision under similar circumstances."); *In re Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that debtor's decision to reject executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice").  *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").  All that must be shown is some benefit to the estate.  *Sharon Steel Corp.*, 872 F.2d at 39.

15.     The business judgment rule is crucial in Chapter 11 cases and shields a debtor's management from judicial second-guessing.  *See Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions.").

16.     Assumption of the Broker Agreements is well within the Debtor's business judgment. The Broker Agreements are essential to the Debtor's Chapter 11 Case and key to selling its Properties. As explained in the First Day Declaration, the Debtor will use the proceeds of the Property sales to

pay down its Prepetition Secured Lender.  **Upon reaching a threshold pay down amount, the Debtor will seek confirmation of a plan that will (a) include financing from an existing lender willing to provide exit financing and (b)  pay undisputed claims in full**.

17.    The Debtor submits that it has exercised its sound business judgment in determining that assumption of the Broker Agreements, as set forth herein, is in the best interest of the Debtor, its estate, and its creditors.  Without the Brokerage Agreements, the Debtor could lose buyers who signed (or were on the verge of signing) Purchase and Sale Agreements prepetition, which would slow the resolution of this case and place at risk the payment in full of all undisputed claim holders.

18.    As a result, the Debtor believes that the assumption of the Broker Agreements, which will require no cure amounts and thus no expense to the estate (as identified on <u>Annex 1</u> to the Proposed Order), should be approved.

19.    In light of the foregoing facts and circumstances, the Debtor respectfully submits that the assumption of each of the Broker Agreements under section 365(a) of the Bankruptcy Code as of the Petition Date is a sound exercise of its business judgment, is necessary; is prudent; is in the best interests of the Debtor, its estate and its creditors, and is in accordance with the principles of equity.

**B.    There are no Defaults under the Broker Agreements, therefore the Debtor Has no Cure obligations or Adequate Assurance Requirements under Section 365 of the Bankruptcy Code**

20.    Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, a debtor may not assume an executory contract or unexpired lease, unless, at the time of assumption, the debtor cures or provides adequate assurance that the debtor will promptly cure any existing default.  11 U.S.C. § 365(b)(1)(A); *In re Liljeberg Enters., Inc.*, 304 F.3d 410, 444 (5th Cir. 2002) (holding that the debtor must provide adequate assurance that it will cure the default amount); *In re Rickel Home Ctrs.*, 209 F.3d 291, 298 (3rd Cir. 2000) (finding that the debtor must cure defaults or provide

adequate assurance of prompt cure).  Further, pursuant to section 365(b)(1)(C) of the Bankruptcy Code, if a default is outstanding, a debtor seeking to assume an executory contract or unexpired lease must provide adequate assurance of future performance under such contract or lease.

21.     In accordance with section 365(b)(1)(A) of the Bankruptcy Code, the Debtor has determined that there are no potential payments necessary to cure any applicable defaults under the Broker Agreements.  As provided in <u>Annex 1</u> to the Proposed Order, the Debtor need not pay any cure amounts under the Broker Agreements in order to assume the same.

22.     In accordance with section 365(b)(1)(C) of the Bankruptcy Code, the Debtor submits that it will continue to satisfy its obligations under the Broker Agreements in the ordinary course of business and has satisfied its obligation of providing adequate assurance of future performance, if any.  Although there is no general definition of "adequate assurance", the term derives its meaning based upon the fact and circumstances of each case.  *In re Filene's Basement, LLC*, 2014 WL 1713416 at *11 (Bankr. D. Del. Apr. 29, 2014).  The Debtor can and will continue to perform all of its obligations under each Broker Agreement moving forward.

## REQUIREMENT UNDER BANKRUPTCY RULE 6006

23.     Bankruptcy Rule 6006(e) provides that a debtor may not seek to assume multiple executory contracts and expired leases in one motion unless "all executory contracts or unexpired leases to be assumed or assigned are between the same parties…or the court otherwise authorized the motion to be field.  FED. R. BANKR. P. 6006(e).  The Debtor seeks a waiver of Bankruptcy Rule 6006(e) to permit the Debtor to file and serve this Motion, which seeks authority to assume multiple contracts in a single motion.  Without the requested waiver, the Debtor would be required

to file several separate assumption motions, which would result in unnecessary costs to the Debtor's estate and inefficiency for the Court and other parties in interest.

24.     Additionally, the Debtor has complied with the requirements of Bankruptcy Rule 6006(f).  if a debtor seeks to assume or assume and assign multiple executory contracts or unexpired leases in one motion, Bankruptcy Rule 6006(f) requires that such motion:

      a.    state in a conspicuous place that parties receiving the motion should locate their names and their contracts or leases listed in the motion;

      b.    list parties alphabetically and identify the corresponding contract or lease;

      c.    specify the terms, including the curing of defaults, for each requested assumption or assignment;

      d.    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

      e.    be limited to no more than 100 executory contracts or unexpired leases.

The Debtor respectfully submits that Annex 1 to the Proposed Order satisfies the applicable requirements for assumption under Bankruptcy Rule 6006(f).

## IMMEDIATE AND UNSTAYED RELIEF IS NECESSARY

25.     The Court may grant the relief requested in this Motion immediately if the "relief is necessary to avoid immediate and irreparable harm."  FED. R. BANKR. P. 6003; see also In re First NLC Fin. Servs., LLC, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008) (holding that Rule 6003 permits entry of retention orders on an interim basis to avoid irreparable harm).  In the context of preliminary injunctions, the Third Circuit has interpreted the language "immediate and irreparable harm" to refer to a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages are inadequate.  See, e.g., Norfolk S. Ry. Co. v. City of Pittsburgh, 235 F. App'x 907, 910 (3d Cir. 2007) (citing Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)).  The harm also must be actual and imminent, not speculative or unsubstantiated.  See,

e.g., Acierno v. New Castle Cty., 40 F.3d 645, 653-55 (3d Cir. 1994).  The Debtor submits that, for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm.  Absent such relief, the Brokers will be required to continue to expend time, effort and money to market the Properties for the Debtor's benefit without any assurances they will be paid for their efforts.  Accordingly, the Debtor requests emergency relief to help ensure the Properties remain subject to a fulsome marketing and sale process.

26.     The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtor seeks in this Motion is necessary for the Debtors to operate without interruption and to preserve value for its estate.  Accordingly, the Debtor respectfully requests that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

27.     Nothing contained herein is intended to be or should be construed as (a) an admission of the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than as set forth in this Motion, a request for authorization to assume, adopt or reject any contract pursuant to

section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtor that any lien (contractual, common law, statutory, or otherwise) may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of the parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's or any party in interest's rights to subsequently dispute such claim.

## NO PRIOR REQUEST

28.     The Debtor has not previously sought the relief requested herein from this or any other Court.

## NOTICE

29.     Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware, (ii) the Debtor's thirty (30) largest unsecured creditors, (iii) counsel to the Prepetition Lender, (iv) any other parties having asserted liens against the Properties, (v) the Office of the United States Attorney for the District of Delaware, (vi) the Internal Revenue Service, (vii) the Securities and Exchange Commission, (viii) the Office of the United States Attorney for the State of Texas, (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (x) any other party entitled to notice pursuant to Local Rule 9013-1(m).

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting the Debtor such other relief as the Court deems appropriate.

Dated: September 13, 2023
       Wilmington, Delaware

Respectfully submitted,

*/s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Kristi J. Doughty (No. 3826)
Mark D. Olivere (No. 4291)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Telephone: (302) 295-0191
Facsimile:  (302) 295-0199
Email: chipman@chipmanbrown.com
      doughty@chipmanbrown.com
      olivere@chipmanbrown.com

-and-

John E. Mitchell (*pro hac vice* pending)
Michaela C. Crocker (*pro hac vice* pending)
Yelena E. Archiyan (*pro hac vice* pending)
**KATTEN MUCHIN ROSENMAN LLP**
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
Email: john.mitchell@katten.com
      michaela.crocker@katten.com
      yelena.archiyan@katten.com

*Proposed Counsel to the Debtor and*
*Debtor in Possession*

# EXHIBIT A
## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | )   Chapter 11 |
| HARTMAN SPE, LLC,[1] | ) |
| | )   Case No. 23-11452 (___) |
| Debtor. | ) |
| | )   Related to Docket No. ___ |

**ORDER GRANTING OMNIBUS MOTION OF THE DEBTOR FOR AN ORDER: (I)**
**AUTHORIZING THE ASSUMPTION OF REAL ESTATE BROKERAGE**
**AGREEMENTS AND (II) GRANTING RELATED RELIEF**

Upon the Motion ("<u>Motion</u>")[2] of the above debtor and debtor in-possession ("<u>Debtor</u>") for

entry of this Order pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, authorizing the

Debtor to assume certain Broker Agreements, as further described in the Motion; and this Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the

Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C.

§ 157(b)(2)(A); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409;

and due and proper notice of the Motion being adequate and appropriate under the particular

circumstances; and upon the record of any hearing held to consider the relief requested in the

Motion; and upon the First Day Declaration and all proceedings had before this Court; and this

Court having found and determined that the relief sought in the Motion is in the best interests of

the Debtor's estate, its creditors, and other parties in interest; and that the legal and factual bases

---

[1]    The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtor is authorized to assume the Broker Agreements set forth on <u>Annex 1</u> to this Order, with such assumption being effective as of the Petition Date.  The Broker Agreements are deemed to be assumed by the Debtor pursuant to section 365(a) of the Bankruptcy Code.

3.      The Debtor is authorized to cure any existing defaults that exist under the Broker Agreements in accordance with section 365(b)(1)(A) of the Bankruptcy Code.

4.      The cure amount under section 365(b) of the Bankruptcy Code in connection with the assumption of the Broker Agreements is hereby final as set forth in <u>Annex 1</u>, or as otherwise agreed to by the parties or ordered by the Court (including any Broker Agreement for which there is a pending objection as to the cure amount only as of the date hereof).

5.      The Debtor shall pay the cure amounts in connection with the assumption as soon as reasonably practicable upon entry of this Order, subject any Broker Agreement for which there is a pending objection as to the cure amount only.  Any claims for additional amounts as a cure obligation with respect to the Broker Agreements are forever barred.

6.      Notwithstanding the relief granted herein, nothing contained in this Order is intended to be or should be construed as (a) an admission of the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any

00059173.1                              - 2 -

particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than as set forth in this Motion, a request for authorization to assume, adopt or reject any contract pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtor that any lien (contractual, common law, statutory, or otherwise) may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of the parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's or any party in interest's rights to subsequently dispute such claim.

7.      The requirements in Bankruptcy Rule 6006 are satisfied.

8.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and that the relief requested is necessary to avoid immediate and irreparable harm.

9.      This Order shall be immediately effective and enforceable upon its entry.

10.     The notice described in the Motion is sufficient and any requirement of further or different notice is hereby waived.

11.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.     The Debtor is directed, within three (3) business days of the entry of this Order, to serve a copy hereof upon all the parties that were served with the Motion, along with any parties that have filed notices of appearance in the Case since the filing of the Motion and all parties whose rights are affected by this Motion.

13.     This Court shall retain exclusive jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.

# **ANNEX 1**
## **Broker Agreements to be Assumed**

| No. | Address | Listing Agent | Status | Commission | Cure |
|---|---|---|---|---|---|
| 1. | Walzem Plaza<br>5400 Walzem Rd.<br>San Antonio | AFC Realty, LLC<br>Henry S. Miller<br>Attn: Shawn Ackerman<br>9434 Katy Freeway, Suite 180<br>Houston, TX  77055<br><br>shawnackerman@henrysmiller.com | Under Contract* | .75% | $0.00 |
| 2. | Corporate Park Place<br>1333 Corporate Park Dr.<br>Irving | Avision Young - Dallas, LLC<br>Attn: Greg Langston<br>1920 McKinney Ave., Suite 1100<br>Dallas, TX 75201<br><br>greg.langston@avisonyoung.com | Under Contract | 3.0% | $0.00 |
| 3. | North Central Plaza<br>12655 N. Central Expwy<br>Dallas | CBRE, Inc.<br>Attn: Russell Ingrum<br>2100 McKinney Ave., Suite 700<br>Dallas, TX 75201<br><br>Russell.ingrum@cbre.com | Contract Pending | 1.75% | $0.00 |
| 4. | Northbelt Atrium I<br>15311 W. Vantage Pkwy<br>Houston | CBRE, Inc.<br>Attn: Russell Ingrum<br>2100 McKinney Ave., Suite 700<br>Dallas, TX 75201<br><br>Russell.ingrum@cbre.com | | 2.38% | $0.00 |
| 5. | Central Park<br>1901 N. Glenville Drive<br>Dallas | CBRE, INC.<br>Attn: Chris Hipps<br>2100 McKinney Avenue, Suite 700<br>Dallas, TX 75201<br><br>Chris.Hipps@cbre.com | Contract Pending | 2.25% | $0.00 |
| 6. | Parkway Plaza I&II<br>14110, 14114 N. Dallas Pkwy<br>Dallas | CBRE, Inc.<br>Attn: Russell Ingrum<br>2100 McKinney Ave., Suite 700<br>Dallas, TX 75201<br><br>Russell.ingrum@cbre.com | Contract Pending | 2% | $0.00 |
| 7. | Regency Square<br>7211 Regency Square Blvd<br>Houston | CBRE, Inc.<br>Attn: Russell Ingrum<br>2100 McKinney Ave., Suite 700<br>Dallas, TX 75201<br><br>Russell.ingrum@cbre.com | Under Contract | 4% | $0.00 |
| 8. | Westheimer<br>11200 Westheimer Road<br>Houston | CBRE, Inc.<br>Attn: Russell Ingrum<br>2100 McKinney Ave., Suite 700<br>Dallas, TX 75201 | | 2% | $0.00 |

| No. | Address | Listing Agent | Status | Commission | Cure |
|---|---|---|---|---|---|
|  |  | Russell.ingrum@cbre.com |  |  |  |
| 9. | Gulf Plaza<br>16010 Barkers Point Lane<br>Houston | CBRE, Inc.<br>Attn: Russell Ingrum<br>2100 McKinney Ave., Suite 700<br>Dallas, TX 75201<br><br>Russell.ingrum@cbre.com |  | 4% | $0.00 |
| 10. | Ashford Crossing II<br>1880 S. Dairy Ashford Rd.<br>Houston | CBRE, Inc.<br>Attn: Russell Ingrum<br>2100 McKinney Ave., Suite 700<br>Dallas, TX 75201<br><br>Russell.ingrum@cbre.com |  | 2% | $0.00 |
| 11. | Westway I<br>1701 Market Place Blvd.<br>Irving | CBRE, Inc.<br>Attn: Russell Ingrum<br>2100 McKinney Ave., Suite 700<br>Dallas, TX 75201<br><br>Russell.ingrum@cbre.com |  | 1.75% | $0.00 |
| 12. | Energy Plaza I & II<br>8610, 8620 N. New<br>Braunfels<br>San Antonio | Cushman & Wakefield U.S., Inc.<br>Attn: Ryan Kasten<br>405 Colorado Street, Suite 2300<br>Austin, TX 78701<br><br>ryan.kasten@cushwake.com |  | 1.75% | $0.00 |
| 13. | One Technology Center<br>7411 John Smith Dr.<br>San Antonio | Cushman & Wakefield U.S., Inc.<br>Attn: Ryan Kasten<br>405 Colorado Street, Suite 2300<br>Austin, TX 78701<br><br>ryan.kasten@cushwake.com |  | 1.25% | $0.00 |
| 14. | 3100 Timmons Lane<br>Houston | Goodwin Advisors Partners, LLC<br>Attn: Evan Stone<br>14555 Dallas Parkway, Suite 100<br>Dallas, TX 72254<br><br>evan.stone@goodwinadvisors.com<br><br>Pivnick Law Firm PLLC<br>Attn: Robert Pivnick<br>8527 Lakemont Drive<br>Dallas, TX 75209<br><br>Rob@pivnickfirm.com |  | 1.50% | $0.00 |
| 15. | Three For4est Plaza<br>12221 Merit Dr.<br>Dallas | Goodwin Advisors Partners, LLC<br>Attn: Evan Stone<br>14555 Dallas Parkway, Suite 100<br>Dallas, TX 72254 | Under<br>Contract | 0.5% - 5.0%<br>tiered<br>structure | $0.00 |

| No. | Address | Listing Agent | Status | Commission | Cure |
|-----|---------|---------------|--------|-----------|------|
| | | evan.stone@goodwinadvisors.com<br><br>Pivnick Law Firm PLLC<br>Attn: Robert Pivnick<br>8527 Lakemont Drive<br>Dallas, TX 75209<br><br>Rob@pivnickfirm.com | | | |
| 16. | Garden Oaks<br>3800-4000 N. Shepherd Dr.<br>Houston | Jones Lang LaSalle Americas, Inc.<br>Attn: John Indelli<br>4200 Westheimer Rd, Suite 1400<br>Houston, TX 77027<br><br>John.indelli@jll.com | | 0.85% - 5.0% tiered structure | $0.00 |
| 17. | Preserve<br>2010 N. 610 Loop W.<br>Houston | Jones Lang LaSalle Americas, Inc.<br>Attn: Marty Hogan<br>4200 Westheimer, Suite 1400<br>Houston, TX 77027<br><br>Marty.hogan@jll.com | | 1.25% | $0.00 |
| 18. | 601 Sawyer<br>Houston | Jones Lang LaSalle Americas, Inc.<br>Attn: Marty Hogan<br>4200 Westheimer, Suite 1400<br>Houston, TX 77027<br><br>Marty.hogan@jll.com | | 1.75% | $0.00 |
| 19. | One Mason Plaza<br>811, 829 & 873 South Mason Rd.<br>Katy | Marcus & Millichap<br>Attn: Tim Speck<br><br>tim.speck@marcusmillichap.com | Under Contract | 2.25% | $0.00 |
| 20. | Northeast Square<br>16 Uvalde Rd., Houston | Marcus & Millichap<br>Attn: Tim Speck<br><br>tim.speck@marcusmillichap.com | Under Contract | 2.25% | $0.00 |
| 21. | Cornerstone<br>3707 FM 1960<br>Houston | Marcus & Millichap<br>Attn: Ford Noe<br>3 Riverway, #800<br>Houston, TX 77056<br><br>tim.speck@marcusmillichap.com<br>Ford.Noe@marcusmillichap.com<br>Brad.Mills@marcusmillichap.com | Under Contract | 4.0 – 4.75% | $0.00 |
| 22. | Timbercreek<br>5870 Hwy 6 North<br>Houston | Marcus & Millichap<br>Attn: Ford Noe<br>3 Riverway, #800<br>Houston, TX 77056 | Under Contract | 4.0 – 4.75% | $0.00 |

| No. | Address | Listing Agent | Status | Commission | Cure |
|-----|---------|---------------|--------|------------|------|
| | | tim.speck@marcusmillichap.com<br>Ford.Noe@marcusmillichap.com<br>Brad.Mills@marcusmillichap.com | | | |
| 23. | Copperfield<br>15840 FM 529<br>Houston | Marcus & Millichap<br>Attn: Ford Noe<br>3 Riverway, #800<br>Houston, TX 77056<br><br>tim.speck@marcusmillichap.com<br>Ford.Noe@marcusmillichap.com<br>Brad.Mills@marcusmillichap.com | Under Contract | 4.0 – 4.75% | $0.00 |
| 24. | Tower Pavilion<br>2909 Hillcroft<br>Houston | Marcus & Millichap<br>Attn: Brad Mills<br>300 Throckmorton Street, Suite 1500<br>Fort Worth, TX 76102<br><br>tim.speck@marcusmillichap.com<br>mark.mccoy@marcusmillichap.com<br>Brad.Mills@marcusmillichap.com<br>keith.lloyd@marcusmillichap.com | | 3.25-4.0% | $0.00 |
| 25. | Northchase<br>14550 Torrey Chase Blvd.<br>Houston | Marcus & Millichap<br>Attn: Ford Noe<br>3 Riverway, #800<br>Houston, TX 77056<br><br>tim.speck@marcusmillichap.com<br>Ford.Noe@marcusmillichap.com<br>Brad.Mills@marcusmillichap.com | | 3.0-4.0% | $0.00 |
| 26. | Mission Centre<br>14639 Beechnut<br>Houston | Marcus & Millichap<br>Attn: Philip Levy<br>5001 Spring Valley Rd., Ste 100W<br>Dallas TX 75244<br><br>philip.levy@marcusmillichap.com | Under Contract** | .75% | $0.00 |
| 27. | Fondren Road Plaza<br>7042-7098 Bissonnet St.<br>Houston | Marcus & Millichap<br>Attn: Philip Levy<br>5001 Spring Valley Rd., Ste 100W<br>Dallas TX 75244<br><br>philip.levy@marcusmillichap.com | Under Contract** | .75% | $0.00 |
| 28. | Commerce Plaza Hillcrest<br>12850 Hillcrest Rd.<br>Dallas | SHOP Concepts<br>Attn: Rand Horowitz<br>4809 Cole Avenue, Suite 330<br>Dallas, TX 75205<br><br>rand@shopcompanies.com | Contract Pending** | 4% | $0.00 |

| No. | Address | Listing Agent | Status | Commission | Cure |
|---|---|---|---|---|---|
| 29. | Gateway Tower<br>8111 LBJ Freeway<br>Dallas | Younger Partners Dallas, LLC<br>Attn: Moody Younger<br>14643 Dallas Pkwy., Ste. 950, LB#58<br>Dallas, TX 75254<br><br>moody.younger@youngerpartners.com | Contract Pending | 1.5% | $0.00 |
| 30. | Skymark Tower<br>1521 N. Cooper St., Dallas | Younger Partners Dallas, LLC<br>Attn: Moody Younger<br>14643 Dallas Pkwy., Ste. 950, LB#58<br>Dallas, TX 75254<br><br>moody.younger@youngerpartners.com | Contract Pending | 1.70% | $0.00 |

\*   Seller and Broker Commission Agreement (buyer representation).
\*\* Seller Limited Representation Agreement (commission for specific buyer).