**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| **Hartman SPE, LLC,** | Case No. 23-11452 (MFW) |
| Debtor.[1] | **Related Docket No. 75** |

**ORDER GRANTING MOTION OF DEBTOR FOR AN ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtor and debtor in possession (the "**Debtor**") in the above-captioned case (the "**Chapter 11 Case**") for an order (i) establishing Bar Dates for filing Proofs of Claim, (ii) approving the form and manner of notice thereof, and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "**Hearing**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and upon the First Day Declaration and all proceedings had before this

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The forms of the Bar Date Notice, attached hereto as **Exhibit 1**; the Proof of Claim Form, attached hereto as **Exhibit 2**; and the Publication Notice, attached hereto as **Exhibit 3**; and the manner of providing notice of the Bar Dates proposed in the Motion, are approved, and satisfy the notice requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court. As such, the Debtor is authorized to serve the Bar Dates Notice Package in the manner described below.

3. The following Bar Dates are established in this case:

(a) The General Bar Date. Except as otherwise set forth herein, all creditors holding claims, whether secured, priority (including Section 503(b)(9) Claims), or unsecured, against the Debtor that arose prior to the Petition Date must file proofs of claim by the General Bar Date, which is 5:00 p.m. Eastern Time on **November 13, 2023** (the "**General Bar Date**"). Claims subject to the General Bar Date are referred to herein as "**General Claims**." With respect to Section 503(b)(9) Claims, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of such administrative claims.

(b) The Governmental Bar Date. Except as otherwise set forth herein, all governmental units holding claims against the Debtor (whether secured, priority, or unsecured) that arose before the Petition Date must file proofs of claim by 5:00 p.m. Eastern Time on **March 11, 2024** (the "**Governmental Bar Date**"). Notwithstanding anything to the contrary in this order, pursuant to Local Rule 3002-1(a), this Bar Date Order does not require any governmental units to file any proof of claim or application for allowance for any claims covered by Section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

(c) The Rejection Bar Date. Any creditor whose claims arise from the rejection of an executory contract or unexpired lease pursuant to a Court order (any such order, a "**Rejection Order**") or by operation of Section 365(d)(4) of

the Bankruptcy Code, including secured claims, priority claims, and unsecured claims that arose or are deemed to have arisen prior to the Petition Date (collectively, the "**Rejection Damages Claims**"), must file a proof of claim on or before (a) the General Bar Date, or (b) 5:00 p.m. Eastern Time on the date that is twenty-one (21) days following service of an order approving rejection of any executory contract or unexpired lease of the Debtor. This date is referred to in this Order as the "**Rejection Bar Date**."

(d) The Amended Schedules Bar Date. If the Debtor amends its schedules of assets and liabilities (the "**Schedules**") to reduce the undisputed, non-contingent, and liquidated amount of a claim against the Debtor, to change the nature or classification of a claim against the Debtor, or to add a new claim to the Schedules, any affected entities that dispute such changes must file a proof of claim or amend any previously filed proof of claim with regard to the amended scheduled claim on or before the later of (a) the General Bar Date, or (b) 5:00 p.m. Eastern Time on the date that is twenty-one (21) days from the date that the Debtor provides written notice to the affected creditor that the Schedules have been amended. This date is referred to in this Order as the "**Amended Schedules Bar Date**."

4. Subject to the terms set forth in this Order exceptions below, the following must file a Proof of Claim Form (or use Official Form B410), on or before the General Bar Date, **November 13, 2023**):

(a) any creditor: (i) whose prepetition claim against the Debtor is not listed in the Debtor's Schedules or is listed as disputed, contingent, or unliquidated; and (ii) that desires to share in any distributions in this Chapter 11 Case;

(b) any creditor believing that its prepetition claim is improperly classified in the Debtor's Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Debtor's Schedules; and

(c) any creditor asserting an Administrative Claim (other than governmental units) covered by Section 503(b)(9) of the Bankruptcy Code).

5. **Exceptions**: The following creditors need not file Proof of Claim Forms:

(a) any creditor that already has filed a signed proof of claim against the Debtor in a form substantially similar to Official Form B410 with: (i) the Clerk of the Bankruptcy Court for the District of Delaware; or (ii) the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq");

(b) any creditor: (i) whose claim is not listed as disputed, contingent, or unliquidated in the Debtor's Schedules; and (ii) that agrees with the nature, classification, and amount of its claim as identified in the Schedules;

(c) any creditor whose claim against the Debtor has been previously allowed by an order of this Court;

(d) any holder of a claim that has been paid or otherwise satisfied in full by the Debtor or any other party;

(e) the Debtor or any of its non-debtor affiliates (as such term is defined in Section 101(2) of the Bankruptcy Code); and

(f) any officer, director, or employee of the Debtor who held such position as of the Petition Date and has a claim against the Debtor for indemnification, contribution, or reimbursement; *provided*, however, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution, or reimbursement will be required to file a proof of claim by the General Bar Date, unless another exception identified in this Section 5 applies.

6. Parties asserting claims against the Debtor that arose prior to the Petition Date must use a proof of claim form (the "**Proof of Claim Form**") substantially in the form attached hereto as **Exhibit 2**, or Official Form B410.

7. Any creditor holding an interest in the Debtor (an "**Interest Holder**"), which interest is based exclusively upon the ownership of: (i) a membership interest in a limited liability company; (ii) common or preferred stock in a corporation; or (iii) warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to herein as an "**Interest**"), need not file a proof of interest on or before the General Bar Date; *provided*, however, that Interest Holders who want to assert claims against the Debtor that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the Sale, issuance, or distribution of the Interest, must file a claim by the General Bar Date, unless another exception applies.

8. If the Debtor subsequently amends its Schedules, the Debtor shall give notice of any such amendment to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment to the Debtor's Schedules. If the Debtor amends its Schedules to reduce the undisputed, non-contingent, and liquidated amount of a claim against the Debtor, to change the nature or classification of a claim against the Debtor, or to add a new claim to its Schedules, any affected creditors that dispute such changes must file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the Amended Schedules Bar Date.

9. Creditors that fail to properly file a claim by the applicable Bar Date, shall be forever barred, estopped, and enjoined from: (i) asserting any such claim against the Debtor or its estate or property that (a) is in an amount that exceeds the amount, if any, that is identified in the Debtor's Schedules on behalf of such creditor as undisputed, non-contingent, and liquidated, or (b) is of a different nature, classification, or priority than any claim identified in the Debtor's Schedules on behalf of such creditor; or (ii) voting upon any chapter 11 plan in the Chapter 11 Case, or receiving distributions in this Chapter 11 Case.

10. Pursuant to Local Rule 2002-1(e), on the Service Date, the Debtor, through Epiq, shall serve the Bar Dates Notice Package, including a copy of the Bar Date Notice, and the Proof of Claim Form substantially in the forms attached hereto as **Exhibit 1**, and **Exhibit 2**, respectively, by first-class mail, postage prepaid, to:

(a) all known potential claimants, including those creditors listed in the Debtor's Schedules as potentially holding claims;

(b) the U.S. Trustee;

(c) all parties that have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 as of the date of the Service Date;

(d) all counterparties to executory contracts and unexpired leases of the Debtor listed in the Schedules or its designated representatives (including all parties to rejected executory contracts and unexpired leases as of the Service Date);

(e) all parties to pending litigation with the Debtor;

(f) the Internal Revenue Service for this District and all other taxing authorities for the jurisdictions in which the Debtor conducted business as of Petition Date;

(g) all relevant state attorneys general;

(h) all holders of record of any Interests in the Debtor as of the date of the Bar Date Order (although copies of the Proof of Claim will not be provided to them);

(i) all other creditors listed on the Debtor's creditor matrix;

(j) all parties that have filed proofs of claim in the Chapter 11 Case as of the date of entry of this Order; and

(k) counsel to any of the foregoing, if known.

11. On or before the Service Date, the Debtor shall cause the Bar Date Notice and the Proof of Claim Form to be posted on the website established by Epiq for the Chapter 11 Case.

12. Service of the Bar Dates Notice Package in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Dates to all known claimants.

13. Pursuant to Bankruptcy Rules 2002(l) and 9008, the Debtor is authorized to publish notice of the Bar Dates substantially in the form attached hereto as **Exhibit 3** (the "**Publication Notice**"): (i) once in *The Dallas Morning News*, *Houston Chronicle, Fort Worth Star Telegram,* and *San Antonio Express-News*; and (ii) as may be deemed appropriate in the Debtor's sole discretion, in certain additional local publications. The Debtor shall cause such publication to occur no later than two (2) business days after the Service Date.

14. The Debtor and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

15. The entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file proofs of claim or interest.

16. The Debtor is directed, within two (2) business days of the entry of this Order, to serve a copy hereof upon all the parties that were served with the Motion, along with any parties that have filed notices of appearance in the Chapter 11 Case since the filing of the Motion.

17. This Court shall retain exclusive jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.

**Dated: October 16th, 2023**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**