**Exhibit B**
**(Declaration)**

**UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Hartman SPE, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11452 (MFW)<br><br>**Objections Due: November 3, 2023 at 4:00 p.m. (et)**<br>**Hearing Date: December 5, 2023 at 10:30 a.m. (et)** |

**DECLARATION IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF FOR AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF PHOENIX MANAGEMENT SERVICES, LLC
AS FINANCIAL ADVISOR, EFFECTIVE AS OCTOBER 2, 2023**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Michael Jacoby, declare under penalty of perjury that:

1. I am a Senior Managing Director with Phoenix Management Services, LLC, a wholly owned subsidiary of J.S. Held, LLC ("J.S. Held"), together with employees of its affiliates and independent contractors (collectively, "Phoenix"), a financial advisory services firm with numerous offices throughout the country. I submit this Declaration on behalf of Phoenix (the "Declaration") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Hartman SPE, LLC (the "Debtor"), for an order authorizing the employment and retention of Phoenix as financial advisor under the terms and

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

conditions set forth in the Application.[2] Except as otherwise noted,[3] I have personal knowledge of the matters set forth herein.

## DISINTERESTEDNESS AND ELIGIBILITY

2. Phoenix and J.S. Held utilize certain procedures to determine their relationships, if any, to the parties that may have a connection to the Debtor. In implementing Phoenix's procedures, the following actions were taken to identify the Firm's relationships with such parties:

(a) In connection with the preparation of this Declaration, Phoenix requested and obtained from the Debtor the list of potentially interested parties in the Debtor's Chapter 11 cases. Such parties are listed on **Schedule 1** attached hereto (the "Potential Party List").

(b) Phoenix and J.S. Held then compared the names on the Potential Party List to the names in the master electronic databases of Phoenix's and J.S. Held's current and recent clients (the "Client Databases"). The Client Databases generally include the name of each client of Phoenix and J.S. Held, respectively, the name of each party who is or was known to be adverse to the client of Phoenix and J.S. Held in connection with the matter in which Phoenix or J.S. Held is representing such client, the name of each party that has, or had, a substantial role with regard to the subject matter of Phoenix's or J.S. Held's retention, as applicable, and the names of Phoenix or J.S. Held professionals who are, or were, primarily responsible for matters for such clients.

(c) Based on the results of its review, neither Phoenix nor J.S. Held have a relationship with any of the parties on **Schedule 1** in connection with these proceedings.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

[3] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at Phoenix or J.S. Held and are based on information provided by them.

3.      As part of its diverse practice, Phoenix and J.S. Held appear in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtor's cases.  Also, Phoenix and J.S. Held have performed in the past, and may perform in the future, advisory services for various attorneys and law firms, and has been represented by several attorneys, law firms and financial institutions, some of whom may be involved in these proceedings.  In addition, Phoenix and J.S. Held have in the past, currently is, and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtor's Chapter 11 case.  Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create any interest materially adverse to the Committee herein in matters upon which Phoenix is to be employed, and none are in connection with this case.

4.      Neither Phoenix nor J.S. Held are believed to be a "Creditor" with respect to fees and expenses of any of the Debtor within the meaning of Section 101(10) of the Bankruptcy Code.  Further, neither I nor any other member of the Phoenix or J.S. Held engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtor's stock.

5.      To the best of my knowledge, neither Phoenix nor J.S. Held have any current connection with the employees within the U.S. Trustee's office in this District.

6.      To the best of my knowledge, neither Phoenix nor J.S. Held represent any other entity having an interest adverse to the Committee in connection with this case, and Phoenix therefore believes it is eligible to represent the Committee under section 1103(b) of the Bankruptcy Code.

**PROFESSIONAL COMPENSATION**

7. Phoenix will apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court and guidelines established by the Office of the United States Trustee.

8. According to Phoenix's and J.S. Held's books and records, during the ninety-day period prior to the Debtor's petition date, neither Phoenix nor J.S. Held performed professional services or incurred any reimbursable expenses on behalf of the Debtor.

9. To the best of my knowledge, (a) no commitments have been made or received by Phoenix with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and (b) other than customary arrangements with J.S. Held as the parent company of Phoenix, Phoenix has no agreement with any other entity to share with such entity any compensation received by Phoenix in connection with these Chapter 11 cases.

10. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: October 20, 2023

*/s/ Michael Jacoby*
Michael Jacoby, Managing Director

**Schedule 1**
**Potential Parties in Interest**

| # | Last/Company Name | First Name | Party Relationship |
|---|---|---|---|
| 1 | 4M Building Solutions Inc. | | Creditor |
| 2 | All Tex Roofing LLC | | Creditor |
| 3 | Amaya Construction, Inc. | | Creditor |
| 4 | Amity Construction Company | | Creditor |
| 5 | Amtech Elevator Services | | Creditor |
| 6 | Archiyan | Yelena E. | Counsel |
| 7 | Attix | Lauren | Government Agency |
| 8 | Avail Security Group, LLC | | Creditor |
| 9 | Beausoleil | Ricardo | Agency |
| 10 | Business Floor Solutions, Inc. | | Creditor |
| 11 | Casey | Linda | Government Agency |
| 12 | CFI Mechanical, Inc. | | Creditor |
| 13 | Chan | Ashely M. | Judge |
| 14 | Chipman Brown Cicero & Cole, LLP | | Counsel |
| 15 | Chipman, Jr. | William E. | Counsel |
| 16 | CRE Group, LLC d/b/a Caprock Electric | | Creditor |
| 17 | Crocker | Michaela C. | Counsel |
| 18 | Cudia | Joseph | Government Agency |
| 19 | Dice | Holly | Government Agency |
| 20 | Dorsey | John T. | Judge |
| 21 | Dortch | Shakima L. | Government Agency |
| 22 | Doughty | Kristi JoLynn | Counsel |
| 23 | Dynamic Mechanical Solutions | | Creditor |
| 24 | Engie Resources LLC | | Creditor |
| 25 | Fox, Jr. | Timothy J. | Government Agency |
| 26 | Giordano | Diane | Government Agency |
| 27 | Goldblatt | Craig T. | Judge |
| 28 | Goldman Sachs | | Creditor |
| 29 | Goldman Sachs Mortgage | | Agency |
| 30 | Green | Christine | Government Agency |
| 31 | Hackman | Benjamin | Government Agency |
| 32 | Harris | Jesse | Contact |
| 33 | Hartman | Allen R. | Shareholder |

| # | Last/Company Name | First Name | Party Relationship |
|---|---|---|---|
| 34 | Hartman Income REIT Property Holdings, LLC | | Affiliate |
| 35 | Hartman Income REIT, Inc. | | Affiliate |
| 36 | Hartman Retail I, DST | | Affiliate |
| 37 | Hartman Short Term Income Properties XX, Inc. | | Formerly Known As |
| 38 | Hartman SPE Management, LLC | | Member |
| 39 | Hartman SPE, LLC | | Debtor |
| 40 | HARTMAN SPE, LLC OFFICIAL COMMITTEE OF UNSECURED CREDITORS | | Client |
| 41 | Hartman vReit XXI, Inc. | | Shareholder |
| 42 | Hartman XX Limited Partnership | | Member |
| 43 | Hartman XX Reit GP | | Partner |
| 44 | Hartman XXI Advisors, LLC | | Affiliate |
| 45 | Horan | Thomas M. | Judge |
| 46 | Iron Horse Flooring LLC | | Creditor |
| 47 | Jones | Nyanquoi | Government Agency |
| 48 | KAJ Construction, Inc. | | Creditor |
| 49 | Katten Muchin Rosenman LLP | | Counsel |
| 50 | KeyBank National Association | | Agency |
| 51 | Law Office of Thomas N. Lightsey III, P.C. | | Counsel (Opposing) |
| 52 | Leamy | Jane | Government Agency |
| 53 | Lipshie | Jonathan | Government Agency |
| 54 | Longhorn Mechanical LLC | | Creditor |
| 55 | Mashburn | Matthew | Creditor |
| 56 | McCollum | Hannah M. | Government Agency |
| 57 | McMahon | Joseph | Government Agency |
| 58 | Mike's AC and Refrigeration | | Creditor |
| 59 | Mitchell | John E. | Counsel |
| 60 | NRG Energy, Inc. | | Creditor |
| 61 | Nyaku | Jonathan | Government Agency |
| 62 | OGH Service Company, Inc. | | Creditor |
| 63 | Olivere | Mark D. | Counsel |
| 64 | O'Malley | James R. | Government Agency |
| 65 | Otis Elevator Company | | Creditor |
| 66 | Owens | Karen B. | Judge |

| # | Last/Company Name | First Name | Party Relationship |
|---|---|---|---|
| 67 | PDL Designs Ltd. | | Creditor |
| 68 | Precision Contracting | | Creditor |
| 69 | Pritchard Industries Southwest, LLC | | Creditor |
| 70 | Promise Total Services of Houston Inc. | | Creditor |
| 71 | REIT Property Management, LLC | | Affiliate |
| 72 | Reliant Retail | | Creditor |
| 73 | Richenderfer | Linda | Government Agency |
| 74 | RL Team Contractors, Inc. | | Creditor |
| 75 | Sarkessian | Juliet | Government Agency |
| 76 | Schanne, II | John Henry | Government Agency |
| 77 | Schwartz | Jennifer A. | Agency |
| 78 | Selber Silverstein | Laurie | Judge |
| 79 | Serrano | Edith A. | Government Agency |
| 80 | Service First Janitorial LLC | | Creditor |
| 81 | Shannon | Brendan L. | Judge |
| 82 | Shepacarter | Richard | Government Agency |
| 83 | Sierra-Fox | Rosa | Government Agency |
| 84 | Silver Star Properties REIT, Inc. | | Parent Corporation |
| 85 | Silver Star Property Management, Inc. | | Management Company |
| 86 | Stickles | J. Kate | Judge |
| 87 | STI-GC, LLC | | Creditor |
| 88 | Summer Energy LLC | | Creditor |
| 89 | Sundown Commercial Services | | Creditor |
| 90 | Team Contrac | | Creditor |
| 91 | Transwestern Commercial Services, L.L.C. | | Agency |
| 92 | True Vines, Inc. | | Creditor |
| 93 | U.S. Bank National Association | | Trustee |
| 94 | Versatex Commercial Services, LLC | | Creditor |
| 95 | Walrath | Mary F. | Judge |
| 96 | Weaver and Tidwell LLP | | Creditor |
| 97 | Wheeler | David | Principal/ Owner/ Manager/ Shareholder |
| 98 | Wynn | Dion | Government Agency |
| 99 | Cunningham | Ray | Chair, Creditors' Committee |

| # | Last/Company Name | First Name | Party Relationship |
|---|---|---|---|
| 100 | Delorge | Don | Creditors' Committee |
| 101 | Ellerd | Robert | Creditors' Committee |

**Schedule 2**
**Connections**

None.