# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Hartman SPE, LLC,**<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-11452 (MFW)<br><br>Hearing Date: April 24, 2024, at 10:30 a.m. (ET)<br>Objection Deadline: April 12, 2024, at 4:00 p.m. (ET) |

## OBJECTION OF THE DEBTOR TO PROOF OF
## CLAIM NO. 10155 FILED BY HARTMAN vREIT XXI, INC. (SUBSTANTIVE)

Hartman SPE, LLC, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), hereby objects to Proof of Claim No. 10155 (the "**Disputed Claim**") filed by Hartman vREIT XXI, Inc. ("**Minority Member**")[2] pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended and applicable hereto, the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") and requests that this Court enter an order disallowing and expunging the Disputed Claim in substantially the form attached as **Exhibit A** ("**Proposed Order**"). In support of this Objection, the Debtor respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this chapter 11 case, the Debtor, property of the Debtor's estate, and this

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2] Proof of Claim No. 10155 lists the claimant as "HARTMAN V REIT XXI, INC." The Limited Liability Company Agreement of Hartman SPE, LLC, as amended, lists the claimants name as "Hartman vREIT, Inc."

matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to these matters if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is section 502(b) of the Bankruptcy Code. The relief is also appropriate in accordance with Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

A. **GENERAL BACKGROUND.**

4. On September 13, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Bankruptcy Code. Minority Member received timely notice of the filing. *See Certificate of Service* [Docket No. 211].

5. The Debtor is authorized to continue to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 22, 2023, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 56]. No trustee or examiner has been appointed in this Chapter 11 Case.

7.     A detailed description of the Debtor and its business, including the facts and circumstances giving rise to the Debtor's chapter 11 case, is set forth in the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Hartman SPE, LLC* [Docket No. 639] (the "**Combined Disclosure Statement and Plan**").[3]

8.     On October 10, 2023, the Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs [Docket Nos. 141 and 142, as amended by Docket Nos. 242, 271, and 481] (the "**Schedules and Statements**"). The Disputed Claim appears in each version of the Debtor's Schedule E/F as contingent, unliquidated, and disputed. *See* Docket No. 141, Schedule E/F at Item 3.180; Docket No. 271, Schedule E/F at Item 3.644; and Docket No. 481, Schedule E/F at Item 3.644.

9.     On February 26, 2024, the Court entered an Order [Docket No. 645] confirming the Combined Disclosure Statement and Plan.

**B.     NOTICE OF THE BANKRUPTCY CASE AND THE CLAIMS BAR DATE.**

10.     On October 16, the Court entered the *Order Granting Motion of Debtor for an Order (I) Establishing Bar Dates for Filing Proofs of Claim, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. 162] (the "**Bar Date Order**"), requiring that all creditors (other than governmental units) holding claims, whether secured, priority (including Section 503(b)(9) Claims), or unsecured, against the Debtor that arose prior to the Petition Date file proofs of claim by 5:00 p.m. Eastern Time on November 13, 2023 (the "**Bar Date**"). Minority Member received timely notice of the Bar Date Order. *See Certificate of Service* [Docket No. 240].

---

[3]     Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

11. Moreover, on September 28, 2023, the Debtor filed an *Adversary Complaint* against Minority Member, commencing Adv. Proc. No. 23-5058(MFW), which specifically states that the Debtor had filed for bankruptcy on September 13, 2023. *See Adv. Compl.* [Adv. Docket No. 1] ¶ 3. The Adversary Complaint was served on Minority Member on October 9, 2023, giving Minority Member additional notice of the Debtor's bankruptcy well in advance of the November 13, 2024 Bar Date. *See Affidavit of Service* [Adv. Docket No. 10] at 1.

## RELIEF REQUESTED

12. By this Objection, the Debtor respectfully requests entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing the Disputed Claim, in full, on multiple grounds: (a) the Debtor is not liable for the Disputed Claim on any basis; and (b) the Disputed Claim was filed after the Bar Date.

## BASIS FOR RELIEF

13. Section 502(a) of the Bankruptcy Code provides that a claim filed under section 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects. Bankruptcy Rule 3007 provides that an objection must be in writing and filed with at least thirty (30) days' notice of any hearing regarding the objection. In turn, Local Rule 3007-1 sets forth the specific procedures for categorizing objections to claims and what information must be included in the motion.

14. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). To receive the benefit of *prima facie* validity, however, the proof of claim must "set forth facts necessary to support the claim." *In re*

- 5 -

*Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992). Where the claimant alleges sufficient facts to support its claim, the claim is afforded *prima facie* validity. *Allegheny*, 954 F.2d at 173.

15. As a result, a party wishing to dispute such a claim must produce evidence sufficient to negate the claim's *prima facie* validity. *Id*. The objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of such claim by a preponderance of the evidence. *Id*. The burden of persuasion is always on the claimant. *Id*.

16. Bankruptcy Code section 502(b) provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that ... such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S. C. § 502(b)(1).

17. For the reasons set forth herein, the Debtor believes that the Disputed Claim is not enforceable against the Debtor or its estate. Therefore, pursuant to section 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Debtor submits that the Court should disallow the Disputed Claim in its entirety and expunge the Disputed Claim from the claims registry.

A. **THE DEBTOR IS NOT LIABLE FOR THE DISPUTED CLAIM.**

18. The face of the Disputed Claim states its basis as "Shareholder(preferred)." Disputed Claim at 2. Minority Member, however, is not a preferred shareholder of the Debtor limited liability company, but the 2.47% minority member. Under the Combined Disclosure Statement and Plan, the membership interests of each member were reinstated, leaving each fully

unimpaired. *See* Combined Disclosure Statement and Plan Art. VI.A.5. Moreover, Minority Member was not entitled to a dividend under the *Limited Liability Company Agreement of Hartman SPE, LLC*.

19. Accordingly, the Debtor requests that the Disputed Claim be disallowed in full and expunged from the claims register.

B. THE DISPUTED CLAIM WAS FILED AFTER THE BAR DATE.

20. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." FED. R. BANKR. P. 3003(c)(3). Section 502(b)(9) of the Bankruptcy Code mandates that "if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim … and shall allow such claim in such amount, except to the extent that … proof of such claim is not timely filed," with certain limited exceptions that are not applicable here. 11 U.S.C. § 502(b)(9). Bar dates serve the important function of "finality and debtor rehabilitation." *In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007); *see also Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."); *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("[T]he claims bar date operates as a federally created statute of limitations, after which the claimant loses all of her right to bring an action against the 'debtor.'").

21. The Bar Date Order required proofs of claim to be actually received on or before November 13, 2023 at 5:00 p.m. Eastern Time. Minority Member not only received notice of the Bar Date Order, the Bar Date, and a warning that any claimant who failed to timely file a proof of claim would not be eligible to receive a distribution on account of their asserted claims, *it*

*participated in the Bankruptcy Case and appeared through counsel*. Despite receiving timely notice, Minority Member filed the Disputed Claim on November 16, 2023.

22. Accordingly, the Debtor requests that the Disputed Claim be disallowed in full and expunged from the claims register.

## RESERVATION OF RIGHTS

23. The Debtor expressly reserves its right to amend, modify or supplement this Objection and to file additional objections to any other claims (filed or not) that may be asserted against the Debtor's estate. Should one or more of the grounds of objection stated in this Objection be overruled, the Debtor reserves its right to object to the Disputed Claim on any other ground that bankruptcy and non-bankruptcy laws permit, and any and all claims, rights or remedies the Debtor may have against the Minority Members with respect to any amounts owed to the Debtor pursuant to Chapter 5 of the Bankruptcy Code and to seek relief under Bankruptcy Code section 502(d) as may be appropriate. The Debtor further reserves its right to amend or supplement this Objection as additional information is discovered, including the right to assert affirmative relief.

24. Furthermore, nothing in this objection shall affect, impair or modify the rights, claims and defenses of the Debtor, and the Debtor expressly reserves its rights, claims and defenses asserted in that certain District Court of Harris County case (District Court of Harris County, 295th Judicial District, Hartman *et al.*, v. Silver Star Properties REIT, Inc. (f/k/a/ Hartman Short Term Income Properties XX, Inc.), *et al.*, Cause No. 2023-17944).

## NOTICE

25. Notice of this Objection has been provided to (i) counsel to the Minority Member, Kasen & Kasen, P.C., Attn: Jenny R. Kasen, 1213 North King Street, Suite 2, Wilmington,

- 8 -

Delaware 19801; (ii) the Minority Member, Hartman vREIT XXI, Inc., Attn: Margaret Marie Hartman, 11211 Katy Freeway, Suite 309, Houston, Texas 77079; (iii) the United States Trustee for the District of Delaware; (iv) counsel to the Official Committee of Unsecured Creditors; (v) the Internal Revenue Service, and all other state taxing authorities in jurisdiction in which the Debtor historically conducted business; (vi) all applicable governmental and regulatory agencies governing the Debtor's industry, the states in which the Debtor historically conducted business; and (vii) all parties requesting notice pursuant to Bankruptcy Rule 2002 (the "**Notice Parties**").

## NO PRIOR REQUEST

26. No prior request for the relief sought in this Objection has been made to this or any other court.

**WHEREFORE**, for the reasons stated herein, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Objection, and ordering such other and further relief as is just and necessary.

**[THE REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE TO FOLLOW]**

Dated: March 13, 2024
       Wilmington, Delaware

                        **CHIPMAN BROWN CICERO & COLE, LLP**

                        */s/ Mark D. Olivere*
                        William E. Chipman, Jr. (No. 3818)
                        Mark D. Olivere (No. 4291)
                        Hercules Plaza
                        1313 North Market Street, Suite 5400
                        Wilmington, Delaware 19801
                        Telephone:    (302) 295-0191
                        Facsimile:    (302) 295-0199
                        Email:  chipman@chipmanbrown.com
                                   olivere@chipmanbrown.com

                               -and-

                        **KATTEN MUCHIN ROSENMAN LLP**
                        John E. Mitchell (TX Bar No. 00797095)
                        Michaela C. Crocker (TX Bar No. 24031985)
                        Yelena E. Archiyan (TX Bar No. 24119035)
                        2121 N. Pearl St., Suite 1100
                        Dallas, TX 75201
                        Telephone:    (214) 765-3600
                        Facsimile:    (214) 765-3602
                        Email: john.mitchell@katten.com
                                  michaela.crocker@katten.com
                                  yelena.archiyan@katten.com

                        *Co-Counsel to the Debtor and Debtor-in-Possession*

4870-7150-5069, v. 3