IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> **Hartman SPE, LLC,** <br><br> Debtor.[1] | Chapter 11 <br><br> Case No. 23-11452 (MFW) <br><br> Hearing Date: April 24, 2024, at 10:30 a.m. (ET) <br> Objection Deadline: April 17, 2024, at 4:00 p.m. (ET) |

**DEBTOR'S FIRST (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO
CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 502,
BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1**

The above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through its counsel, hereby objects (the "**Objection**") to each of the claims listed on **Schedule 1** through **Schedule 5** (collectively, the "**Disputed Claims**") to the proposed form of order, a copy of which is attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended and applicable hereto, the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and requests entry of an order disallowing each of the Disputed Claims as indicated in further detail below. In support of this Objection, the Debtor relies on the *Declaration of Louis Fox in Support of the Debtor's First (Non-Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* (the "**Fox Declaration**"), attached hereto as **Exhibit B**. In further support of the Objection, the Debtor respectfully represents as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this chapter 11 case, the Debtor, property of the Debtor's estate and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to these matters if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is section 502(b) of the Bankruptcy Code. The relief is also appropriate in accordance with Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

A. **GENERAL BACKGROUND.**

4. On September 13, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Bankruptcy Code.

5. The Debtor is authorized to continue to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 22, 2023, the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") [Docket No. 56]. No trustee or examiner has been appointed in this Chapter 11 Case.

7. A detailed description of the Debtor and its business, including the facts and circumstances giving rise to the Debtor's Chapter 11 Case, is set forth in the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Hartman SPE, LLC.* [Docket No. 639] (the "**Combined Disclosure Statement and Plan**").[2]

8. On October 10, 2023, the Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs [Docket Nos. 141 and 142, as amended by Docket Nos. 242, 271, and 481] (the "**Schedules and Statements**")

9. On February 26, 2024, the Court entered an Order [Docket No. 645] confirming the Combined Disclosure Statement and Plan.

B. **BAR DATES AND PROOFS OF CLAIM.**

10. On October 16, 2023, the Court entered an Order [Docket No. 162] (the "**Bar Date Order**"), requiring that all creditors (other than governmental units) holding claims, whether secured, priority (including Section 503(b)(9) Claims), or unsecured, against the Debtor that arose prior to the Petition Date file proofs of claim by 5:00 p.m. *prevailing* Eastern Time on November 13, 2023 (the "**General Bar Date**").

## RELIEF REQUESTED

11. By this Objection, the Debtor respectfully requests entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing in full the claims listed in Schedules 1, 2, 3, 4, and 5 to the Proposed Order.

## BASIS FOR RELIEF

12. Section 502(a) of the Bankruptcy Code provides that a claim filed under section 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects. Bankruptcy Rule

---

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

3007 provides that an objection must be in writing and filed with at least thirty (30) days' notice of any hearing regarding the objection. In turn, Local Rule 3007-1 sets forth the specific procedures for categorizing objections to claims and what information must be included in the motion.

13. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). To receive the benefit of *prima facie* validity, however, the proof of claim must "set forth facts necessary to support the claim." *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992). Where the claimant alleges sufficient facts to support its claim, the claim is afforded *prima facie* validity. *Allegheny*, 954 F.2d at 173.

14. As a result, a party wishing to dispute such a claim must produce evidence sufficient to negate the claim's *prima facie* validity. *Id*. The objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of such claim by a preponderance of the evidence. *Id*. The burden of persuasion is always on the claimant. *Id*.

15. Bankruptcy Code section 502(b) provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that ... such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

16. For the reasons set forth herein and in the Schedules to the Proposed Order, the Debtor believes that the Disputed Claims are not enforceable against the Debtor and its estate.

Therefore, pursuant to section 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Debtor submits that the Court should disallow each Disputed Claim in its entirety.

17. As set forth in the Fox Declaration, the Debtor (through Mr. Fox or one of its other employees or professionals) spent considerable time reviewing and reconciling the proofs of claim filed against the Debtor in this Chapter 11 Case, including the Disputed Claims that are the subject of this Objection. The Debtor reviewed and analyzed the Disputed Claims in good faith, utilizing due diligence by the appropriate personnel, including, where necessary, review of the Debtor's ledger and direct contact with representatives of the entities (or the persons themselves) filing the Disputed Claims that are the subject of the Objection. These efforts resulted in the identification of the Disputed Claims that are the subject of the Objection.

A.  **AMENDED / SUPERSEDED CLAIMS.**

18. The Bankruptcy Rules and Local Rules specifically provide for the disallowance of the amended and superseded claims. Bankruptcy Rule 3007(d)(3) provides for omnibus claims objections based on the ground that the claims should be disallowed because "they have been amended by subsequently filed proofs of claim." FED. R. BANKR. R. 3007(d)(3).

19. The Debtor has reviewed the Disputed Claims on **Schedule 1** to the Proposed Order (the "**Amended Claims**") and has determined that such claims have been amended and superseded by a subsequently filed proof of claim identified under the column titled "Remaining Claim Number" on **Schedule 1** to the Proposed Order. The Amended Claim, thus, no longer represents a valid claim against the Debtor's estate and should be disallowed. By filing remaining claims, the claimants modified the liability originally identified in the Amended Claims.

20. If the Objection is granted, the remaining claims will remain on the Claims Register as outstanding liabilities, subject to the Debtor's right to object to the remaining claims on any

other applicable grounds.  The claimants will suffer no prejudice because the remaining claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the Debtor's estate will be preserved.

**B.    DUPLICATE CLAIMS.**

21. The claims identified under the column titled "Duplicate Claim to be Disallowed" on **Schedule 2** to the Proposed Order (the "**Duplicate Claims**") duplicate at least one other Proof of Claim filed against the Debtor by the same claimant in the same amount that the Debtor believes relates to the same subject matter. Creditors are not entitled to multiple recoveries for a single liability against any single debtor.  If the Duplicate Claims are not disallowed and expunged, the parties that filed these Proofs of Claim would receive an excessive recovery to the detriment of other creditors in the Chapter 11 Case.

22. The claimant will suffer no prejudice because the remaining claim identified on **Schedule 2** will be unaffected by the relief sought in this Objection, and the claimant's right to assert the liability against the Debtor's estate will be preserved, subject to the Debtor's right to file additional objections to such remaining claims on any applicable grounds.

**C.    LATE-FILED CLAIMS.**

23. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." FED. R. BANKR. P. 3003(c)(3). Section 502(b)(9) of the Bankruptcy Code mandates that "if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim … and shall allow such claim in such amount, except to the extent that … proof of such claim is not timely filed," with certain limited exceptions that are not applicable here. 11 U.S.C. § 502(b)(9).  Bar dates serve the important function of "finality and debtor rehabilitation." *In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007); *see also Berger v. Trans World Airlines, Inc. (In*

*re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."); *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("[T]he claims bar date operates as a federally created statute of limitations, after which the claimant loses all of her right to bring an action against the 'debtor.'").

24.  The Bar Date Order required proofs of claim to be actually received on or before the Bar Date.  The claims listed on **Schedule 3** to the Proposed Order (the "**Late Filed Claims**") were filed after the Bar Date.  The holders of Late Filed Claims received notice of the Bar Date Order, the Bar Date, and a warning that any claimant who failed to timely file a proof of claim would not be eligible to receive a distribution on account of their asserted claims.  Accordingly, the Debtor requests that the Court disallow and expunge in their entirety each of the Late Filed Claims from the claims register.

D.  **CLAIMS FOR TENANT SECURITY DEPOSITS.**

25.  The Debtor objects to the Claims listed on **Schedules 4** (Tenant Deposits – Properties Sold During Case) and **5** (Tenant Deposits – Properties Transferred on Plan Effective Date) (the "**Tenant Deposit Claims**") because each Claim is for the return of tenant security deposits on leases either (a) assumed by the Debtor and assigned to a third party during the Chapter 11 Case, or (b) to be assumed by the Debtor and assigned to Silver Star Borrower on the Plan Effective Date.  Under either scenario, the tenant deposits will be held by the owner of the related commercial real property and be addressed according to the terms of the underlying lease in the ordinary course of business. Accordingly, the Debtor requests that the Court disallow and expunge in their entirety each of Tenant Deposit Claim listed on Schedules 4 and 5 from the claims register.

## NOTICE OF RIGHTS OF CLAIMANTS AFFECTED

26. Holders of Disputed Claims (each a "**Claimant**" and, collectively, the "**Claimants**") receiving this Objection should review the exhibits attached to the Proposed Order to locate their name, the corresponding Disputed Claim or Disputed Claims that is or are the subject of this Objection, and the specific basis for the Debtor's Objection to such Disputed Claims.

27. The rights of each Claimant receiving this Objection may be affected by this Objection and by any further objection that may be filed with respect to any claim listed on Schedule 1, Schedule 2, Schedule 3, Schedule 4, or Schedule 5.

## RESPONSES TO THE OBJECTION

28. *Content of Responses*. Every response to this Objection must contain at a minimum the following information:

   A. a caption setting forth the name of this Court, the name of the Debtor, the case number, and the title of this Objection;

   B. the Claimant's name, the claim number, and a description of the basis for the amount of the claim;

   C. the specific factual basis and supporting legal argument upon which the Claimant will rely in opposing this Objection;

   D. any supporting documentation, to the extent it was not included with the Disputed Claim previously filed with Epiq Corporate Restructuring, LLC ("**Epiq**") the Debtor's claims and noticing agent, upon which the Claimant will rely to support the basis for and amounts asserted in the Disputed Claim; and

   E. the name, address, telephone number and email address of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Debtor should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

29. *Service Address*. If a Response contains an address for the claimant different from that stated on the Disputed Claim, the address in the Response shall constitute the service address for future service of papers upon the Claimant with respect to the Objection unless or until the

Debtor receives written notice from the Claimant or the Claimant's counsel of a changed service address.

30. *Timely Response Required; Hearing; Replies*. If a Response is filed properly and timely and served in accordance with the above procedures, the Debtor will endeavor to reach a consensual resolution with the Claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on **April 24, 2024, at 10:30 a.m. (*prevailing* Eastern Time)**, or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing. The Debtor reserves the right to adjourn the hearing with respect to a specific objection set forth herein and any Response thereto.

31. If a claimant whose claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtor will present to the Court an appropriate order disallowing and expunging the Disputed Claims without further notice to the Claimant.

32. The Debtor may, at its option, file and serve a reply to a claimant's Response no later than three (3) days prior to any hearing on the Objection. This Objection shall constitute a request to the Court for leave to file such reply.

## **RESERVATION OF RIGHTS**

33. In this Objection, the Debtor has raised certain objections to claims filed against the Debtor. By this reservation of rights, the Debtor reserves the right to amend, modify, or supplement this Objection. Furthermore, should one or more of the grounds for objection stated herein be dismissed or overruled, the Debtor reserves the right to object to each of the Disputed Claims on other grounds.

## COMPLIANCE WITH LOCAL RULE 3007-1

34. The Debtor submits that, to the best of its knowledge, the information contained in the Objection and in the exhibits to the Proposed Form of Order is true and correct. Furthermore, the attorneys for the Debtor certify that they have reviewed Local Rule 3007-1, and this Objection complies with such Local Rule. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form of the Proposed Order, disallowing the claims as set forth therein, and grant the Debtor such other and further relief as is just and proper.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: March 19, 2024
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199
Email:  chipman@chipmanbrown.com
        olivere@chipmanbrown.com

-and-

**KATTEN MUCHIN ROSENMAN LLP**
John E. Mitchell (TX Bar No. 00797095)
Michaela C. Crocker (TX Bar No. 24031985)
Yelena E. Archiyan (TX Bar No. 24119035)
2121 North Pearl Street, Suite 1100
Dallas, Texas 75201
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602
Email:  john.mitchell@katten.com
        michaela.crocker@katten.com
        yelena.archiyan@katten.com

*Co-Counsel to the Debtor and Debtor-in-Possession*

4866-9042-1935, v. 1