# EXHIBIT B

**(Declaration)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Hartman SPE, LLC,**<br><br>Debtor.[1] | **Chapter 11**<br><br>**Case No. 23-11452 (MFW)** |

**DECLARATION OF LOUIS FOX IN SUPPORT OF DEBTOR'S
FIRST OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)**

I, Louis Fox, declare under penalty of perjury as follows:

1. I am the Treasurer of Hartman SPE Management, LLC (the "**Company**"), the sole manager of Hartman SPE, LLC (the "**Debtor**"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**").

2. As Treasurer of the Company, I am familiar with the Debtor's financial condition, policies and procedures, day-to-day operations, and books and records, and I have worked closely with the Debtor's professionals. The testimony provided herein is based on my review of public and non-public documents, and my discussions with, and information provided by, other members of the Debtor's management team, employees performing services on behalf of the Debtor, and the Debtor's agents and advisors. Except as otherwise noted, I have personal knowledge of the matters set forth herein or have gained knowledge of such matters from other members of my team or from the employees, agents, attorneys, and advisors performing services on the Debtor's behalf, the accuracy and completeness of which information I relied upon to provide this Declaration.[2]

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

3. I submit this declaration (the "**Declaration**") in support of the *Debtor's First Omnibus Objection to Claims (Non-Substantive) Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* (the "**Objection**").

4. I have read the Objection and am directly, or by and through the Debtor's personnel or agents, familiar with the information contained herein, the Proposed Order, and the Schedules attached thereto.

5. The Debtor (through me or one of the Company's employees or the Debtor's agents, or counsel) spent considerable time reviewing and reconciling the proofs of claim filed against the Debtor in this case, including the Disputed Claims that are the subject of the Objection. The Debtor reviewed and analyzed the Disputed Claims in good faith utilizing due diligence by the appropriate personnel, including a review of the Debtor's books and records (the "**Books and Records**"). These efforts resulted in the identification of the Disputed Claims that are the subject of the Objection.

6. The information contained in Schedules 1, 2, 3, 4 and 5 to the Proposed Order and in the Objection itself is true and correct to the best of my knowledge, information, and belief.

7. The Disputed Claims that are listed on Schedules 1, 2, 3, 4 and 5 consist of certain claims for which I submit the Debtor has no liability. These claims generally fall into once of the following categories (each as defined below): (1) Amended Claims (Schedule 1); (2) Duplicate Claims (Schedule 2); (3) Late Filed Claims (Schedule 3); or (4) Tenant Deposit Claims (Schedules 4 and 5).

8. <u>Amended Claims</u>. The Debtor has reviewed the Disputed Claims on **Schedule 1** to the Proposed Order (the "**Amended Claim**") and has determined that such claims have been amended and superseded by a subsequently filed proof of claim identified under the column titled

"Remaining Claim Number" on **Schedule 1** to the Proposed Order. The Amended Claim, thus, no longer represents a valid claim against the Debtor's estate and should be disallowed. By filing the remaining claims, the Claimants modified the liability originally identified in the Amended Claims Accordingly, I believe the Amended Claims should be disallowed and expunged in favor of the indicated remaining claim.

9. <u>Duplicate Claims</u>. The claims identified under the column titled "Duplicate Claim to be Disallowed" on **Schedule 2** to the Proposed Order (the "**Duplicate Claims**") duplicates at least one other Proof of Claim filed against the Debtor by the same Claimant in the same amount that the Debtor believes relates to the same subject matter. Creditors are not entitled to multiple recoveries for a single liability against any single debtor. If the Duplicate Claims are not disallowed and expunged, the parties that filed these Proofs of Claim would receive an excessive recovery to the detriment of other creditors in the Chapter 11 Case. Accordingly, I believe the Duplicate Claims should be disallowed and expunged in favor of the indicated remaining claim.

10. <u>Late Filed Claims</u>. The Bar Date Order required proofs of claim to be actually received on or before the applicable Bar Date. The claims listed on **Schedule 3** to the Proposed Order (the "**Late Filed Claims**") were filed after the applicable Bar Date. The holders of Late Filed Claims received notice of the Bar Date Order, the Bar Date, and a warning that any Claimant who failed to timely file a proof of claim would not be eligible to receive a distribution on account of their asserted claims. Accordingly, I believe that no liability exists as to the Late Filed Claims and such claims should be disallowed in their entirety and expunged from the claims register.

11. <u>Tenant Deposit Claims</u>. The Disputed Claims identified on **Schedules 4** and **5** to the Proposed Order (the "**Tenant Deposit Claims**") should be disallowed because each Claim is for the return of tenant security deposits on leases either (a) assumed by the Debtor and assigned

to a third party during the Case, or (b) to be assumed by the Debtor and assigned to Silver Star Borrower on the Plan Effective Date. Under either scenario, the tenant deposits will be held by the owner of the related commercial real property and be addressed according to the terms of the underlying lease in the ordinary course of business. Accordingly, I believe that no liability exists as to the Tenant Deposit Claims and such claims should be disallowed in their entirety and expunged from the claims register.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 19, 2024

Louis Fox
Treasurer
Hartman SPE Management, LLC