IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **Hartman SPE, LLC,** | Case No. 23-11452 (MFW) |
| Debtor.[1] | Hearing Date: April 24, 2024, at 10:30 a.m. (ET)<br>Objection Deadline: April 17, 2024, at 4:00 p.m. (ET) |

**DEBTOR'S SECOND (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO
CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 502,
BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1**

The above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through its counsel, hereby objects (the "**Objection**") to each of the claims listed on **Schedule 1** (collectively, the "**Disputed Claims**") to the proposed form of order, a copy of which is attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended and applicable hereto, the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and requests entry of an order disallowing each of the Disputed Claims.  In support of this Objection, the Debtor relies on the *Declaration of Louis Fox in Support of the Debtor's Second (Non-Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* (the "**Fox Declaration**"), attached hereto as **Exhibit B**.  In further support of the Objection, the Debtor respectfully represents as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400).  The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057.  Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

## JURISDICTION

1.  The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this chapter 11 case, the Debtor, property of the Debtor's estate and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to these matters if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicate for the relief sought herein is section 502(b) of the Bankruptcy Code. The relief is also appropriate in accordance with Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

A.  **GENERAL BACKGROUND.**

4.  On September 13, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Bankruptcy Code.

5.  The Debtor is authorized to continue to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 22, 2023, the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") [Docket No. 56]. No trustee or examiner has been appointed in this Chapter 11 Case.

7. A detailed description of the Debtor and its business, including the facts and circumstances giving rise to the Debtor's Chapter 11 Case, is set forth in the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Hartman SPE, LLC.* [Docket No. 639] (the "**Combined Disclosure Statement and Plan**").[2]

8. On October 10, 2023, the Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs [Docket Nos. 141 and 142, as amended by Docket Nos. 242, 271, and 481] (the "**Schedules and Statements**")

9. On February 26, 2024, the Court entered an Order [Docket No. 645] confirming the Combined Disclosure Statement and Plan.

B. **BAR DATES AND PROOFS OF CLAIM.**

10. On October 16, 2023, the Court entered an Order [Docket No. 162] (the "**Bar Date Order**"), requiring that all creditors (other than governmental units) holding claims, whether secured, priority (including Section 503(b)(9) Claims), or unsecured, against the Debtor that arose prior to the Petition Date file proofs of claim by 5:00 p.m. Eastern Time on November 13, 2023 (the "**General Bar Date**").

---

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

**RELIEF REQUESTED**

11.     By this Objection, the Debtor respectfully requests entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing in full the claims listed in Schedule 1 to the Proposed Order.

**BASIS FOR RELIEF**

12.     As set forth in the Fox Declaration, the Debtor (through Mr. Fox or one of its other employees or professionals) spent considerable time reviewing and reconciling the proofs of claim filed against the Debtor in this Chapter 11 Case, including the Disputed Claims that are the subject of this Objection.  The Debtor reviewed and analyzed the Disputed Claims in good faith, utilizing due diligence by the appropriate personnel, including, where necessary, review of the Debtor's ledger.  These efforts resulted in the identification of the Disputed Claims that are the subject of the Objection.

13.     Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." FED. R. BANKR. P. 3003(c)(3). Section 502(b)(9) of the Bankruptcy Code mandates that "if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim … and shall allow such claim in such amount, except to the extent that … proof of such claim is not timely filed," with certain limited exceptions that are not applicable here. 11 U.S.C. § 502(b)(9).  Bar dates serve the important function of "finality and debtor rehabilitation." *In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007); *see also Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."); *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("[T]he claims bar date operates as a

federally created statute of limitations, after which the claimant loses all of her right to bring an action against the 'debtor.'").

14. The Bar Date Order required proofs of claim to be actually received on or before the Bar Date. The Disputed Claims listed on **Schedule 1** to the Proposed were filed after the Bar Date. The holders of Disputed Claims received notice of the Bar Date Order, the Bar Date, and a warning that any claimant who failed to timely file a proof of claim would not be eligible to receive a distribution on account of their asserted claims. Accordingly, the Debtor requests that the Court disallow and expunge in their entirety each of the Disputed Claims from the claims register.

## NOTICE OF RIGHTS OF CLAIMANTS AFFECTED

15. Holders of Disputed Claims receiving this Objection (the "**Claimants**") should review the exhibits attached to the Proposed Order to locate their name, the corresponding Disputed Claim that is the subject of this Objection, and the specific basis for the Debtor's Objection to such Disputed Claim

16. The rights of each Claimant receiving this Objection may be affected by this Objection and by any further objection that may be filed with respect to any claim listed on Schedule 1.

## RESPONSES TO THE OBJECTION

17. *Content of Responses*. Every response to this Objection must contain at a minimum the following information:

   A. a caption setting forth the name of this Court, the name of the Debtor, the case number, and the title of this Objection;

   B. the Claimant's name, the claim number, and a description of the basis for the amount of the claim;

   C. the specific factual basis and supporting legal argument upon which the Claimant will rely in opposing this Objection;

  D.  any supporting documentation, to the extent it was not included with the Disputed Claim previously filed with Epiq Corporate Restructuring, LLC ("**Epiq**") the Debtor's claims and noticing agent, upon which the Claimant will rely to support the basis for and amounts asserted in the Disputed Claim; and

  E.  the name, address, telephone number and email address of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Debtor should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

18. *Service Address*.  If a Response contains an address for the claimant different from that stated on the Disputed Claim, the address in the Response shall constitute the service address for future service of papers upon the Claimant with respect to the Objection unless or until the Debtor receives written notice from the Claimant or the Claimant's counsel of a changed service address.

19. *Timely Response Required; Hearing; Replies*. If a Response is filed properly and timely and served in accordance with the above procedures, the Debtor will endeavor to reach a consensual resolution with the Claimant.  If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on **April 24, 2024, at 10:30 a.m. (*prevailing* Eastern Time)**, or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing. The Debtor reserves the right to adjourn the hearing with respect to a specific objection set forth herein and any Response thereto.

20. If a Claimant whose claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtor will present to the Court an appropriate order disallowing and expunging the Disputed Claims without further notice to the Claimant.

21. The Debtor may, at its option, file and serve a reply to a claimant's Response no later than three (3) days prior to any hearing on the Objection. This Objection shall constitute a request to the Court for leave to file such reply.

## RESERVATION OF RIGHTS

22. In this Objection, the Debtor has raised certain objections to claims filed against the Debtor. By this reservation of rights, the Debtor reserves the right to amend, modify, or supplement this Objection. Furthermore, should one or more of the grounds for objection stated herein be dismissed or overruled, the Debtor reserves the right to object to each of the Disputed Claims on other grounds.

## COMPLIANCE WITH LOCAL RULE 3007-1

23. The Debtor submits that, to the best of its knowledge, the information contained in the Objection and in the exhibits to the Proposed Form of Order is true and correct. Furthermore, the attorneys for the Debtor certify that they have reviewed Local Rule 3007-1, and this Objection complies with such Local Rule. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form of the Proposed Order, disallowing the claims as set forth therein, and grant the Debtor such other and further relief as is just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: March 19, 2024
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199
Email:  chipman@chipmanbrown.com
        olivere@chipmanbrown.com

-and-

**KATTEN MUCHIN ROSENMAN LLP**
John E. Mitchell (TX Bar No. 00797095)
Michaela C. Crocker (TX Bar No. 24031985)
Yelena E. Archiyan (TX Bar No. 24119035)
2121 North Pearl Street, Suite 1100
Dallas, Texas 75201
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602
Email:  john.mitchell@katten.com
       michaela.crocker@katten.com
       yelena.archiyan@katten.com

*Co-Counsel to the Debtor and Debtor-in-Possession*