IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Hartman SPE, LLC,** [1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11452 (MFW)<br><br>Related to Docket No. 694 |

**ORDER (I) AUTHORIZING AND APPROVING THE PRIVATE SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY; AND (III) GRANTING RELATED RELIEF**
(1521 North Cooper Street, Arlington, Texas 76001)

This matter coming before the Court upon the notices (the "**Notices**")[2] filed by the above-captioned debtor and debtor in possession (the "**Debtor**") in the above-captioned case (the "**Chapter 11 Case**") for an order (this "**Order**") (i) authorizing and approving the private sale of nonresidential real property located at 1521 North Cooper Street, Arlington, Texas 76001 (the "**Property**") for consideration equal to the Purchase Price, as set forth in the Purchase Agreement; (ii) authorizing the assumption and assignment of executory contracts and unexpired leases of non-residential real property; and (iii) granting related relief, all as further described in the Notices; and upon consideration of the *Declaration of David Wheeler in Support of Sale* (the "**Wheeler Declaration**"), the *Declaration of Moody Younger With Respect to the Private Sale of Nonresidential Real Property* (together with the Wheeler Declaration, the "**Declarations**"), the

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2] The Notices were filed in accordance with the sale procedures previously approved by this Court [Docket No. 128] (the "**Sale Procedures**").

Sale Procedures, and the record of this Chapter 11 Case; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the relief granted by this Order was appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Declarations establish just cause for the relief granted herein and that the relief sought is in the best interests of the Debtor, its estate, its creditors, and all parties in interest; and the Court having determined that cause exists to waive the stay imposed by Bankruptcy Rule 6004(h) and such waiver is in the best interests of the Debtor, its estate, creditors and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The requested relief set forth in the Notices is GRANTED, as set forth in this Order.

2. Any and all objections, if any, to the Notices or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice.

3. The purchase and sale agreement attached hereto as **Exhibit A** (as amended, the "**Purchase Agreement**"), all of the terms and conditions thereof, and the transactions contemplated thereby are hereby approved in all respects pursuant to sections 105, 363(b), and 365 of the Bankruptcy Code.

4. Based upon the record before the Court, the Purchaser's offer for the Property, as set forth in the Purchase Agreement, is the highest or otherwise best offer.

5. The Debtor[3] is authorized to consummate the sale of the Property pursuant to and in accordance with the terms and conditions of the Purchase Agreement.

6. The Debtor is authorized to execute and deliver, and empowered to perform under, and consummate, the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to consummate the sale of the Property.

7. The Debtor is authorized to pay all brokerage fees and other normal and customary fees and costs associated with the sale, including ad valorem taxes.

8. This Order shall be binding in all respects upon (a) the Debtor and its successor, (b) the Debtor's estate and its successor, (c) the Debtor's creditors, (d) all holders of liens, claims, encumbrances, and other interests whether known or unknown against the Property, and (e) the Purchaser and all of its successors and assigns.

9. This Order and the Purchase Agreement shall inure to the benefit of (a) the Debtor, its estate, its creditors, (b) the Purchaser, and (c) the respective successors and assigns of each of the foregoing.

10. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtor is hereby authorized to sell the Property free and clear of any liens, claims, encumbrances and other interests, including, but not limited to, any interest in the Property claimed by Hartman vREIT XXI, Inc. (except as set forth in the Purchase Agreement) (collectively, the "**Liens**").  To the extent, and only to the extent, that the terms of the Purchase Agreement allow the Debtor to deliver to the Purchaser at the closing a deed with "Permitted Exceptions" (as defined in the Purchase Agreement), such Permitted Exceptions shall survive the sale.

---

[3] In the event the *Second Amended Combined Disclosure Statement and Plan of Reorganization of Hartman SPE, LLC* becomes effective prior to the closing date of this sale, the term "Debtor" shall be defined to include Silver Star CRE, LLC.

11. Pursuant to section 363(f) of the Bankruptcy Code, upon the consummation of the transactions contemplated by the Purchase Agreement (the "**Closing**"), the Property (and good and marketable title to the Property) and all of the Debtor's rights, title, and interest therein shall be transferred to the Purchaser free and clear of all Liens with all such Liens to attach to the net cash proceeds of the sale of the Property in the order of their priority, with the same validity, force, and effect which they now have as against the Property, subject to any claims and defenses, setoffs, or rights of recoupment the Debtor may possess with respect thereto; provided, however, that the Purchaser shall receive a credit at Closing for the Debtor's pro-rata share of 2024 ad valorem taxes assessed against the Property and the Purchaser shall be responsible for paying such 2024 ad valorem taxes in full. The statutory lien securing payment of such 2024 ad valorem tax liability shall remain attached to the Property until paid in full, including any applicable penalties or interest; and the Purchaser assumes full responsibility for paying such 2024 ad valorem taxes in full. Any dispute regarding the proration of the ad valorem taxes between the Debtor and Purchaser shall have no effect on Purchaser's responsibility to pay the 2024 ad valorem taxes.

12. As to all contracts listed on **Exhibit B** (the "**Assigned Contracts**"), the Debtor is authorized, but not directed, pursuant to sections 105 and 365 of the Bankruptcy Code, to assume and assign the Assigned Contracts to Purchaser in connection with the Purchase Agreement. Such assignment shall be free and clear of all Liens, with all such Liens to attach to the net cash proceeds of the sale of the Property in the order of their priority, with the same validity, force and effect which they now have as against the Assigned Leases, subject to any claims and defenses, setoffs, or rights of recoupment the Debtor may possess with respect thereto. With Purchaser's prior consent, the Debtor may remove Assigned Contracts from **Exhibit B** at any time on or before closing, subject to further extension by agreement with Purchaser.

4856-9574-6476, v. 1

13. The Debtor is hereby authorized to pay the cure amounts, if any, listed on **Exhibit B** or as otherwise Ordered by the Court (the "**Cure Amount**"), and the non-Debtor parties to the Assigned Contracts are hereby (a) forever barred from objecting to the Cure Amount and asserting any additional cure amount or other amounts with respect to the Assigned Contracts arising on or before the date of assignment; and (b) deemed to have consented to the assumption and assignment of the Assigned Contracts.

14. All anti-assignment provisions contained within the Assigned Contracts, whether such provisions expressly prohibit or have the effect of restricting or limiting assignment of such contract or lease, are unenforceable and prohibited pursuant to section 365(f) of the Bankruptcy Code.

15. Upon assumption and assignment of the Assigned Contracts, all rights, benefits, and obligations of the Debtor under the Assigned Contracts arising from and after such assignment shall inure to the benefit of Purchaser and the Debtor shall have no further obligation to the non-Debtor parties to the Assigned Contracts.

16. The Purchaser, as a purchaser in good faith, shall have the protections afforded pursuant to section 363(m) of the Bankruptcy Code.

17. Nothing contained in the Notices, the Sale Procedures, or this Order, or any payment made pursuant to the authority granted by this Order, is intended to be or shall be deemed as (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of the Debtor's or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (c) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, (d) an agreement or obligation to pay any claims, (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (f) an admission as to the validity

of any liens satisfied pursuant to the Sale Procedures, or (g) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code, other than as provided herein.

18. The Debtor is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

19. The stay under section 6004(g) of the Bankruptcy Code is hereby waived; accordingly, the terms of this Order shall take effect and be enforceable immediately.

20. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

**Dated: March 27th, 2024**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

4856-9574-6476, v. 1