**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **Hartman SPE, LLC,** | Case No. 23-11452 (MFW) |
| Debtor.[1] | **Hearing Date: April 24, 2024 at 11:30 a.m. (Eastern Time)**<br>**Objection Deadline: April 17, 2024 at 4:00 p.m. (Eastern Time)** |

**REORGANIZED DEBTOR'S MOTION PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9006(b) FOR AN ORDER FURTHER EXTENDING
THE TIME TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

Hartman SPE, LLC, the above-captioned debtor, as reorganized (the "**Reorganized
Debtor**"), hereby moves this Court (the "**Motion**") for an order, substantially in the form attached
hereto as **Exhibit A** (the "**Order**"), further extending the Reorganized Debtor's time to file notices
or motions for removal of related proceedings pursuant to 28 U.S.C. § 1452 and Rules 9006 and
9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), through and
including **July 9, 2024**.  In support of this Motion, the Reorganized Debtor respectfully represents
as follows:

**JURISDICTION**

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and
1334, and the *Amended Standing Order of Reference* from the United States District Court for the
District of Delaware, dated February 29, 2012 (the "**Amended Standing Order**").  This is a core
proceeding pursuant to 28 U.S.C. § 157(b).  Venue of the Chapter 11 Case and this Motion is
proper in this District under 28 U.S.C. §§ 1408 and 1409.

---

[1]    The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification
number, is Hartman SPE, LLC (7400). The Reorganized Debtor's principal place of business and service address
is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the
United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Reorganized
Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

2.      Pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), the Reorganized Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief requested herein are 28 U.S.C. § 1452.  The relief is also appropriate under Bankruptcy Rules 9006(b) and 9027, and Local Rules 9006-1 and 9006-2.

## BACKGROUND

**A.      GENERAL BACKGROUND.**

4.      On September 13, 2023 (the "**Petition Date**"), the Reorganized Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "**Chapter 11 Case**").

5.      On September 22, 2023, the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") [Docket No. 56].  No trustee or examiner has been appointed in this Chapter 11 Case.

6.      On November 28, 2023, the Reorganized Debtor, as debtor in possession, filed the *Debtor's Motion Pursuant to Federal Rule of Bankruptcy Procedure 9006(b) for an Order Extending the Time to File Notices of Removal of Related Proceedings* [Docket No. 298].  On January 4, 2023, the Court entered an order extending the removal deadline [Docket No. 406] through and including April 10, 2024 (the "**Current Deadline**").

7.      A detailed description of the Reorganized Debtor and its business, including the facts and circumstances giving rise to the Chapter 11 Case, is set forth in the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Hartman SPE, LLC* [Docket No. 639] (the "**Combined Disclosure Statement and Plan**").

8.      On February 26, 2024, the Court entered an Order [Docket No. 645] confirming the Combined Disclosure Statement and Plan.  The Effective Date of the Combined Disclosure Statement and Plan occurred on March 27, 2024 [Docket No. 752].

## RELIEF REQUESTED

9.      By this Motion, the Reorganized Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the time by which it may file notices of removal for any proceedings that are eligible for removal under section 1452 of the Bankruptcy Code from the Current Deadline[2] by ninety (90) days, through and including July 9, 2024.  The Reorganized Debtor requests that the proposed July 9, 2024 deadline to file removal actions apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3).

## BASIS FOR RELIEF

10.      Section 1452 of title 28 of the United States Code governs the removal of pending civil actions related to bankruptcy cases. Specifically, Section 1452 provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where

---

[2]      The current time period within which the Reorganized Debtor may file any removal notices under Bankruptcy Rule 9027(a)(2) expires on April 10, 2024.  Pursuant Local Rule 9006-2, the filing of this Motion prior to the Current Deadline serves to extend automatically the Current Deadline until such time as the Court rules on this Motion.  *See* Del. Bankr. L.R. 9006-2.

such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

11.    Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of claims or causes of action.  Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027(a)(2).  With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

FED. R. BANKR. P. 9027(a)(3).

12.    Finally, Bankruptcy Rule 9006(b)(1) provides that the Court can extend unexpired time periods, including the removal period in Bankruptcy Rule 9027, without notice, upon a showing of cause:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

FED. R. BANKR. P. 9006(b)(1).

- 4 -

13.     It is well settled that this Court is authorized to extend the removal periods provided under Bankruptcy Rule 9027.  *See, e.g., Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating that under Bankruptcy Rule 9006(b), "it is clear that the court may grant such an extension [of time to remove]"), effectively overruled in part on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (explaining that Bankruptcy Rule 9006(b) allows a court to enlarge the time period for removing actions under Bankruptcy Rule 9027); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 49-50 (Bankr. S.D.N.Y. 1989) (stating that the removal period may be extended under Bankruptcy Rule 9006); *Saint Joseph's Hosp. v. Dep't of Pub. Welfare of Pa. (In re Saint Joseph's Hosp.)*, 103 B.R. 643, 648 (Bankr. E.D. Pa. 1989) (extending the 90-day time period in which to seek removal of pending state court litigation); *In re World Fin. Servs. Ctr. Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the court may enlarge the time period for filing removal notices under Bankruptcy Rule 9027(a)(3)).

14.     The Reorganized Debtor is a party to various civil lawsuits and proceedings and is evaluating whether it may seek to remove certain of these actions.  Since the commencement of this Chapter 11 Case, the Reorganized Debtor, as debtor in possession, focused its limited resources on numerous pressing matters associated with (i) administering its bankruptcy estate, including filing its schedules of assets and liabilities and statements of financial affairs; (ii) stabilizing and maintaining operations; (iii) formulating, negotiating and filing the Combined Disclosure Statement and Plan, including obtaining exit financing; and (iv) administering claims. Consequently, the Reorganized Debtor has had insufficient time to properly analyze whether removing any civil actions is in the best interests of its estate, and the Reorganized Debtor requires

a reasonable amount of additional time to complete the evaluation of whether removal is appropriate in any litigation matter.

15.     Accordingly, the Reorganized Debtor seeks a further extension of the Current Deadline under Bankruptcy Rule 9027(a) to protect its rights to remove those civil actions for which the Debtor may determine that removal is appropriate.   The extension sought will afford the Reorganized Debtor additional time to determine whether to remove any pending civil action and will ensure that the Reorganized Debtor does not forfeit valuable rights under section 1452 of the Bankruptcy Code. Critically, the rights of other parties to the relevant litigation will not be prejudiced by the extension, because any party to an action that is removed may seek to have the litigation remanded to the state court pursuant to section 1452(b) of the Bankruptcy Code.

16.     The Reorganized Debtor further requests that the Order approving this Motion be without prejudice to any rights the Reorganized Debtor holds, including its right to seek further extensions of the period during which it may removal civil actions pursuant to Bankruptcy Rule 9027.

17.     The Reorganized Debtor submits that cause exists to grant the relief requested herein.   Furthermore, the relief is appropriate and similar to granted relief for extensions of the removal period in other chapter 11 cases in this jurisdiction.   *See, e.g., In re F+W Media, Inc.*, No. 19-10479 (KG) (Bankr. D. Del. June 12, 2019); *In re Samuels Jewelers, Inc.*, No. 18-11818 (KJC) (Bankr. D. Del. Nov. 26, 2018); *In re J&M Sales Inc.*, No. 18-11801 (LSS) (Bankr. D. Del. Nov. 13, 2018); *In re New MACH Gen, LLC*, No. 18-11368 (MFW) (Bankr. D. Del. Sept. 26, 2018); *In re The Rockport Company, LLC*, No. 18-11145 (LSS) (Bankr. D. Del. Aug. 22, 2018).

4861-1372-9461, v. 1

## NOTICE AND NO PRIOR NOTICE

18.     Notice of this Motion shall be provided to: (i) the Office of the United States Trustee; (ii) counsel to the Committee; and (iii) all persons and entities that have filed a request for service of filings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Reorganized Debtor submits that no other or further notice is necessary.

WHEREFORE, the Reorganized Debtor respectfully requests that the Court: (i) grant the relief requested in the Motion; and (ii) grant such further relief as is just and proper.

Dated: April 9, 2024
      Wilmington, Delaware

/s/ Mark D. Olivere

William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Facsimile:   (302) 295-0199
Email: chipman@chipmanbrown.com
      olivere@chipmanbrown.com

- and -

John E. Mitchell (admitted *pro hac vice*)
Michaela C. Crocker (admitted *pro hac vice*)
Yelena E. Archiyan (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Suite 1100
Dallas, Texas 75201
Telephone:   (214) 765-3600
Facsimile:   (214) 765-3602
Email: john.mitchell@katten.com
      michaela.crocker@katten.com
      yelena.archiyan@katten.com

*Counsel to the Debtor and Debtor in Possession*