IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Hartman SPE, LLC,**<br><br>　　　　　　Debtor.[1] | Chapter 11<br><br>Case No. 23-11452 (MFW)<br><br>Hearing Date: June 20, 2024, at 2:00 p.m. (ET)<br>Objection Deadline: May 13, 2024, at 4:00 p.m. (ET) |

### *AMENDED* OBJECTION OF THE DEBTOR TO PROOF OF CLAIM NO. 10155 FILED BY HARTMAN vREIT XXI, INC. (SUBSTANTIVE)

Hartman SPE, LLC, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), hereby files this amended objection ("**Objection**") to Proof of Claim No. 10155 (the "**Disputed Claim**") filed by Hartman vREIT XXI, Inc. ("**Minority Member**")[2] pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended and applicable hereto, the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") and requests that this Court enter an order disallowing and expunging the Disputed Claim in substantially the form attached as **Exhibit A** ("**Proposed Order**"). In support of this Objection, the Debtor respectfully represents as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2] Proof of Claim No. 10155 lists the claimant as "HARTMAN V REIT XXI, INC." The Limited Liability Company Agreement of Hartman SPE, LLC, as amended, lists the claimants name as "Hartman vREIT, Inc."

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this chapter 11 case, the Debtor, property of the Debtor's estate, and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to these matters if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is section 502(b) of the Bankruptcy Code. The relief is also appropriate in accordance with Bankruptcy Rule 3007 and Local Rule 3007-1.

**BACKGROUND**

A. **GENERAL BACKGROUND.**

4. On September 13, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Bankruptcy Code. Minority Member received timely notice of the filing. *See Certificate of Service* [Docket No. 211].

5. The Debtor is authorized to continue to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

- 3 -

6.     On September 22, 2023, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 56]. No trustee or examiner has been appointed in this Chapter 11 Case.

7.     A detailed description of the Debtor and its business, including the facts and circumstances giving rise to the Debtor's chapter 11 case, is set forth in the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Hartman SPE, LLC* [Docket No. 639] (the "**Combined Disclosure Statement and Plan**").[3]

8.     On October 10, 2023, the Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs [Docket Nos. 141 and 142, as amended by Docket Nos. 242, 271, and 481] (the "**Schedules and Statements**"). The Disputed Claim appears in each version of the Debtor's Schedule E/F as contingent, unliquidated, and disputed. *See* Docket No. 141, Schedule E/F at Item 3.180; Docket No. 271, Schedule E/F at Item 3.644; and Docket No. 481, Schedule E/F at Item 3.644.

9.     On February 26, 2024, the Court entered an Order [Docket No. 645] confirming the Combined Disclosure Statement and Plan.

B.    **NOTICE OF THE BANKRUPTCY CASE AND THE CLAIMS BAR DATE.**

10.    On October 16, the Court entered the *Order Granting Motion of Debtor for an Order (I) Establishing Bar Dates for Filing Proofs of Claim, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. 162] (the "**Bar Date Order**"), requiring that all creditors (other than governmental units) holding claims, whether secured, priority (including Section 503(b)(9) Claims), or unsecured, against the Debtor that

---

[3]    Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

arose prior to the Petition Date file proofs of claim by 5:00 p.m. Eastern Time on November 13, 2023 (the "**Bar Date**"). Minority Member received timely notice of the Bar Date Order. *See Certificate of Service* [Docket No. 240].

11. Moreover, on September 28, 2023, the Debtor filed an *Adversary Complaint* against Minority Member, commencing Adv. Proc. No. 23-5058(MFW), which specifically states that the Debtor had filed for bankruptcy on September 13, 2023. *See Adv. Compl.* [Adv. Docket No. 1] ¶ 3. The Adversary Complaint was served on Minority Member on October 9, 2023, giving Minority Member additional notice of the Debtor's bankruptcy well in advance of the November 13, 2024 Bar Date. *See Affidavit of Service* [Adv. Docket No. 10] at 1.

12. On March 13, 2024, the Debtor filed the *Objection of the Debtor to Proof of Claim No. 10155 Filed by Hartman vREIT XXI, Inc. (Substantive)* [Docket No. 704] (the "**Initial Claim Objection**"). The deadline to respond to the Initial Claim Objection has not yet passed as of the date of the filing of this Objection, as of which no response has been filed. The Debtor amends the Initial Claim Objection with the filing of this Objection.

## RELIEF REQUESTED

13. By this Objection, the Debtor respectfully requests entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing the Disputed Claim, in full, on multiple grounds: (a) the Debtor is not liable for the Disputed Claim; (b) the Disputed Claim was filed after the Bar Date; (c) the Disputed Claim is barred, in part, by the statute of limitations.

## BASIS FOR RELIEF

14. Section 502(a) of the Bankruptcy Code provides that a claim filed under section 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects. Bankruptcy

Rule 3007 provides that an objection must be in writing and filed with at least thirty (30) days' notice of any hearing regarding the objection. In turn, Local Rule 3007-1 sets forth the specific procedures for categorizing objections to claims and what information must be included in the motion.

15. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). To receive the benefit of *prima facie* validity, however, the proof of claim must "set forth facts necessary to support the claim." *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992). Where the claimant alleges sufficient facts to support its claim, the claim is afforded *prima facie* validity. *Allegheny*, 954 F.2d at 173.

16. As a result, a party wishing to dispute such a claim must produce evidence sufficient to negate the claim's *prima facie* validity. *Id*. The objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of such claim by a preponderance of the evidence. *Id*. The burden of persuasion is always on the claimant. *Id*.

17. Bankruptcy Code section 502(b) provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that ... such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S. C. § 502(b)(1).

18. For the reasons set forth herein, the Debtor believes that the Disputed Claim is not enforceable against the Debtor or its estate in whole or in part. Therefore, pursuant to section

502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Debtor submits that the Court should disallow the Disputed Claim in its entirety and expunge the Disputed Claim from the claims registry. Alternatively, the Court should reduce the Disputed Claim to an amount not to exceed $756,773.92.

A.    **THE DEBTOR IS NOT LIABLE FOR THE DISPUTED CLAIM.**

19.    The face of the Disputed Claim states its basis as "Shareholder(preferred)." Disputed Claim at 2. Minority Member, however, is not a preferred shareholder of the Debtor limited liability company, but the 2.47% minority member.

20.    More importantly, the Minority Member has no right to a claim of unpaid dividends due to the acts and conduct of the president and controlling equity interest holder of Minority Member, Allen R. Hartman ("**Hartman**"). At all relevant times asserted in the Proof of Claim, during which Minority Member asserts that dividends should have been paid to Minority Member, Hartman personally was in complete control of the Debtor, Minority Member, and every other entity in the chain of title and ownership up to the ultimate parent, Silver Star Properties REIT, Inc. It was Hartman who directed that distributions be made from the Debtor to various entities for (what appears to be) largely benefitting his personal interests but at the same time not directing dividends be made to Minority Member. There appears to have been no need to direct distributions to Minority Member for Hartman's personal benefit, as the distributions by and through the Debtor's majority member, Hartman XX Limited Partnership, were already adequate to serve Hartman's personal interests.

21.    Minority Member, under the direction and control of Hartman, cannot now benefit from such actions and be owed "unpaid" dividends that were made for Hartman's personal benefit and not for the benefit of the entire Silver Star organization. In other words, Hartman's unclean

hands in using the Silver Star enterprise for his personal benefit and interests cannot not now serve as an additional basis for an additional distribution to Hartman, derivatively through Minority Member. Instead, the Court should find that the distributions to Minority Member were "already made" and if necessary, find that the Debtor's general ledger be adjusted accordingly.

22. Accordingly, the Debtor requests that the Disputed Claim be disallowed in full and expunged from the claims register.

**B.  THE DISPUTED CLAIM WAS FILED AFTER THE BAR DATE.**

23. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." FED. R. BANKR. P. 3003(c)(3). Section 502(b)(9) of the Bankruptcy Code mandates that "if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim … and shall allow such claim in such amount, except to the extent that … proof of such claim is not timely filed," with certain limited exceptions that are not applicable here. 11 U.S.C. § 502(b)(9). Bar dates serve the important function of "finality and debtor rehabilitation." *In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007); *see also Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."); *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("[T]he claims bar date operates as a federally created statute of limitations, after which the claimant loses all of her right to bring an action against the 'debtor.'").

24. The Bar Date Order required proofs of claim to be actually received on or before November 13, 2023, at 5:00 p.m. Eastern Time. Minority Member not only received notice of the Bar Date Order, the Bar Date, and a warning that any claimant who failed to timely file a proof

of claim would not be eligible to receive a distribution on account of their asserted claims, *it participated in the Bankruptcy Case and appeared through counsel*. Despite receiving timely notice, Minority Member filed the Disputed Claim on November 16, 2023.

25. Accordingly, the Debtor requests that the Disputed Claim be disallowed in full and expunged from the claims register.

C. THE DISPUTED CLAIM IS BARRED, IN PART, BY THE STATUTE OF LIMITATION.

26. The Minority Member's Disputed Claim includes dividend distributions for years ending 2022, 2021, 2020, and 2019. Any distributions predating September 13, 2020 must be disallowed pursuant to 10 Del. C. § 8106. In Delaware, a cause of action arising under a limited liability company operating agreement is in the nature of a breach of action. 6 Del. C. § 18-1101. *See also Holifield v. XRI Inv. Holdings LLC*, 304 A.3d 896, 922 (Del. 2023); *Domain Assocs., L.L.C. v. Shah,* No. CV 12921-VCL, 2018 WL 3853531, at *9 (Del. Ch. Aug. 13, 2018). The limitations period for bringing a cause of action for a breach of contract is three (3) years. 10 Del. C. § 8106; *Bank of Delmarva v. S. Shore Ventures, LLC,* No. CV S13C-05-008 THG, 2014 WL 5390389, at *3 (Del. Super. Ct. Oct. 21, 2014). A cause of action for breach of contract accrues when the contract is broken. *Davis, Bowen & Friedel, Inc. v. Disabatino*, No. CV N14C-05-021 AML, 2016 WL 7469691, at *1 (Del. Super. Ct. Dec. 27, 2016).

27. To the extent Minority Member has any claim against the Debtor, the claim must have accrued on or after September 13, 2020. Any claim on account of dividend distributions predating September 13, 2020 is barred by the Delaware statute of limitations and must be disallowed.

28. Accordingly, the Debtor requests that the Disputed Claim be disallowed in full and expunged from the claims register.

**RESERVATION OF RIGHTS**

29. The Debtor expressly reserves its right to amend, modify or supplement this Objection and to file additional objections to any other claims (filed or not) that may be asserted against the Debtor's estate. Should one or more of the grounds of objection stated in this Objection be overruled, the Debtor reserves its right to object to the Disputed Claim on any other ground that bankruptcy and non-bankruptcy laws permit, and any and all claims, rights or remedies the Debtor may have against the Minority Members with respect to any amounts owed to the Debtor pursuant to Chapter 5 of the Bankruptcy Code and to seek relief under Bankruptcy Code section 502(d) as may be appropriate. The Debtor further reserves its right to amend or supplement this Objection as additional information is discovered, including the right to assert affirmative relief.

30. Furthermore, nothing in this objection shall affect, impair or modify the rights, claims and defenses of the Debtor, and the Debtor expressly reserves its rights, claims and defenses asserted in that certain District Court of Harris County case (District Court of Harris County, 295th Judicial District, Hartman *et al.*, v. Silver Star Properties REIT, Inc. (f/k/a/ Hartman Short Term Income Properties XX, Inc.), *et al.*, Cause No. 2023-17944).

**NOTICE**

31. Notice of this Objection has been provided to (i) counsel to the Minority Member, Joyce, LLC, Attn: Michael J. Joyce, 1225 King Street, Suite 800, Wilmington, Delaware 19801; (ii) the Minority Member, Hartman vREIT XXI, Inc., Attn: Margaret Marie Hartman, 11211 Katy Freeway, Suite 309, Houston, TX 77079; (iii) the U.S. Trustee for the District of Delaware; (iv) counsel to the Official Committee of Unsecured Creditors; (v) the Internal Revenue Service, and all other state taxing authorities in jurisdiction in which the Debtor historically conducted

business; (vi) all applicable governmental and regulatory agencies governing the Debtor's industry, the states in which the Debtor historically conducted business; and (vii) all parties requesting notice pursuant to Bankruptcy Rule 2002 (the "**Notice Parties**").

## NO PRIOR REQUEST

32. No prior request for the relief sought in this Objection has been made to this or any other court.

**WHEREFORE**, for the reasons stated herein, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Objection, and ordering such other and further relief as is just and necessary.

Dated: April 12, 2024  
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ William E. Chipman, jr.*
William E. Chipman, Jr. (No. 3818)  
Mark D. Olivere (No. 4291)  
Hercules Plaza  
1313 North Market Street, Suite 5400  
Wilmington, Delaware 19801  
Telephone:    (302) 295-0191  
Facsimile:    (302) 295-0199  
Email:   chipman@chipmanbrown.com  
        olivere@chipmanbrown.com

—and—

**KATTEN MUCHIN ROSENMAN LLP**
John E. Mitchell (TX Bar No. 00797095)  
Michaela C. Crocker (TX Bar No. 24031985)  
Yelena E. Archiyan (TX Bar No. 24119035)  
2121 N. Pearl St., Suite 1100  
Dallas, TX 75201  
Telephone:    (214) 765-3600  
Facsimile:    (214) 765-3602  
Email:  john.mitchell@katten.com  
       michaela.crocker@katten.com  
       yelena.archiyan@katten.com

*Co-Counsel to the Debtor and Debtor-in-Possession*