**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HARTMAN SPE, LLC | ) ) ) | Case No. 23-11452 (MFW) |
| Debtor. | ) ) ) ) | **Re: D.I. No. 819** |

## MOTION TO FILE UNDER SEAL

Hartman V REIT XXI, ("Hartman XXI"), by and through its undersigned counsel, hereby moves (the "Seal Motion") for entry of an order, the proposed form of which is attached hereto, pursuant to sections 105 and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Hartman XXI to file under seal certain information contained in the *Response To Amended Objection of the Debtor to Proof of Claim No. 10155 Filed by Hartman VREIT XXI, Inc. (Substantive) and Request that Claim be Deemed Timely Filed* and Exhibits B and C thereto. In support of the Seal Motion, Hartman XXI respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.	Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Seal Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

3.	The basis for the relief requested in this Seal Motion are Bankruptcy Code sections 105 and 107.  The relief is also appropriate in accordance with Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

4.	On September 13, 2023, (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Bankruptcy Code.

5.	The Debtor continues to operate its business a debtor and debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.	On April 12, 2024, the Debtor's filed the *Amended Objection of the Debtor to Proof of Claim No. 10155 Filed by Hartman VREIT XXI, Inc. (Substantive) and Request that Claim be Deemed Timely Filed* [D.I. No 774] (the "Objection").  On May 6, 2024, the Debtor served the *Reorganized Debtor's Objections and Responses to Hartman V REIT XXI Inc.'s First Set of Interrogatories and Requests for Production* (the "Discovery Responses").  The Debtor has designated certain information contained in the Discovery Responses as confidential (the "Confidential Information").

7.	Hartman XXI intends to refer to portions of the Confidential Information in its response to the Objection (the "Response").  Additionally, Hartman XXI intends to attach exhibits to the Response that contain information designated by the Debtor as confidential.  By this Seal

Motion, Hartman XXI requests authorization to file the redacted copy of the Response and Exhibits and to submit the unredacted copy under seal.

## RELIEF REQUESTED

8. By this Seal Motion, Hartman XXI respectfully requests that the Court enter an order (the "Order"), substantially in the form attached hereto, pursuant to Bankruptcy Code sections 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1, (i) authorizing Hartman XXI to file the Response and Exhibits B and C thereto in redacted form and to submit the unredacted copy under seal and (ii) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

## BASIS FOR RELIEF REQUESTED

9. Bankruptcy Code section 107(b) authorizes the Court to issue orders to protect entities from potential harm that may result from the disclosure of certain confidential information. Specifically, section 107(b)(1) provides that "[o]n request of a party in interest, the bankruptcy court shall protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Bankruptcy Code section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. Bankruptcy Rule 9018 provides that the Court, on a motion or upon its own initiative, "may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Local Rule 9018-1(d) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).

11. An entity seeking protection under section 107(b) of the Bankruptcy Code does not need to demonstrate "good cause" for such relief. *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994). Rather, if the criteria in section 107(b) is satisfied, "the court is required to protect a requesting interested party and has no discretion to deny the Motion." *See Orion Pictures*, 21 F.3d at 27 (emphasis in original).

12. Additionally, a bankruptcy court has broad authority to issue a protective order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

13. Hartman XXI submits that certain information contained in the Response and Exhibits has been designated by the Debtor as sensitive and confidential information that warrants protection under Bankruptcy Code section 107(b). The Debtors believe that if the unredacted copy of the Response and Exhibits were not filed under seal, such disclosure would cause harm to the Debtors. Accordingly, because the requirements of Bankruptcy Code section 107(b) have been met, the Response and Exhibits B and C thereto should remain under seal.

### **CERTIFICATION PURSUANT TO L.R. 9018-1**

14. Undersigned counsel certifies that good faith communications have been made with counsel for the Debtor and the Office of the U.S. Trustee regarding the relief requested herein. No objection was received in response to undersigned counsel's inquiry.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, Hartman XXI respectfully requests that the Court (i) enter the Order, substantially in the form attached hereto, granting the relief requested in this Seal Motion, and (ii) grant such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
May 14, 2024

*/s/ Michael J. Joyce*
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street
Suite 800
Wilmington, DE 19801
Telephone: (302) 388-1944
E-mail:  mjoyce@mjlawoffices.com

*Counsel to Hartman V REIT XXI*