**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | **Chapter 11** |
| **Hartman SPE, LLC,** | **Case No. 23-11452 (MFW)** |
| Debtor.[1] | |

**THE REORGANIZED DEBTOR'S OBJECTIONS AND
RESPONSES TO HARTMAN V REIT XXI, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION**

TO:   Hartman V REIT XXI, Inc., by and through its counsel of record, Michael J. Joyce, Joyce, LLC, 1225 King Street, Suite 800, Wilmington, Delaware 19801

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, as made applicable hereto by Rules 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, Hartman SPE, LLC (the "Reorganized Debtor") serves the following Objections and Responses to Hartman V REIT XXI, INC.'s ("Hartman XXI") First Set of Interrogatories (the "Interrogatories") and Requests for Production ("RFPs," and together with the Interrogatories, the "Discovery Requests").

Respectfully submitted this 6th day of May, 2024.

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Hartman SPE, LLC (7400). The Reorganized Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Reorganized Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

May 6, 2024
Wilmington, DE

/s/ Yelena Archiyan

**CHIPMAN BROWN CICERO & COLE, LLP**
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Telephone:     (302) 295-0191
Facsimile:     (302) 295-0199
Email:  chipman@chipmanbrown.com
           olivere@chipmanbrown.com

-and-

**KATTEN MUCHIN ROSENMAN LLP**
John E. Mitchell (TX Bar No. 00797095)
Michaela C. Crocker (TX Bar No. 24031985)
Yelena E. Archiyan (TX Bar No. 24119035)
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone:     (214) 765-3600
Facsimile:     (214) 765-3602
Email:  john.mitchell@katten.com
           michaela.crocker@katten.com
           yelena.archiyan@katten.com

*Co-Counsel to the Reorganized Debtor*

300941702v1

## <u>GENERAL OBJECTIONS</u>

The Reorganized Debtor objects to each of the Definitions, Instructions, and Discovery Requests, as set forth below (the "<u>General Objections</u>"). Unless otherwise stated, each General Objection shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Discovery Request. Any undertaking to search for, or provide information or documents in response to, any item of the Discovery Requests remains subject to the General Objections. Any specific objections (the "<u>Specific Objections</u>") provided below are in addition to these General Objections, and a failure to restate a General Objection does not constitute a waiver or limitation of a General Objection.

The Reorganized Debtor reserves the right to supplement its objections and responses to the Discovery Requests based upon newly-discovered evidence or information of which the Reorganized Debtor is not aware as of the present date.

1.    The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, to the extent they purport to impose requirements, obligations, and duties different from or beyond those imposed by the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure.

2.    The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, insofar as they call for the production of documents and/or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or immunity from production. The Reorganized Debtor's responses to the Discovery Requests are not intended to be, and should not in any way be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of documents or information protected by the attorney-client privilege,

prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery, does not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matters. The Reorganized Debtor expressly reserves the right to seek the return of such documents and information or to object to the use or introduction of such documents or information.

3.  The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, to the extent they are unreasonably cumulative and/or duplicative of each other, or seek information that is not relevant to this matter.

4.  The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, to the extent they are vague, ambiguous, use undefined terms, or otherwise fail to specify with sufficient particularity the nature of the documents sought.

5.  The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, to the extent they are overly broad or unduly burdensome, or seek documents or information for which the burden and expense of locating and producing is not proportional to the needs of the action. The Reorganized Debtor submits these responses and objections without conceding the relevancy or materiality of the subject matter of any Request or any document submitted thereto.

6.  The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, to the extent they seek the production of documents that are already in Hartman XXI's possession, custody, or control, are publicly available, or are reasonably available to Hartman XXI from a more convenient, less burdensome, or less expensive source than the Reorganized Debtor. To the extent Hartman XXI is obtaining categories of documents

from other parties, the Reorganized Debtor will not undertake to produce duplicative categories of documents.

7.     The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, to the extent they seek production of documents from affiliates of the Reorganized Debtor and are not in the possession, custody, or control of the Reorganized Debtor. Subject to the General and Specific Objections, the Reorganized Debtor will only search for and produce documents and information in the Reorganized Debtor's possession, custody, or control within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure.

8.     The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, to the extent they seek "all" or "any" documents and communications concerning a particular topic when less than "all" or "any" documents are either necessary or material to the action. The Reorganized Debtor further objects to any Discovery Request seeking "all" or "any" documents and communications concerning a particular topic on the grounds that the Reorganized Debtor cannot guarantee that it has located every single document responsive to that topic.

9.     The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, to the extent they seek production of documents that do not exist or never have existed or purport to require the Reorganized Debtor to create documents that contain the requested information. The Reorganized Debtor reserves the right, however, to produce excerpts or summaries of its business records and information that contain the requested information or in lieu of the production of voluminous documents.

10.     The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, to the extent they purport to require the Reorganized Debtor to

conduct anything beyond a reasonable and diligent search in reasonably accessible files where responsive materials would reasonably be expected to be found.

11.     The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, to the extent they seek materials or documents that may not be divulged by law or contract with a third party or materials or documents that the Reorganized Debtor lacks the authority to produce.

12.     The Reorganized Debtor objects to the Discovery Requests, including the Definitions and Instructions, to the extent they are not limited in scope to a reasonable time frame and/or seek information for periods of time that are not relevant to any issues concerning this matter.

13.     The responses and objections herein are based on the Reorganized Debtor's present knowledge, information, and belief. The Reorganized Debtor reserves the right to amend, revise, correct, supplement, or clarify any of the Objections and Responses herein, and to incorporate and use any relevant, responsive, and non-objectionable information found within any documents that the Reorganized Debtor produced in response to the Discovery Requests.

14.     Counsel for the Reorganized Debtor will confer with counsel for Hartman XXI to address any questions about the Reorganized Debtor's Objections and Responses. The Reorganized Debtor reserves the right to supplement any Objection and Response.

## OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

1.      State the name, title and contact information for all persons providing any information provided in responses to the following Interrogatories.

**RESPONSE:**

The Reorganized Debtor responds as follows:

Louis Fox, Chief Financial Officer and Treasurer, c/o Katten Muchin Rosenman LLP, 2121 N. Pearl Street, Suite 1100, Dallas, Texas 75201.

2.      Identify all persons who you believe have knowledge regarding any of the factual allegations set forth in the Objection.

**RESPONSE:**

The Reorganized Debtor responds as follows:

Louis Fox, Chief Financial Officer and Treasurer, c/o Katten Muchin Rosenman LLP, 2121 N. Pearl Street, Suite 1100, Dallas, Texas 75201.

Allen Hartman, Board Member of the Parent Company from 2018 to present, c/o Michael J. Joyce, Joyce, LLC, 1225 King Street, Suite 800, Wilmington, Delaware 19801.

Jack Tompkins, Board Member of the Parent Company from 2018 to present. Mr. Tompkins' last known address is 304 Longwoods Lane, Houston, Texas 77024.

Richard Ruskey, Board Member of the Parent Company from 2018 to July 2020. Mr. Ruskey's last known address is 36 Ballas Court, St. Louis, Missouri 63131.

Gerald Haddock, Board Member of the Parent Company from July 2020 to present, c/o Katten Muchin Rosenman LLP, 2121 N. Pearl Street, Suite 1100, Dallas, Texas 75201.

James Still, Board Member of the Parent Company from July 2020 to present. Mr. Still's last known address is 95 Harvey Ave., Box 650, Barnstable, Massachusetts 02630.

Horst Schulze, Board Member of the Parent Company from July 2020 to July 2023. Mr. Schulze's last known address is 6025 Winterthur, Atlanta, Georgia 30328.

3.      For each person identified in response to Interrogatory number 2, identify the substance of the factual information that you believe this person possesses.

**RESPONSE:**

Subject to the General Objections, which are incorporated herein by reference, the Reorganized Debtor responds as follows:

Louis Fox has knowledge regarding the corporate structure of the Silver Star Properties REIT, Inc. enterprise, as well as the information contained in the books and records of Silver Star Properties REIT, Inc.

The Board Members listed in Response to Interrogatory number 2 have knowledge regarding the corporate structure of the Silver Star Properties REIT, Inc. enterprise. In addition, the Board Members have knowledge of the Distributions because they directed and/or authorized the Distributions to be made.

4.      For each year during the period from October 1, 2018, to the Petition Date, state the total dollar amount of Distributions made to the Majority Member and the Parent Company.

**RESPONSE:**

Subject to the General Objections, which are incorporated herein by reference, the Reorganized Debtor responds as follows:

| Date | Distribution |
|------|--------------|
| [Redacted] | |

The amounts indicated above were distributed to the Majority Member. Upon information and belief, these amounts were subsequently distributed to the Parent Company.

5.       For each year during the period from October 1, 2018, to the Petition Date, state the total revenue of the Debtor.

**RESPONSE:**

In addition to the General Objections, which are incorporated herein by reference, the Reorganized Debtor also objects to this Interrogatory as irrelevant to the Claim and the Objection, and to determining whether Hartman XXI has a valid claim against the Reorganized Debtor, and to the amount thereof. Subject to the General and Specific Objections, the Reorganized Debtor responds as follows:

| Last Twelve Months | Total Revenue |
|---|---|
| [Redacted] | |
| | |
| | |
| | |

6.       For each year during the period from October 1, 2018, to the Petition Date, state the percentage of the Debtor's total revenue that was distributed to the Majority Member and/or the Parent Company.

**RESPONSE:**

In addition to the General Objections, which are incorporated herein by reference, the Reorganized Debtor also objects to this Interrogatory as irrelevant to the Claim and the Objection, and to determining whether Hartman XXI has a valid claim against the Reorganized Debtor, and to the amount thereof. Subject to the General and Specific Objections, the Reorganized Debtor responds as follows:

| Last Twelve Months | Total Revenue | Distribution to Parent | Distribution % of Revenue |
|---|---|---|---|
| | | | |
| | | [Redacted] | |
| | | | |
| | | | |
| | | | |

7.      Identify the mechanism giving the Majority Member and/or the Parent Company the right to receive Distributions from or on account of the Debtor's businesses.

**RESPONSE:**

In addition to the General Objections, which are incorporated herein by reference, the Reorganized Debtor also objects to this Interrogatory as vague and confusing as to the term "mechanism."  Subject to the General and Specific Objections, the Reorganized Debtor responds that Distributions from the Reorganized Debtor are provided for in the Operating Agreement.

8.      Identify all witnesses who you intend to call at the hearing on the Objection.

**RESPONSE:**

The Reorganized Debtor objects to this Interrogatory as wholly improper and partially premature. Subject to and without waiving the General and Specific Objections, the Reorganized

4

Debtor states that it will comply at the appropriate time with all applicable rules of civil procedure and bankruptcy procedure for exchanging witness lists. The Reorganized Debtor will not identify who it intends to call at any hearing, as there is no requirement under any local or federal rule. Further, this Interrogatory seeks to improperly discover the trial strategy of the Reorganized Debtor.

9.      Identify all exhibits you intend to use, refer to or introduce into evidence at the hearing on the Objection.

**RESPONSE:**

The Reorganized Debtor objects to this Interrogatory as wholly improper and partially premature. Subject to and without waiving the General and Specific Objections, the Reorganized Debtor states that it will comply at the appropriate time with all applicable rules of civil procedure and bankruptcy procedure for exchanging exhibits and exhibit lists. The Reorganized Debtor will not identify which exhibits it intends to use at any hearing hereon, as there is no requirement under any local or federal rule. Further, this Interrogatory seeks to improperly discover the trial strategy of the Reorganized Debtor.

300941702v1