# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HARTMAN SPE, LLC | ) | Case No. 23-11452 (MFW) |
| | ) | |
| Debtor. | ) | |

**DECLARATION OF MARGARET HARTMAN IN SUPPORT OF HARTMAN V REIT XXI'S RESPONSE TO AMENDED OBJECTION OF THE DEBTOR TO PROOF OF CLAIM NO. 10155 FILED BY HARTMAN VREIT XXI, INC. (SUBSTANTIVE) AND REQUEST THAT CLAIM BE DEEMED TIMELY FILED**

Pursuant to 28 U.S.C. § 1746, I, Margaret Hartman hereby declare under penalty of perjury:

1. I am the Chief Operating Officer of Hartman VREIT XXI, Inc. ("Hartman XXI").

2. I am familiar with the facts set forth herein and the subject matter of the foregoing *Response to Amended Objection of the Debtor to Proof of Claim No. 10155 Filed by Hartman VREIT XXI, INC. (Substantive) and Request that Claim Be Deemed Timely Filed* (the "Response").

3. I am over eighteen (18) years of age and have never been convicted of a felony or other crime involving moral turpitude, and do not suffer from any mental or physical disability that would render me incompetent to make this declaration. I am able to swear, and I hereby do swear, that all facts set forth in this declaration are based upon my personal knowledge, information learned from my review of relevant documents, or my own opinion based on my experience.

4. I am authorized to submit this Declaration on behalf of Hartman XXI in support of the Response. If I were called upon to testify, I could and would testify to each of the facts set forth herein.

5. Hartman XXI's financial and business records were stored on a computer system controlled by Silver Star[i]. Prior to a planned merger of Silver Star and Hartman XXI, Hartman XII retained Hartman XXI Advisors to run the day-to day business of Hartman XXI.

6. Hartman XXI Advisors, LLC stored Hartman XXI's financial and business data on a computer system owned and/or operated by Silver Star Property Management, Inc.

7. In March of 2022, Silver Star and Hartman XXI agreed to separate their respective business interests. As part of the process of separating, Hartman XXI retained a third-party – Yardi Systems, Inc. ("Yardi") – to migrate Hartman XXI's financial and business data from Silver Star's computer system to Hartman XXI's computer system.

8. Yardi began the process of transferring the financial and business data. Silver Star instructed Yardi to stop the work it was doing. Subsequently, Silver Star refused to provide access, and demanded a $50,000.00 payment in exchange for the records.

9. Silver Star's refusal to provide access to the Hartman XXI business records caused chaos in Hartman XXI's day to day operations. The Debtor's bankruptcy filing exasperated this situation. Hartman XXI could not determine if its tenants were paying rent, nor could it timely comply with its auditing and reporting requirements. During the period from the Petion Date through the Bar Date, Hartman XXI was inundated with REIT investor inquiries yet unable to determine what it was owed on account of the Debtor's distributions to Silver Star.

10. Hartman XXI is a public REIT. As such, in order to comply with its regulatory reporting requirements, its fiduciary duty to its equity holders and to operate its business, timely access to its business records is crucial.

11. Hartman XXI received notice of the Debtor's bankruptcy filing and the Bar Date. However, the chaos caused by Sliver Star's wrongful refusal to provide access to the business

records, including the inability to determine what Hartmann XXI was owed, led to my failure to submit a proof of claim by November 13, 2023, on behalf of Hartman XXI. When I became aware that the Bar Date had passed, I immediately submitted a proof of claim, 3 days later on November 16, 2023.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: May 10, 2024

By: *Margaret Hartman*
Margaret Hartman
(title)

---

[i] Capitalized terms not defined herein shall have the meanings ascribed to them in the Response.