**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Hartman SPE, LLC,<br><br>        Debtor.[1] | Chapter 11<br><br>Case No. 23-11452 (MFW) |

**NOTICE OF DEPOSITION OF**
**THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS PURSUANT TO FED. R. CIV. P. 30(b)(6)**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure, counsel for Success Real Estate Company, Ltd. (the "SRE"), by and through its undersigned counsel, hereby provides notice of Federal Rule 30(b)(6) deposition (the "30(b)(6) Deposition") of the Official Committee of Unsecured Creditor (the "Committee"), and the entities affiliated therewith through one or more of its officers, directors, or managing agents, or other representative who shall be designated to testify on behalf the Committee and the entities affiliated therewith with respect to all information known or reasonably available concerning each topic identified in the attached **Exhibit A** in connection with the pending *Debtor's Second (Non-Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 721].

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Hartman SPE, LLC (7400). The Reorganized Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Reorganized Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

16727013/1

**PLEASE TAKE FURTHER NOTICE** that the 30(b)(6) Deposition will be conducted remotely via Zoom video conferencing on **May 20, 2024**, beginning at 8:00 a.m. (Eastern Standard Time).

**PLEASE TAKE FURTHER NOTICE** that the 30(b)(6) Deposition will be conducted consistent with the Federal Rules of Civil Procedure, it shall be recorded stenographically and by sound and video before an officer authorized to administer oaths by the laws of the United States or by a person appointed by the court, and will continue from day to day until completed or as otherwise agreed by those present.

Dated: May 18, 2024

**MORRIS JAMES LLP**

/s/ *Tara C. Pakrouh*
Jeffrey R. Waxman (DE Bar No. 4159)
Tara C. Pakrouh (DE Bar No. 6192)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: tpakrouh@morrisjames.com

*Counsel to Success Real Estate Company, Ltd.*

**<u>EXHIBIT A</u>**

**Definitions**

## <u>DEFINITIONS</u>

1.      The terms "all" and "each" shall be construed as all and each.

2.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

3.      The terms "Communication" and "Communications" include any oral communication, whether transmitted in meetings, by telephone, telegraph, telex, cable, tape recordings, voicemail or otherwise, and all written communications, including communications by email, text message, instant message or other Internet-based or electronic communications system.

4.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

5.      The term "Debtor" refers to collectively Hartman SPE, LLC and its officers, directors, trustees, agents, representatives and employees.

6.      The terms "include" or "including" shall mean including but not limited to.

7.      The term "person" means any natural person, corporation, partnership, proprietorship, association, joint venture, firm or other business enterprise or legal entity in whatever form.  It means both the singular and plural.

8.      The term "relate to," "related to," and "relating to," as used herein, shall mean constituting, comprising, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, setting forth, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in whole or in part.

16727013/1

9.      The term "Reply" shall mean the *Reply to Response of Success Real Estate Company, Ltd. to Debtor's Second (Non-Substantive) Omnibus Objection to Claims; and Objection to Request that Claim be Deemed Timely Filed* [Docket No. 828].[2]

10.     The term "representative" shall mean any person acting or purporting to act for or on behalf of any other "person."

11.     The term "statement" means any oral or written expression however communicated or recorded.

12.     The term "Success" or "SRE" means Success Real Estate Company, Ltd.

13.     The term "Success Claim" or means Proof of Claim No. 10212 Filed January 8, 2024.

14.     The use of the singular form of any word includes the plural and vice versa.

15.     "You" and "your" shall mean and refer to the Committee and its agents, attorneys, accountants, consultants, employees, experts, representatives, and other persons acting, or who have acted, on behalf of the foregoing.

## TOPICS FOR EXAMINATION

1.      All facts and allegations set forth in the Reply and the basis thereof.

2.      All statements set forth in the *Declaration of Michael Jacoby in Support of Reply to Response of Success Real Estate Company, Ltd. to Debtor's Second (Non-Substantive) Omnibus Objection to Claims; and Objection to Request That Claim be Deemed Timely Filed* [Docket No 830] and the basis thereof.

3.      The facts and circumstances concerning Committee's knowledge of the Success Claim.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Reply.

16727013/1

4.      All Communications regarding the Success Claim.

5.      The facts and circumstances concerning the Plan and distributions thereunder.

6.      The facts and circumstances concerning the creation of the Class 4 Reserve.

16727013/1