IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Hartman SPE, LLC,**<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-11452 (MFW)<br><br>Hearing Date: May 21, 2024 at 10:30 (ET) |

**DECLARATION OF MICHAEL JACOBY IN SUPPORT OF REPLY TO RESPONSE OF SUCCESS REAL ESTATE COMPANY, LTD. TO DEBTOR'S SECOND (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS; AND OBJECTION TO REQUEST THAT CLAIM BE DEEMED TIMELY FILED**

I, Michael Jacoby, hereby declare under penalty of perjury:

1.  My name is Michael Jacoby. I am a Senior Managing Director with J.S. Held, LLC (f/k/a) Phoenix Management Services, LLC, the former court-appointed financial advisor to the Official Committee of Unsecured Creditors (the "**Committee**") of Hartman SPE, LLC (the "**Debtor**" or, as reorganized, the "**Reorganized Debtor**"). Pursuant to the Plan (as defined below), the Committee was dissolved on the Effective Date (as defined below). I submit this declaration (this "**Declaration**") in support of the Reorganized Debtor's reply (the "**Reply**") to the response [Docket No. 801] (the "**Response**") filed by Success Real Estate Company, Ltd. ("**SRE**") to the *Debtor's Second (Non-Substantive) Omnibus Objection to Claims; and Objection to Request that Claim be Deemed Timely Filed* [Docket No. 721] (the "**Omnibus Objection**").

2.  On September 13, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "**Court**") under chapter

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Hartman SPE, LLC (7400). The Reorganized Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Reorganized Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

158817633.1

11 of title 11 of the United States Code (the "**Bankruptcy Code**"), initiating the above-captioned case (the "**Chapter 11 Case**").

3. On February 26, 2024, the Court entered an order [Docket No. 645] (the "**Confirmation Order**") confirming the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Reorganization of Hartman SPE, LLC* [Docket No. 639] (the "**Plan**").[2]

4. The Plan Effective Date occurred on March 27, 2024 [Docket No. 752].

5. Pursuant to the Plan, on the Effective Date, the Reorganized Debtor funded a reserve (the "**Class 4 Reserve**") with $20,691,000 in proceeds from the Exit Facility, an amount calculated by the Debtor and the Committee as sufficient to pay all Allowed General Unsecured Claims in full, with interest.

6. The respective professionals for the Debtor and the Committee, including myself, calculated the Class 4 Reserve based upon a spreadsheet created by Epiq, the Debtor's claims agent, that included General Unsecured Claims filed by creditors by date and/or listed by the Debtor in its Statement of Assets and Liabilities in liquidated, non-contingent, non-disputed amounts (the "**Claims Extract**"). To calculate the Class 4 Reserve, the professionals sorted the Claims listed on the Claims Extract by stated priority, then determined the reserve amount on a creditor-by-creditor basis using the higher of the filed or scheduled unsecured Claim amount. That number was then reduced by amounts included in amended or duplicate Claims, Claims that had been paid during the pendency of the Chapter 11 Case, or Claims that were, in the Debtor's business judgment (in consultation with the Committee), overstated because they included amounts owed to certain of the Debtor's non-debtor affiliates. This resulted in an Initial Class 4 Reserve of $20,117,162.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in Plan.

158817633.1

7.      The Committee and the Debtor initially calculated the Class 4 Reserve on or about December 19, 2023 and recalculated the Class 4 Reserve on or about March 7, 2024, following the above-described procedure.

8.      According to the website of Hartman's claims and noticing agent, Epiq Corporate Restructuring, LLC ("**Epiq**"), SRE filed a secured proof of claim in the amount of $5,919,709.00 on January 8, 2024 (Claim No. 10212, the "**Disputed Claim**").

9.      The Class 4 Reserve does not include any amounts associated with the $5,919,709 Disputed Claim because SRE filed the claim as fully secured. *See* Disputed Claim, box 9. Because of this, when I or those working under my supervision sorted the Claims Extract to list General Unsecured Claims, the Disputed Claim did not pull up. Had the Disputed Claim been filed as a General Unsecured Claim, the Committee would have requested that the Class 4 Reserve be increased accordingly. Based on the Response, it appears that SRE acknowledges the unsecured status of its claim.

10.     Based upon my familiarity with the Chapter 11 Case, the Claims Extract, and the filed and scheduled Claims, I do not believe that the Class 4 Reserve contains sufficient funds to pay the Disputed Claim. I believe that permitting the Disputed Claim to participate in the Class 4 Reserve would unfairly prejudice the General Unsecured Creditors who timely filed claims, and could delay or reduce recovery from the 100% stated in the Plan to a far lesser amount, since the Disputed Claim is approximately 30% of the total reserve.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 20, 2024  
Chadds Ford, Pennsylvania

/s/ Michael Jacoby
_____
Michael Jacoby