# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Hartman SPE, LLC,**<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-11452 (MFW)<br><br>Related Docket No. 782 |

### ORDER GRANTING, IN PART, REORGANIZED DEBTOR'S FOURTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 502, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1

This matter having come before the Court upon consideration of the *Reorganized Debtor's Fourth (Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, And Local Rule 3007-1* (the "**Fourth Omnibus Objection**");[2] notice of the Fourth Omnibus Objection having been properly and timely served upon: (i) the claimants listed on **Schedules 1-3** at the addresses set forth on each claimant's respective proof of claim or, if no claim was filed, in the Reorganized Debtor's Books and Records, (ii) the U.S. Trustee, and (iii) parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002; upon the record of the hearing to consider the relief requested in the Fourth Omnibus Objection; upon consideration of the Certification of Counsel submitted after the hearing; and, after due deliberation and sufficient cause appearing therefor,

**THE COURT FINDS AND CONCLUDES THAT:**

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is Hartman SPE, LLC (7400). The Reorganized Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Reorganized Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Fourth Omnibus Objection.

A. The Court has jurisdiction over this case under 28 U.S.C. § 1334(b).

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Due and adequate notice has been given to all parties entitled thereto, and no other or further notice is necessary or required.

D. The Court has reviewed the Fourth Omnibus Objection and has considered the representations of counsel regarding the relief requested therein.

E. The relief requested in the Fourth Omnibus Objection is necessary and in the best interests of the Reorganized Debtor, claimants, and interest holders.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Fourth Omnibus Objection is SUSTAINED, in part, as set forth in this Order.

2. The claims listed on **Schedules 1-3** attached hereto are hereby disallowed as set forth on Schedules 1-3 with respect to each Disputed Claim.

3. The Reorganized Debtor's claims agent shall amend the claims register maintained in the Chapter 11 Case to conform to this Order.

4. The Reorganized Debtor's objection to each Disputed Claim addressed in the Fourth Omnibus Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the Claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5. Any and all rights of the Reorganized Debtor to amend, supplement, or otherwise modify the Fourth Omnibus Objection and to file additional objections to any and all claims filed in these Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims, shall

be reserved. Any and all rights, claims, and defenses of the Reorganized Debtor with respect to any and all of the Disputed Claims shall be reserved, and nothing included in or omitted from the Fourth Omnibus Objection is intended or shall be deemed to impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Reorganized Debtor with respect to the Disputed Claims.

6. This Order shall be a final order with respect to each of the Proofs of Claim identified on **Schedules 1-3** annexed hereto, as if each such Proof of Claim had been individually objected to.

7. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon entry by the Court.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: May 22nd, 2024**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**