IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Hartman SPE, LLC,**<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-11452 (MFW)<br><br>Hearing Date: October 23, 2024, at 3:00 p.m. (Eastern)<br>Objection Deadline: October 16, 2024, at 4:00 p.m. (Eastern) |

### REORGANIZED DEBTOR'S MOTION FOR AN ORDER
### FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE

Hartman SPE, LLC, the above-captioned debtor, as reorganized (the "**Reorganized Debtor**"), hereby moves this Court (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), further extending the time to file objections to Claims (as defined in the Plan) by 90 days, from October 23, 2024 through and including January 21, 2025, pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of this Motion, the Reorganized Debtor respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012 (the "**Amended Standing Order**"), Article XIV of the Plan, and paragraph 42 of the Confirmation Order.

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Hartman SPE, LLC (7400). The Reorganized Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Reorganized Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

- 2 -

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Reorganized Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief sought herein are sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rules 9006-1 and 9006-2.

## BACKGROUND

**A.     BANKRUPTCY CASE**

5. On September 13, 2023 (the "**Petition Date**"), the Reorganized Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "**Court**") under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "**Chapter 11 Case**").

6. On September 15, 2023, the Court entered an order approving the retention and appointment of Epiq Corporate Restructuring, LLC ("**Epiq**") as the claims and noticing agent to the Reorganized Debtor [Docket No. 31].

7. On September 22, 2023, the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") [Docket No. 56]. No trustee or examiner was appointed in this Chapter 11 Case.

- 3 -

8. On October 16, 2023, the Court entered an order establishing November 13, 2023 (the "**Claims Bar Date**") as the last day for creditors to file proofs of claim (and March 11, 2024 as the last day for governmental units to file proofs of claim) [Docket No. 162].

9. On January 23, 2024, the Reorganized Debtor filed its *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Hartman SPE, LLC* [Docket No. 639] (the "**Combined Disclosure Statement and Plan**").[2]

10. On February 26, 2024, the Court entered the Confirmation Order confirming the Combined Disclosure Statement and Plan [Docket No. 645]. On March 27, 2024, the Plan became effective. *See* Notice of Effective Date [Docket No. 752].

11. On June 3, 2024, the Reorganized Debtor filed a *Motion for an Order Extending the Claims Objection Deadline* [Docket No. 865].

12. On June 20, 202, the Court entered an order extending the Claims Objection Deadline (defined below) to and including October 23, 2024 [Docket No. 891].

13. Under Article X.A.5 of the Plan, the Reorganized Debtor may file objections to Claims on or before the later of (a) one hundred and twenty (120) days after the Effective Date or (b) such later date as may be fixed by the Bankruptcy Court (the "**Claims Objection Deadline**"). Pursuant to the *Order Granting Motion of the Reorganized Debtor for Order Extending Claims Objection Deadline* [Docket No. 891], the Claims Objection Deadline is currently set to expire on October 23, 2024.

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Combined Disclosure Statement and Plan.

**B.    CLAIMS RECONCILIATION PROCESS**

14.     The Reorganized Debtor has been working diligently to reconcile the Claims (as defined in the Plan) asserted against the Reorganized Debtor's estate. According to the official Claims register (https://dm.epiq11.com/case/hartmanspe/claims), over 3,300 Claims of varying priority were filed and/or scheduled in this Chapter 11 Case.  Two reserves were set up under the Plan to pay these Claims, once allowed either by agreement or final Court order: (1) the Class 4 Reserve in the amount of $20,691,000; and (2) the General Plan Reserve in the amount of $10,255,000.  As of August 31, 2024 (the date of the last available bank statements), the Reorganized Debtor, via its disbursing agent, has paid approximately $15,328,873 to holders of allowed general unsecured Claims and approximately $5,277,475 to the holders of allowed administrative and secured Claims (excluding KeyBank, N.A., the Reorganized Debtor's prepetition secured lender), which does not account for distributions made to creditors since that date.  As of the date of this Motion, there are approximately 69 unsecured Claims and 58 secured Claims that require additional attention to be fully reconciled and paid.

15.     The Reorganized Debtor, therefore, requests a further extension of the Claims Objection Deadline for a period of ninety (90) days, through and including January 21, 2025, in order to complete its final reconciliations. This requested extension is without prejudice to any request for a further extension.

16.     The Reorganized Debtor believes that the requested extension of the Claims Objection Deadline is in the best interests of the Reorganized Debtor's estate and is appropriate under the circumstances as it will provide the Reorganized Debtor with the additional time needed to reconcile the Claims asserted against the Reorganized Debtor's estate for the benefit of its respective creditors and stakeholders. The requested extension will not prejudice any creditor or

other party in interest. Without a further extension, the Reorganized Debtor may forfeit valuable potential objections to Claims that could be brought for the benefit of the Reorganized Debtor's creditors and stakeholders. As such, a further extension will preserve assets of the Reorganized Debtor's estate by ensuring that all proper Claims objections are asserted.

## RELIEF REQUESTED

17. By this Motion, the Reorganized Debtor respectfully requests the entry of an order, pursuant to sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 9006, extending the Claims Objection Deadline set forth in the Plan through and including January 21, 2025. The Reorganized Debtor further requests that the Order approving this Motion be without prejudice to any rights the Reorganized Debtor holds, including its right to seek further extensions of the period in which the Reorganized Debtor may file objections to Claims.

## BASIS FOR RELIEF

18. As noted above, pursuant to the Combined Disclosure Statement and Plan, the deadline for the Reorganized Debtor to object to Claims expires on October 23, 2024, absent extension of such deadline by this Court. Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for certain time periods which are not applicable here. *See* Fed. R. Bankr. P. 9006(b).

19. In turn, Bankruptcy Code Section 105 provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Further, "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." See In re Morristown & Erie R. Co., 885 F.2d 98, 100 (3d Cir. 1989) (citing Collier on Bankruptcy, ¶ 105.04 at 105-15 & n.5 (15 rev. ed. 1989)).

- 6 -

20. In this instance, sufficient cause exists to extend the deadline for objecting to Claims against the Reorganized Debtor as requested herein. The requested extension will afford the Reorganized Debtor the opportunity to continue its Claims analysis, object to those Claims that are factually or legally unsupportable, and ensure that all Claims, to the extent practicable, have been properly asserted against the Reorganized Debtor.

21. In addition, the Combined Disclosure Statement and Plan, as confirmed, specifically contemplates extension of the Claims Objection Deadline by order of this Court. See Combined Disclosure Statement and Plan Article X.A.5 ("Any objections to Claims shall be served and filed on or before the later of (a) one hundred twenty (120) days after the Effective Date or (b) such later date as may be fixed by the Bankruptcy Court after reasonable notice and opportunity to object.").

**WHEREFORE**, the Reorganized Debtor, respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and for such other and further relief as is just and proper.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

Dated: October 4, 2024
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*

William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199
Email: chipman@chipmanbrown.com
           olivere@chipmanbrown.com

- and-

John E. Mitchell (Admitted *pro hac vice*)
Michaela C. Crocker (Admitted *pro hac vice*)
Yelena E. Archiyan (Admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl Street, Suite 1100
Dallas, Texas 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
Email: john.mitchell@katten.com
           michaela.crocker@katten.com
           yelena.archiyan@katten.com

*Co-Counsel to the Reorganized Debtor*