IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Hartman SPE, LLC,** [1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11452 (MFW)<br><br>Hearing Date: November 25, 2024, at 3:00 p.m. (Eastern Time)<br>Objection Deadline: November 18, 2024, at 4:00 p.m. (Eastern Time) |

**REORGANIZED DEBTOR'S SIXTH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO SETTLED CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 502, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1**

The above-captioned debtor, as reorganized (the "**Reorganized Debtor**"), by and through its counsel, hereby objects (the "**Objection**") to each of the claims listed on **Schedule 1** (collectively, the "**Settled Claims**") to the proposed form of order, a copy of which is attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended and applicable hereto, the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and requests entry of an order partially disallowing each of the Settled Claims as indicated in further detail below. In support of this Objection, the Reorganized Debtor relies on the *Declaration of Louis Fox in Support of Reorganized Debtor's Sixth (Non-Substantive) Omnibus Objection to Settled Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* (the "**Fox Declaration**"), attached hereto as **Exhibit B**. In further support of the Objection, the Reorganized Debtor respectfully represents as follows:

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Hartman SPE, LLC (7400). The Reorganized Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Reorganized Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this chapter 11 case, the Reorganized Debtor, property of the Reorganized Debtor, and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Local Rule 9013-1(f), the Reorganized Debtor consents to the entry of a final judgment or order with respect to these matters if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is section 502(b) of the Bankruptcy Code. The relief is also appropriate in accordance with Bankruptcy Rule 3007 and Local Rule 3007-1.

**BACKGROUND**

A.   **GENERAL BACKGROUND**

4. On September 13, 2023 (the "**Petition Date**"), Hartman SPE, LLC, as debtor in possession, filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "**Chapter 11 Case**").

5. On September 22, 2023, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 56]. No trustee or examiner has been appointed in this Chapter 11 Case.

6. A detailed description of the Reorganized Debtor and its business, including the facts and circumstances giving rise to the Chapter 11 Case, is set forth in the *Second Amended*

*Combined Disclosure Statement and Chapter 11 Plan of Reorganization of Hartman SPE, LLC* [Docket No. 639] (the "**Combined Disclosure Statement and Plan**").[2]

7. On February 26, 2024, the Bankruptcy Court entered an Order [Docket No. 645] confirming the Combined Disclosure Statement and Plan. The Effective Date occurred on March 27, 2024 [Docket No. 752].

## RELIEF REQUESTED

8. By this Objection, the Reorganized Debtor requests that this Court enter an Order pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 partially allowing the Settled Claims to the extent set forth in **Schedule 1** to the Proposed Order.

9. The Reorganized Debtor has spent considerable time reviewing filed proofs of claim in comparison to its books and records and identified a number of claims that required further reconciliation. After reaching out to the subject creditors and engaging in good faith discussions, the parties reached agreement as to the allowed amount of each Settled Claim, as reflected on Schedule 1 to the Proposed Order. Accordingly, based on the agreement of the parties, the Reorganized Debtor requests that this Court allow the Settled Claims listed on Schedule 1 in the amount reflected in the column titled "Agreed Settlement Amount" and disallow all remaining amounts in their entirety.[3]

## BASIS FOR RELIEF

10. Section 502(a) of the Bankruptcy Code provides that a claim filed under section 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects. Bankruptcy Rule

---

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

[3] The "Agreed Settlement Amount" does not include interest; however, the payment made to each Claimant on account of a Settled Claim will include interest payable under the Combined Disclosure Statement and Plan.

3007 provides that an objection must be in writing and filed with at least thirty (30) days' notice of any hearing regarding the objection. In turn, Local Rule 3007-1 sets forth the specific procedures for categorizing objections to claims and what information must be included in the motion.

11. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). To receive the benefit of *prima facie* validity, however, the proof of claim must "set forth facts necessary to support the claim." *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992). Where the claimant alleges sufficient facts to support its claim, the claim is afforded *prima facie* validity. *Allegheny*, 954 F.2d at 173.

12. As a result, a party wishing to dispute such a claim must produce evidence sufficient to negate the claim's *prima facie* validity. *Id*. The objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of such claim by a preponderance of the evidence. *Id*. The burden of persuasion is always on the claimant. *Id*.

13. Bankruptcy Code section 502(b) provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that ... such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S. C. § 502(b)(1).

14. As set forth in the Fox Declaration, the Reorganized Debtor (through Mr. Fox or one of its other employees or professionals) spent considerable time reviewing and reconciling the proofs of claim filed in the Chapter 11 Case, including the Settled Claims that are the subject of

this Objection. The Reorganized Debtor and Claimants agreed, via settlement, to payment of the amount stated in **Schedule 1** to the Proposed Order. The Reorganized Debtor reviewed and analyzed the Settled Claims in good faith, utilizing due diligence by the appropriate personnel, including contacting the Claimant to confirm payment of the Settled Claims. These efforts resulted in the identification of the Settled Claims that are the subject of the Objection.

15. For the reasons set forth herein and in the Fox Declaration, the Reorganized Debtor believes that the Settled Claims are enforceable against applicable Plan reserve in the agreed-upon amounts. Accordingly, pursuant to section 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Reorganized Debtor submits that the Court should allow the Settled Claims listed on Schedule 1 in the amount reflected in the column titled "Agreed Settlement Amount" and disallow all remaining amounts in their entirety.

## NOTICE OF RIGHTS OF CLAIMANTS AFFECTED

16. Holders of Settled Claims (each a "**Claimant**" and, collectively, the "**Claimants**") receiving this Objection should review the exhibit attached to the Proposed Order to locate their name, the corresponding Settled Claim or Settled Claims that is or are the subject of this Objection, and the specific basis for the Reorganized Debtor's Objection to such Settled Claims.

17. The rights of each Claimant receiving this Objection may be affected by this Objection and by any further objection that may be filed with respect to any claim listed on **Schedule 1**.

## RESPONSES TO THE OBJECTION

18. *Content of Responses*. Every response to this Objection must contain at a minimum the following information:

   A.  a caption setting forth the name of the Court, the name of the Reorganized Debtor, the case number, and the title of this Objection;

4885-3349-7069, v. 1

    B.    the Claimant's name, the Claim number, and a description of the basis for the amount of the Claim;

    C.    the specific factual basis and supporting legal argument upon which the Claimant will rely in opposing this Objection;

    D.    any supporting documentation, to the extent it was not included with the Settled Claim previously filed with Epiq Corporate Restructuring, LLC ("**Epiq**") the Reorganized Debtor's claims and noticing agent, upon which the Claimant will rely to support the basis for and amounts asserted in the Settled Claim; and

    E.    the name, address, telephone number and email address of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Reorganized Debtor should communicate with respect to the Claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed Claim on behalf of the Claimant.

19. *Service Address*. If a Response contains an address for the Claimant different from that stated on the Settled Claim, the address in the Response shall constitute the service address for future service of papers upon the Claimant with respect to the Objection unless or until the Reorganized Debtor receives written notice from the Claimant or the Claimant's counsel of a changed service address.

20. *Timely Response Required; Hearing; Replies*. If a Response is filed properly and timely and served in accordance with the above procedures, the Reorganized Debtor will endeavor to reach a consensual resolution with the Claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on November 25, 2024, at 3:00 p.m. (*prevailing* Eastern Time), or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing. The Reorganized Debtor reserves the right to adjourn the hearing with respect to a specific objection set forth herein and any Response thereto.

4885-3349-7069, v. 1

21. If a Claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtor will present to the Court an appropriate order disallowing and expunging the Settled Claims without further notice to the Claimant.

22. The Reorganized Debtor may, at its option, file and serve a reply to a Claimant's Response no later than three (3) days prior to any hearing on the Objection. This Objection shall constitute a request to the Court for leave to file such reply.

## RESERVATION OF RIGHTS

23. In this Objection, the Reorganized Debtor has raised certain objections to claims filed against it or certain reserves established by the Combined Disclosure Statement and Plan. By this reservation of rights, the Reorganized Debtor reserves the right to amend, modify, or supplement this Objection. Furthermore, should one or more of the grounds for objection stated herein be dismissed or overruled, the Reorganized Debtor reserves the right to object to each of the Settled Claims on other grounds.

## COMPLIANCE WITH LOCAL RULE 3007-1

24. The Reorganized Debtor submits that, to the best of its knowledge, the information contained in the Objection and in the exhibits to the Proposed Order is true and correct. Furthermore, the attorneys for the Reorganized Debtor certify that they have reviewed Local Rule 3007-1, and this Objection complies with such Local Rule. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

**WHEREFORE**, the Reorganized Debtor respectfully requests that the Court enter an order substantially in the form of the Proposed Order and grant the Reorganized Debtor such other and further relief as is just and proper.

Dated:  October 7, 2024
        Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:     (302) 295-0191
Facsimile:      (302) 295-0199
Email:   chipman@chipmanbrown.com
             olivere@chipmanbrown.com

-and-

**KATTEN MUCHIN ROSENMAN LLP**
John E. Mitchell (TX Bar No. 00797095)
Michaela C. Crocker (TX Bar No. 24031985)
Yelena E. Archiyan (TX Bar No. 24119035)
2121 North Pearl Street, Suite 1100
Dallas, Texas 75201
Telephone:     (214) 765-3600
Facsimile:      (214) 765-3602
Email:   john.mitchell@katten.com
             michaela.crocker@katten.com
             yelena.archiyan@katten.com

*Co-Counsel to the Reorganized Debtor*