**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **Hartman SPE, LLC,** [1] | Case No. 23-11452 (MFW) |
| Debtor. | **Hearing Date: November 25, 2024, at 3:00 p.m. (ET)**<br>**Objection Deadline: November 18, 2024, at 4:00 p.m. (ET)** |

**REORGANIZED DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 10059
FILED BY HIJAZ FOUNDATION OF AMERICA INC. PURSUANT
TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007**

The above-captioned debtor (the "**Reorganized Debtor**"), as reorganized pursuant to the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Reorganization of Hartman SPE, LLC* (the "**Plan**"), by and through its counsel, hereby objects (the "**Objection**") pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended and applicable hereto, the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and requests entry of an order in the form attached hereto as **Exhibit A** (the "**Proposed Order**") disallowing Claim No. 10059 (the "**Hijaz Claim**") filed by Hijaz Foundation of America Inc. in its entirety. In support of this Objection, the Reorganized Debtor relies on the *Declaration of Louis Fox in Support of the Reorganized Debtor's Objection to Proof of Claim No. 10059 Filed by Hijaz Foundation of America Inc Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007* (the "**Fox Declaration**"), attached hereto as **Exhibit B**.  In further support of the Objection, the Reorganized Debtor respectfully represents as follows:

---

[1]     The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Hartman SPE, LLC (7400). The Reorganized Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of  Delaware www.deb.uscourts.gov or from the Reorganized Debtor's Claim Agent's  website https://dm.epiq11.com/HartmanSPE.

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this chapter 11 case, the Reorganized Debtor, property of the estate, and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This Objection is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the Reorganized Debtor consents to the entry of a final judgment or order with respect to these matters if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief sought herein is section 502(b) of the Bankruptcy Code. The relief is also appropriate in accordance with Bankruptcy Rule 3007.

## BACKGROUND

**A.    PLAN CONFIRMATION, CLOSING OF THE EXIT FACILITY, AND PLAN FUNDING.**

4.      On September 13, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code, initiating the above-captioned case (the "**Chapter 11 Case**").

5.      The Court entered an order on October 16, 2023, [Docket No. 162] (the "**Bar Date Order**") establishing November 13, 2023 as the date by which all creditors (other than governmental units) holding Claims against the Debtor that arose prior to the Petition Date were required to file proofs of claim.

6.      On February 26, 2024, after the conclusion of an uncontested Confirmation Hearing, the Court entered an order [Docket No. 645] (the "**Confirmation Order**") confirming the Plan.[2]

7.      The Plan Effective Date occurred on March 27, 2024 [Docket No. 752].

**B.      THE DISPUTED CLAIM.**

8.      On November 1, 2023, Hijaz Foundation of America Inc. ("**Hijaz**") filed the Claim in the amount of $47,948.68, alleging that the Reorganized Debtor agreed to pay the costs of mowing and 80% of the costs of erecting a fence on a parcel of real estate located at 15001 Beechnut Street, Houston, Texas ("**Hijaz Property**"), the same address that appears on Hijaz's letterhead/invoice and as the contact address in the Hijaz Claim. Although the Hijaz Claim included an invoice dated September 10, 2023, it did not include a contract or other evidence supporting the existence of a cost-sharing agreement between Hijaz and the Reorganized Debtor. The Reorganized Debtor has never owned an interest in the Hijaz Property.[3]

9.      As reflected in the Fox Declaration, the Reorganized Debtor has researched the Hijaz Claim, including a thorough review of its books and records and conversations with individuals associated with Hartman SPE and its affiliates who may have knowledge of such a claim. Despite these efforts, the Reorganized Debtor has been unable to locate a contract or any other information or documentation indicating it may be liable on the Hijaz Claim,[4] nor has it found anyone familiar with the Hijaz Claim. As part of its diligence, the Reorganized Debtor

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in Plan.

[3]     As of the Petition Date, the Reorganized Debtor owned a parcel of commercial real estate located at 14639 Beechnut Street, Houston, Texas referred to as "Mission Centre." The Mission Centre property was sold to a third party pursuant to an Order of the Court entered November 8, 2023 [Docket No. 245].

[4]     The Reorganized Debtor scheduled Hijaz with a $2,624.00 claim based on the existence of invoices in its system. The Reorganized Debtor intends to amend its schedules to mark this claim as contingent, unliquidated, and disputed since its research has revealed no basis under which it would be liable for any amounts owing to Hijaz.

reached out on several occasions to Hijaz's contact, as reflected in the Hijaz Claim, but has received no response.

## RELIEF REQUESTED

10.    By this Objection, the Reorganized Debtor respectfully requests entry of the Proposed Order, pursuant to sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing the Hijaz Claim in full.

## BASIS FOR RELIEF

11.    When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc*., 954 F.2d 167, 173 (3d Cir. 1992). Moreover, to receive the benefit of prima facie validity, the proof of claim must "set forth facts necessary to support the claim." *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992). Where the claimant alleges sufficient facts to support its claim, the claim is afforded prima facie validity. *Allegheny*, 954 F.2d at 173.

12.    As a result, a party wishing to dispute such a claim must produce evidence sufficient to negate the claim's prima facie validity. *Id*. The objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of such claim by a preponderance of the evidence. *Id*. The burden of persuasion is always on the claimant. *Id*.

13.    Bankruptcy Code section 502(b) provides in pertinent part that:

the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that ... such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S. C. § 502(b)(1).

14.     The Reorganized Debtor has reviewed and made reasonable efforts to research and reconcile the Hijaz Claim with its books and records, including contacting personnel who may have knowledge of such a claim, and has found no evidence of a contract or agreement supporting the Hijaz Claim. The Reorganized Debtor has reached out on multiple occasions to Hijaz to request information supporting the Hijaz Claim but has received no response.

15.     For the reasons set forth herein and in the Fox Declaration, the Reorganized Debtor believes that the Hijaz Claim is not enforceable against it, its estate, and/or the reserves established pursuant to the Plan. Therefore, pursuant to section 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007, the Reorganized Debtor submits that the Court should disallow the Hijaz Claim in its entirety and expunged from the claims register.

## RESERVATION OF RIGHTS

16.     The Reorganized Debtor expressly reserves its right to amend, modify or supplement this Objection and to file additional objections to any other claims (filed or not) that may be asserted against the Debtor's estate or any reserve established pursuant to the Combined Disclosure Statement and Plan. Should one or more of the grounds of objection stated in this Objection be overruled, the Reorganized Debtor reserves its right to object to the Hijaz Claim on any other ground that bankruptcy and non-bankruptcy laws permit, and any and all claims, rights or remedies the Reorganized Debtor may have against Hijaz with respect to any amounts owed to the Reorganized Debtor pursuant to Chapter 5 of the Bankruptcy Code and to seek relief under

Bankruptcy Code section 502(d) as may be appropriate. The Reorganized Debtor further reserves its right to amend or supplement this Objection as additional information is discovered, including the right to assert affirmative relief.

## NOTICE

17.     Notice of this Objection has been provided to (i) Hijaz Foundation of America Inc, 15001 Beechnut Street, Houston, Texas 77083, (Attn: Ghulam Zarquani, (zarquani@gmail.com)); (ii) the U.S. Trustee for the District of Delaware; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002 (the "**Notice Parties**").

## NO PRIOR REQUEST

18.     No prior request for the relief sought in this Objection has been made to this or any other court.

**WHEREFORE**, the Reorganized Debtor respectfully requests that the Court enter an order substantially in the form of the Proposed Order, disallowing the Hijaz Claim and granting the Reorganized Debtor such other and further relief as is just and proper.

*Remainder of page intentionally left blank.*

4858-5083-5184, v. 1

Dated:  October 15, 2024
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:     (302) 295-0191
Facsimile:     (302) 295-0199
Email:  chipman@chipmanbrown.com
        olivere@chipmanbrown.com

—and—

**KATTEN MUCHIN ROSENMAN LLP**
John E. Mitchell (TX Bar No. 00797095)
Michaela C. Crocker (TX Bar No. 24031985)
Yelena E. Archiyan (TX Bar No. 24119035)
2121 North Pearl Street, Suite 1100
Dallas, Texas 75201
Telephone:     (214) 765-3600
Facsimile:     (214) 765-3602
Email:  john.mitchell@katten.com
       michaela.crocker@katten.com
       yelena.archiyan@katten.com

*Co-Counsel to the Reorganized Debtor*

4858-5083-5184, v. 1