IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Hartman SPE, LLC,**<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-11452 (MFW)<br><br>**Hearing Date: May 15, 2025, at 3:00 p.m. (Eastern)**<br>**Objection Deadline: May 2, 2025, at 4:00 p.m. (Eastern)** |

**REORGANIZED DEBTOR'S MOTION FOR AN ORDER**
**FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE**

Hartman SPE, LLC, the above-captioned debtor, as reorganized (the "**Reorganized Debtor**"), hereby moves this Court (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), further extending the time to file objections to Claims (as defined in the Plan) by ninety (90) days, from April 21, 2025 through and including July 20, 2025, pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of this Motion, the Reorganized Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012 (the "**Amended Standing Order**"), Article XIV of the Plan, and paragraph 42 of the Confirmation Order.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Hartman SPE, LLC (7400). The Reorganized Debtor's principal place of business and service address is 2909 Hillcroft, Suite 420, Houston, TX 77057. Copies of pleadings may be obtained from the website of the United States Bankruptcy Court for the District of Delaware www.deb.uscourts.gov or from the Reorganized Debtor's Claim Agent's website https://dm.epiq11.com/HartmanSPE.

- 2 -

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Reorganized Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief sought herein are sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rules 9006-1 and 9006-2.

## BACKGROUND

**A.    BANKRUPTCY CASE**

5. On September 13, 2023 (the "**Petition Date**"), the Reorganized Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "**Court**") under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "**Chapter 11 Case**").

6. On September 15, 2023, the Court entered an order approving the retention and appointment of Epiq Corporate Restructuring, LLC ("**Epiq**") as the claims and noticing agent to the Reorganized Debtor [Docket No. 31].

7. On September 22, 2023, the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") [Docket No. 56]. No trustee or examiner was appointed in this Chapter 11 Case.

8. On October 16, 2023, the Court entered an order establishing November 13, 2023 (the "**Claims Bar Date**") as the last day for creditors to file proofs of claim (and March 11, 2024 as the last day for governmental units to file proofs of claim) [Docket No. 162].

9.      On January 23, 2024, the Reorganized Debtor filed its *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Hartman SPE, LLC* [Docket No. 639] (the "**Combined Disclosure Statement and Plan**").[2]

10.     On February 26, 2024, the Court entered the Confirmation Order confirming the Combined Disclosure Statement and Plan [Docket No. 645]. On March 27, 2024, the Plan became effective. *See* Notice of Effective Date [Docket No. 752].

11.     Under Article X.A.5 of the Plan, the Reorganized Debtor may file objections to Claims on or before the later of (a) one hundred and twenty (120) days after the Effective Date or (b) such later date as may be fixed by the Bankruptcy Court (the "**Claims Objection Deadline**"). Pursuant to the *Order Granting Motion of the Reorganized Debtor for Order Further Extending Claims Objection Deadline* [Docket No. 962], the Claims Objection Deadline is currently set to expire on April 21, 2025.

**B.    CLAIMS RECONCILIATION PROCESS**

12.     The Reorganized Debtor has been working diligently to reconcile the Claims (as defined in the Plan) asserted against the Reorganized Debtor's estate. According to the official Claims register (https://dm.epiq11.com/case/hartmanspe/claims), over 3,300 Claims of varying priority were filed and/or scheduled in this Chapter 11 Case. Two reserves were set up under the Plan to pay these Claims, once allowed either by agreement or final Court order: (1) the Class 4 Reserve in the amount of $20,691,000; and (2) the General Plan Reserve in the amount of $10,255,000. As of the filing of this Motion, the Reorganized Debtor, via its disbursing agent, has paid approximately $18,939,000 to holders of allowed general unsecured Claims and approximately $7,582,000 to the holders of allowed administrative and secured Claims (excluding

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Combined Disclosure Statement and Plan.

KeyBank, N.A., the Reorganized Debtor's prepetition secured lender). As of the date of this Motion, the Reorganized Debtor believes that substantially all filed and/or scheduled Claims have been reconciled and paid, however out of an abundance of caution the Reorganized Debtor seeks a further extension should any remaining Claims be identified as the Reorganized Debtor works to conclude this Chapter 11 Case.

13. The Reorganized Debtor, therefore, requests a further extension of the Claims Objection Deadline for a period of ninety (90) days, through and including July 20, 2025, to complete its final reconciliations. This requested extension is without prejudice to any request for a further extension.

14. The Reorganized Debtor believes that the requested extension of the Claims Objection Deadline is in the best interests of the Reorganized Debtor's estate and is appropriate under the circumstances as it will provide the Reorganized Debtor with the additional time needed to reconcile the Claims asserted against the Reorganized Debtor's estate for the benefit of its respective creditors and stakeholders. The requested extension will not prejudice any creditor or other party in interest. Without a further extension, the Reorganized Debtor may forfeit valuable potential objections to Claims that could be brought for the benefit of the Reorganized Debtor's creditors and stakeholders. As such, a further extension will preserve assets of the Reorganized Debtor's estate by ensuring that all proper Claims objections are asserted.

**RELIEF REQUESTED**

15. By this Motion, the Reorganized Debtor respectfully requests the entry of an order, pursuant to sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 9006, extending the Claims Objection Deadline set forth in the Plan through and including July 20, 2025. The Reorganized Debtor further requests that the Order approving this Motion be without prejudice to

4929-0868-3569, v. 2

any rights the Reorganized Debtor holds, including its right to seek further extensions of the period in which the Reorganized Debtor may file objections to Claims.

## BASIS FOR RELIEF

16.     As noted above, pursuant to the Combined Disclosure Statement and Plan, as extended by prior orders of this Court, the deadline for the Reorganized Debtor to object to Claims expires on April 21, 2025, absent extension of such deadline by this Court. Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for certain time periods which are not applicable here.  *See* Fed. R. Bankr. P. 9006(b).

17.     In turn, Bankruptcy Code Section 105 provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Further, "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code."  See In re Morristown & Erie R. Co., 885 F.2d 98, 100 (3d Cir. 1989) (citing Collier on Bankruptcy, ¶ 105.04 at 105-15 & n.5 (15 rev. ed. 1989)).

18.     In this instance, sufficient cause exists to extend the deadline for objecting to Claims against the Reorganized Debtor as requested herein. The requested extension will afford the Reorganized Debtor the opportunity to continue its Claims analysis, object to those Claims that are factually or legally unsupportable, and ensure that all Claims, to the extent practicable, have been properly asserted against the Reorganized Debtor.

19.     In addition, the Combined Disclosure Statement and Plan, as confirmed, specifically contemplates extension of the Claims Objection Deadline by order of this Court.  See Combined Disclosure Statement and Plan Article X.A.5 ("Any objections to Claims shall be served

and filed on or before the later of (a) one hundred twenty (120) days after the Effective Date or (b) such later date as may be fixed by the Bankruptcy Court after reasonable notice and opportunity to object.").

**WHEREFORE**, the Reorganized Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and for such other and further relief as is just and proper.

| | |
|---|---|
| Dated: April 18, 2025<br>Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>*/s/ Mark D. Olivere*<br>William E. Chipman, Jr. (No. 3818)<br>Mark D. Olivere (No. 4291)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone:    (302) 295-0191<br>Facsimile:    (302) 295-0199<br>Email:  chipman@chipmanbrown.com<br>            olivere@chipmanbrown.com<br><br>*Counsel to the Reorganized Debtor* |